# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARENT COMPANY PLAINTIFFS  William A. Niese; James R. Simpson; W. Thomas Johnson, Jr.; Richard T. Schlosberg, III; Efrem Zimbalist, III; Fred A. Abatemarco; Gerald J. Alcantar; Richard S. Alfano; C. Michael Armstrong; Gary M. Arnold; John M. Arthur; William H. Barlow; David S. Barrett; Bruce E. Barwick; Todd A. Becker; George Bell; Susan P. Bell; Horst A. Bergmann; Edward L. Blood; Gregory L. Bowlin; Robert F. Brandt; Alan L. Brauer; Leo Brennan; Kenneth H. Brief; Robert N. Brisco; Patricia G. Campbell; Dian S. Carpenter; John S. Carroll; Kathleen M. Casey; Rajender K. Chandhok; Randolph R. Charles; Janet T. Clayton; Patrick A. Clifford; Andrew W. Clurman; C. Shelby Coffey, III; Stuart K. Coppens; George J. Cotliar; William D. Crawford; Barbara R. DeYoung; John F. Dill; Ann E. Dilworth; Kathryn M. Downing; Beverly Dreher; Elizabeth V. Drewry; Michael S. Dubester; John M. Dyer; Robert F. Erburu; David A. Esgro; Joanne K. Falk; Peter J. Fernald; James E. Fitzgerald; Michael J. Forgione; Donald H. Forst; Douglas Fox; Vance I. Furukawa; Debra A. Gastler; Gary P. Goldstein; Edward J. Gottsman; Marian Lewis (for the estate of Kenneth Graham); Robert T. Grant; Richard Guerrero; Lee J. Guittar; James F. Guthrie; Delynn T. Guttry; Kenneth L. Halajian; Charlotte H. Hall; Jean Halle; Michael J. Haugh; Janis Heaphy; James D. Helin; Curtis A. Hessler; James H. Higby; Lawrence M. Higby; Raymond Holton; Karen Laukka Horn; Leslie M. Howard; Mark E. Howe; Joseph M. Hughes; Alberto Ibarguen; James Imbriaco; Steven L. Isenberg; William R. Isinger; Raymond Jansen, Jr.; Edward E. Johnson; Robert M. Johnson; Mary E. Junck; Scott W. Kabak; Judith S. Kallet; William F. Keller; Joan Kellermann (for the estate of Donald S. Kellermann); Victoria King; Jason E. Klein; Jeffrey S. Klein; Susan K. Klutnick; James L. Kopper; Sally Kuekes; Mark H. Kurtich; Kimberly McCleary LaFrance; Jeffrey W. Lankey; David A. Laventhol; R. Marilyn Lee Schneider; Martin P. Levin; Jesse E. Levine; Nancy Lobdell; Robert G. Magnuson; Anthony J. Marro; Donald S Maxwell; Kathleen G. McGuinness; John C. McKeon; Jack E. Meadows; Stephen C. Meier; Janie Molvar; Roger H. Molvar; Durham J. Monsma; John T. Nash; Nicholas H. Niles; James H. Norris; James H. Nuckols; Nancy W. O'Neill; Robert T. O'Sullivan; Francis P. Pandolfi; Michael C. Parks; Jeffrey N. Paro; John F. Patinella; Janette O. Payne; Carol Perruso; Victor A. Perry; Maureen G. Peterson; Martha A. Petty; Jack L. Plank; Elizabeth F. Redmond; S. Keating Rhoads; Michael | CASE No._____  REMOVAL PETITION |

#14498634 v1

R. Riley; Michael G. Rose; William J. Rowe; Jerome S. Rubin; Alexander Sann; Geraldine Scally; Herbert K. Schnall; Charles I. Schneider; Hilary A. Schneider; Howard S. Schneider; Brian J. Sellstrom; James D. Shaw; Dennis A. Shirley; Gary K. Shorts; Louis Sito; Richard W. Stanton; Judith L. Sweeney; Stender E. Sweeney; James S. Toedtman; Sharon S. Tunstall; Michael S. Udovic; Michael J. Valenti; Karen J. Wada; Claudia A. Wade; James W. Wallace; Michael E. Waller; Larry W. Wangberg; Howard Weinstein; William D. Wiegand; Mary A. Wild; Mark H. Willes; Phillip L. Williams; Hazel E. Wilson; Julia C. Wilson; Harold F. Woldt, Jr.; Leo Wolinsky; Donald F. Wright; John W. Young; John J. Zakarian; Norene Zapanta (trustee for Dr. Edward Zapanta Trust);

SUBSIDIARY PLAINTIFFS (without duplicates)

Sharon M. Bowen; James Willard Colston; Grace E. Crowder; John Darnall; Kenneth G. Davis; Mary M. Downes; Paul H. Egan; Arnold J. Kleiner; John R. Murphy; Barbara Sample (for the estate of Jack W. Neely); Carolyn Selzer; William F. Thomas; Caroline Thorpe; Robert E. Trainor; Herbert J. Vida,

                Plaintiffs,

vs.

A.G. Edwards, Inc.; A. G. EDWARDS & SONS, LLC; A. G. EDWARDS Private Equity Partners III, L.P.; Abbey National Securities Inc.; Baird (Robert W.) & Co. Incorporated; Banc of America Securities LLC; Bank of America Corporation; Bank West Trust I; Bank West Trust II; BMO Nesbitt Burns Employee Co-Investment Fund I (U.S.) L.P.; BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.) GP, L.P.; BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.), L.P.; BMO Nesbitt Burns U.S. Blocker Inc.; Cheyne Capital Management, Inc.; Cheyne Capital Management, LLC; Citadel Investment Group, L.L.C.; City National Bank of New Jersey Capital Trust I; Davenport & Company LLC; Deutsche Bank Securities Inc.; Dimensional Fund Advisors LP; E*Trade Clearing LLC; Federated Investors Corporation; Federated Investors; First Clearing LLC; Goldman Sachs International Holdings LLC; HBK Investments L.P.; J.J.B. Hilliard, W.L. Lyons, LLC; Janney Montgomery Scott, LLC, (f/k/a Janney Montgomery Scott, Inc.); LSV Asset Management; M.L. Stern & Co., LLC; Northern Trust Global Advisors, Inc.; Penson Financial Futures, Inc.; PNC Bank, Delaware; RBC Capital Markets Arbitrage, LLC; RBC Capital Markets Holdings (USA) Inc.; RBC

#14498634 v1

Capital Markets Corporation; RBC Dominion Securities L.L.C.; Regions Financial Corporation; Renaissance Technologies Holdings Corporation; Renaissance Technologies LLC; Renaissance Technology Group Inc.; Renaissance Tech. Inc.; Romano Brothers Investors, LLC; Sanford C. Bernstein & Co., LLC; Southwest Securities, Inc.; State Street Global Advisors, Inc.; Stephens, Inc. (a.k.a. Stephens Inc.); SunTrust Bank; The DFA Investment Trust Company; The Northern Trust Company; The Vanguard Group, Inc.; U.S. Trust Company of Delaware; U.S. Trust Capital A; UBS Global Asset Management (US) Inc.; UBS Global Asset Management (Americas) Inc.; UBS Securities LLC; US Bancorp Investments, Inc.; USAA Investment Management Company; Wells Fargo Investment, LLC; Wilmington Trust Company;

and

PCRG; Absolute Alpha Fund LP; Relative Value FD LP; Securities LLC; Ultra Select LP; PFPC, Inc., Invesco SPG Index Trust; Nexus Multi Strategy FD SPV I and John Doe 1 thru John Doe 2000,

Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Banc of America Securities, LLC and Bank of America Corporation (the "Removing Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1334, 1441, 1446, and 1452, and remove to this Court the above-entitled action from the Superior Court of the State of Delaware, New Castle County, and all claims and causes of action asserted therein. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334. In support of this Notice of Removal, the Removing Defendants state as follows:

1. This action was commenced on June 2, 2011, by the filing of a complaint (the "complaint" or "Compl.") in the Superior Court of the State of Delaware, County of New Castle.

3

#14498634 v1

2.      Upon information and belief, plaintiffs have not completed service of process on all defendants. On June 3, 2011, plaintiffs informed the Removing Defendants that certain actions, including this one, had been filed.

3.      In accordance with 28 U.S.C. § 1446(a) and Fed. R. Bankr. P. 9027(a)(1), true and correct copies of all process, pleadings and orders filed in the Superior Court of the State of Delaware, County of New Castle to date are attached as Exhibit A to this Notice of Removal.

4.      Since December 8, 2008, Tribune Company ("Tribune") and certain of its subsidiaries (together, the "Debtors") have been embroiled in a Chapter 11 bankruptcy proceeding pending in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Compl. ¶ 1 & n.1; Compl. ¶ 69. In that bankruptcy proceeding, the Official Committee of Unsecured Creditors (the "UCC"), filed claims against Tribune shareholders to avoid as intentional fraudulent conveyances all proceeds that the shareholders had received in connection with Tribune's 2007 leveraged buyout (the "LBO"). First Amended Complaint, <u>Official Committee of Unsecured Creditors of Tribune Company v. Fitzsimons</u>, Case No. 08-13141 (KJC), Adv. Proceeding No. 10-54010 (KJC) (Bankr. D. Del. filed Dec. 7, 2010), docket item 61 (the "UCC Complaint").

5.      Like the UCC's action in the Bankruptcy Court, plaintiffs here seek to set aside and recover as allegedly fraudulent conveyances the same funds that were transferred to Tribune's shareholders as part of the LBO. Plaintiffs bring their claims pursuant to the state laws of Illinois and Delaware. Compl. ¶¶ 23, 28.

**Procedural Background**

6.      In 2007, as part of the LBO, Tribune entered into two strategic transactions commonly referred to as Step One and Step Two. In Step One, Tribune's employee stock

4

#14498634 v1

ownership plan (the "ESOP") purchased approximately 50% of the outstanding shares of Tribune common stock at $34 per share in a tender offer.  The purchase was financed by an $8.028 billion Credit Agreement (the "Credit Agreement," attached as Exhibit B).  The complaint alleges that shareholders were paid $4.3 billion during Step One.  Compl. ¶¶ 36-37.  In Step Two, Tribune survived a merger with a Delaware corporation wholly owned by the ESOP.  Upon completion of the merger, the remaining holders of Tribune's issued and outstanding common stock received $34 per share and, in exchange, the shares were cancelled.  The Step Two merger was financed through additional borrowings under the Credit Agreement and a bridge loan agreement.  The complaint alleges that shareholders were paid $4.0 billion during Step Two.  Compl. ¶¶ 38-40.

7. On December 8, 2008, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.  Compl. ¶ 1 & n.1; Compl. ¶ 69.  Whether the Debtors made fraudulent conveyances during the LBO has been a critical issue in the bankruptcy cases since the start of those proceedings.

8. To help assess the fraudulent conveyance and other issues, the Court appointed an Examiner to evaluate whether the Debtors' estates held any potential claims and causes of action in connection with the LBO.  Agreed Order Directing The Appointment Of An Examiner, In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Apr. 20, 2010), docket item 4120.  The Examiner conducted a thorough investigation, requesting and reviewing hundreds of pages of briefing and tens of thousands of pages of documents.  The Examiner also interviewed 38 witnesses.  On July 26, 2010, the Examiner filed a four-volume report summarizing his conclusions.  The Examiner's report largely focused on fraudulent conveyance issues, including the Debtors' intent in making the conveyances, their solvency, capital adequacy, and ability to

5

repay debts at the time of the LBO, and transferees' defenses to any potential fraudulent conveyance claims. Examiner's Report of Kenneth N. Klee, as Examiner, In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Aug. 3, 2010), docket items 5247-50.

9. After a lengthy court-ordered mediation, certain parties agreed to settle some of the fraudulent conveyance claims. This settlement is embodied in a plan of reorganization proposed by the Debtor, the UCC, and certain senior lenders. One other plan, proposed by holders of certain Tribune debt, also is before the Bankruptcy Court. At its core, that plan seeks to litigate these fraudulent conveyance claims.

10. Beginning on March 7, 2011, the Bankruptcy Court conducted an eleven-day confirmation hearing as to the two remaining proposed plans of reorganization. Sixteen witnesses testified, and over one thousand pages of briefs and objections were filed. A central issue at the confirmation hearing was whether the conveyances related to Step One and Step Two could be avoided as fraudulent conveyances and, if so, the value of those claims. Proponents of each plan put on expert witnesses on this issue.

11. After post-hearing briefing, the Bankruptcy Court heard closing arguments on June 27, 2011. No plan has yet been confirmed.

12. Fraudulent conveyance issues also have been central to adversary proceedings filed in the Bankruptcy Court. On December 7, 2010, the UCC filed an adversary proceeding in the Bankruptcy Court asserting thirty-six claims against various defendants. See UCC Complaint. Count thirteen seeks to avoid the conveyances made to Tribune's shareholders in connection with the LBO for the purchase, repurchase, or redemption of the outstanding shares as an intentional fraudulent conveyance. Id. at 97.

13. Because fraudulent conveyance claims have been subject to the automatic stay of 11 U.S.C. § 362, the Bankruptcy Court had to issue an order, at plaintiffs' request, to permit them to file this and other actions against Tribune's former shareholders.  Order, In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Apr. 25, 2011), docket item 8740 (the "Claims Order").  The Claims Order, attached as Exhibit B to the complaint, lifted the automatic stay to the limited extent of allowing certain creditors, including plaintiffs in this action, to file state law constructive fraudulent conveyance claims against shareholders to attempt to recover conveyances the shareholders had received in connection with the LBO, without ruling on the standing of such creditors to bring these claims.  Id.  Plaintiffs were permitted only to amend their complaint, complete service, and conduct limited discovery as necessary to prevent statutes of limitations or other time-related defenses from barring the claims.  Claims Order ¶ 6.  The action was to be automatically stayed in accordance with 11 U.S.C. § 362 and the Claims Order, and plaintiffs were required to move to stay any actions not automatically stayed.

14. Upon information and belief, in accordance with the Claims Order, these plaintiffs and others have filed at least 48 actions with similar allegations in state and federal courts across the country (the "State Law Constructive Fraudulent Conveyance Actions").

15. On June 13, 2011, plaintiffs moved the Bankruptcy Court to lift the stay to permit them to take steps to consolidate the federal actions pursuant to the federal rules for multi-district litigation ("MDL").  28 U.S.C. § 1407.  In response, on June 21, 2011, the Removing Defendants cross-moved the Bankruptcy Court to lift the stay to permit defendants in state court actions to remove those actions to federal court.  On June 29, 2011, the Bankruptcy Court entered an order granting the relief sought by both the plaintiffs and the Removing Defendants.  The Removing

Defendants now file this Notice of Removal, so as to facilitate consolidation of this action with other State Law Constructive Fraudulent Conveyance Actions before an MDL court.

**Grounds for Removal**

16.     Removal is appropriate under 28 U.S.C. § 1452(a) because this Court has original bankruptcy jurisdiction under 28 U.S.C. § 1334(b).  Under 28 U.S.C. § 1452(a) "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  Under 28 U.S.C. § 1334(b), this Court has original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

17.     This case "arises in" the Tribune Chapter 11 Case and "aris[es] under" the Bankruptcy Code.  Plaintiff's avoidance claims "arise in" the Tribune Chapter 11 Case because, as "proceedings to determine, avoid, or recover fraudulent conveyances," they are "core proceedings." 28 U.S.C. § 157(b)(2)(H).  They also "arise in" the Tribune Chapter 11 Case because the conveyances sought to be avoided are also the subject of an adversary proceeding for fraudulent conveyance in the Chapter 11 case.

18.     The claims "arise under" the Bankruptcy Code because 11 U.S.C. § 544(b) provides the exclusive cause of action for asserting state-law avoidance claims in connection with bankruptcy cases—subject to the specific limitations imposed by Congress, including the bar on avoiding settlement payments under 11 U.S.C. § 546(e). See <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 8 (2003) ("When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

19. This case also is "related to" the Tribune Chapter 11 Case because the causes of action are stayed by the Bankruptcy Court's Claims Order. Claims Order ¶¶ 3, 6. The case also is "related to" the Tribune Chapter 11 Case because it has a close nexus to the bankruptcy proceedings and the proposed Tribune Plans of reorganization. The central factual issues in this action are identical to those at issue in the Bankruptcy Court's consideration of the proposed plans of reorganization.

### Timeliness

20. The complaint was filed on June 2, 2011. The Removing Defendants have timely filed this notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading" in accordance with 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3).

21. Pursuant to 28 U.S.C. § 1446(d) and Fed. R. Bankr. P. 9027(b)-(c), Removing Defendants will file a copy of this Notice of Removal with the Clerk of Court for the Superior Court of the State of Delaware, County of New Castle. The Removing Defendants also will promptly serve a copy of this Notice on counsel for plaintiffs and (to the extent they have entered an appearance or are otherwise known) counsel for other parties to the removed case.

### Intradistrict Assignment

Pursuant to 28 U.S.C. § 1446(a), venue in this action is proper in this Court as the division within which the state court action was brought.

WHEREFORE, the Removing Defendants hereby remove this action for the Superior Court of the State of Delaware, New Castle County, to the United States District Court for the District of Delaware.

9

| | |
|---|---|
| Dated: July 1, 2011<br>Wilmington, DE | Respectfully submitted,<br><br>  /s/ David B. Stratton<br>David B. Stratton (DE No. 960)<br>John H. Schanne II (DE No. 5260)<br>PEPPER HAMILTON LLP<br>Hercules Plaza, Suite 5100<br>1313 Market Street<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>Telephone: (302) 777-6500<br>Facsimile: (302) 421-8390<br><br>-and-<br><br>Daniel L. Cantor<br>Daniel S. Shamah<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, New York  10036<br>(212) 326-2000<br><br>-and-<br><br>Evan M. Jones<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA 90071<br>(213) 430-6000<br><br>*Attorneys for Banc of America Securities, LLC and Bank of America Corporation* |