# EXHIBIT A

**EFiled:  Jun  2 2011 11:47PM EDT**
**Transaction ID 37926119**
**Case No. N11C-06-015 FSS**

### SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: <u>NEW CASTLE</u>

CIVIL ACTION NUMBER:_____

Civil Case Code __<u>CMIS</u>_____

Civil Case Type <u>Civil Miscellaneous</u>_____

| Caption: | Name and Status of Party filing document: |
|---|---|
| William A. Niese, et al.<br><br>vs.<br><br>A.G. Edwards, Inc. et al. | HILLER & ARBAN, LLC<br>Adam Hiller, Esquire<br>Brian Arban, Esquire<br><br>- and –<br><br>TEITELBAUM & BASKIN, LLP<br>Jay Teitelbaum, Esquire<br>(To Be Admitted Pro Hac Vice)<br><br>*Attorneys for Plaintiff*<br><br>Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>COMPLAINT<br><br>Non-Arbitration <u>X</u><br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration _____  Mediation _____  Neutral Assessment _____<br><br>DEFENDANT (Circle One)  **ACCEPT   REJECT**<br><br>JURY DEMAND   YES <u>X</u> NO ____<br><br>TRACK ASSIGNMENT REQUESTED (Circle One)<br><br>**EXPEDITED   STANDARD   COMPLEX** |

| Attorney Name(s):<br>Adam Hiller, Esquire<br>Brian Arban, Esquire<br><br>- and -<br><br>Jay Teitelbaum, Esquire<br>(To Be Admitted Pro Hac Vice)<br><br>Attorney ID(s):<br>#4105<br>#4511<br><br>Firm Name:<br>Hiller & Arban, LLC<br>Teitelbaum & Baskin, LLP | IDENTIFY AND RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGES INITIALS.<br><br>**NONE**<br><br>Explain the Relationship(s):<br><br><br>Other Unusual Issues that Affect Case Management: |

| | |
|---|---|
| Address:<br>1500 North French Street, 2nd Floor<br>Wilmington, DE  19801<br><br>3 Barker Avenue, 3rd Floor<br>White Plains, New York 10601<br>Telephone Number:<br>(302) 442-7676<br>(914) 437-7670<br><br>Fax Number:<br>(302) 442-7045<br>(914) 437-7672<br><br>Email Address:<br>ahiller@hillerarban.com<br>barban@hillerarban.com<br>jteitelbaum@tblawllp.com | SEE EXHIBIT A TO THE COMPLAINT<br><br><br>(If additional space is need, please attach page) |

**The Prothonotary will not process the Complaint, Answer, or first responsive pleading in the matter for service until the Case Information Statement (CIS) is filed.  The failure to file the CIS and have the pleading processed for service may result in the dismissal of the complaint or may result in the Answer or first responsive pleading being stricken.**

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)
# INSTRUCTIONS

## CIVIL CASE TYPE

Please select the appropriate civil case code and case type (e.g., **CODE – AADM** and **TYPE – Administrative Agency)** from the list below.  Enter this information in the designated spaces on the Case Information Statement.

| APPEALS | MISCELLANEOUS |
|---|---|
| AADM – Administrative Agency | MAFF – Application for Forfeiture |
| ACER – Certiorari | MAAT – Appointment of Attorney |
| ACCP – Court of Common Please | MGAR – Appointment of Guardianship |
| AIAB – Industrial Accident Board | MCED – Cease and Desist Order |
| APSC – Public Service Commission | MCON – Civil Contempt/Capias |
| AUIB – Unemployment Insurance Appeal Board | MCVP – Civil Penalty |
|  | MSOJ – Compel Satisfaction of Judgment |
| **COMPLAINTS** | MCRO – Complaint Requesting Order |
| CASB – Asbestos | MCTO – Consent Order |
| CAAA – Auto Arb Appeal* | MIND – Destruction of Indicia of Arrest |
| CBEN – Benzene Cases | MHAC – Habeas Corpus |
| CMIS – Civil Miscellaneous | MTOX – Hazardous Substances Cleanup |
| CACT – Class Action | MFOR – Intercept of Forfeited Money |
| CCON – Condemnation | MISS – Issuance of Subpoena/Material Witness |
| CDBT – Debt/Breach of Contract* | MMAN – Mandamus |
| CDEJ – Declaratory Judgment | MOUT – Out of State Deposition |
| CDEF – Defamation* | MROP – Petition for Return of Property |
| CEJM – Ejectment | MROD – Road Resolution |
| CATT – Foreign & Domestic Attachment | MSAM – Satisfy Mortgage |
| CFJG – Foreign Judgment* | MSEL – Sell Real Estate for Property Tax |
| CFRD – Fraud Enforcement | MSEM – Set Aside Satisfaction of Mortgage |
| CINT – Interpleader | MSSS – Set Aside Sheriff's Sale |
| CLEM – Lemon Law* | MSET Structured Settlement |
| CLIB – Libel* | MTAX – Tax Ditches |
| CMAL – Malpractice* | MREF – Tax Intercept |
| CPIN – Personal Injury* | MLAG – Tax Lagoons |
| CPIA – Personal Injury Auto* | MVAC – Vacate Public Road |
| CPRL – Products Liability* | MPOS – Writ of Possession |
| CPRD – Property Damage* | MPRO – Writ of Prohibition |
| CRPV – Replevin |  |
| CSBI – Silicone Breast Implant | **MORTGAGES** |
| CSPD – Summary Proceedings Dispute | MORT – Mortgage |
| CTAX – Tax Appeal |  |
| CCCP – Transfer from CCP* | **MECHANICS LIENS** |
| CCHA – Transfer from Chancery* | LIENS – Mechanics Lien |
|  |  |
| **INVOLUNTARY COMMITMENTS** |  |
| INVC – Involuntary Commitment |  |

- **Case types subject to Rule 16.1 – Alternative Dispute Resolution**

## DUTY OF PLAINTIFF
Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file with the complaint.

## DUTY OF THE DEFENDANT
Each defendant/counsel shall complete the attached Civil Case Information (CIS) and file with the answer and/or first responsive pleading.

**EFiled:  Jun  2 2011 11:47PM EDT**
**Transaction ID 37926119**
**Case No. N11C-06-015 FSS**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| PARENT COMPANY PLAINTIFFS | C.A. No. _____ |
| | NONARBITRATION CASE |
| | |
| | JURY TRIAL OF 12 |
| | DEMANDED |

William A. Niese; James R. Simpson; W. Thomas Johnson, Jr.;
Richard T. Schlosberg, III; Efrem Zimbalist, III; Fred A.
Abatemarco; Gerald J. Alcantar; Richard S. Alfano;  C. Michael
Armstrong; Gary M. Arnold; John M. Arthur; William H. Barlow;
David S. Barrett; Bruce E. Barwick;  Todd A. Becker; George Bell;
Susan P. Bell; Horst A.  Bergmann; Edward L. Blood; Gregory L.
Bowlin; Robert F. Brandt; Alan L. Brauer; Leo Brennan; Kenneth
H. Brief;  Robert N. Brisco; Patricia G. Campbell; Dian S.
Carpenter; John S. Carroll; Kathleen M. Casey; Rajender K.
Chandhok; Randolph R. Charles; Janet T. Clayton; Patrick A.
Clifford; Andrew W. Clurman; C. Shelby Coffey, III; Stuart K.
Coppens; George J. Cotliar; William D. Crawford; Barbara R.
DeYoung; John F. Dill; Ann E. Dilworth; Kathryn M. Downing;
Beverly Dreher; Elizabeth V. Drewry; Michael S. Dubester; John M.
Dyer; Robert F. Erburu; David A. Esgro; Joanne K. Falk; Peter J.
Fernald; James E. Fitzgerald; Michael J. Forgione; Donald H. Forst;
Douglas Fox; Vance I. Furukawa; Debra A. Gastler; Gary P.
Goldstein; Edward J. Gottsman; Marian  Lewis (for the estate of
Kenneth Graham); Robert T. Grant; Richard Guerrero; Lee J.
Guittar; James F. Guthrie; Delynn T. Guttry; Kenneth L. Halajian;
Charlotte H. Hall; Jean  Halle; Michael J. Haugh; Janis Heaphy;
James D. Helin;  Curtis A. Hessler; James H. Higby; Lawrence M.
Higby;  Raymond Holton; Karen Laukka Horn; Leslie M. Howard;
Mark E. Howe; Joseph M. Hughes; Alberto Ibarguen; James
Imbriaco; Steven L. Isenberg; William R. Isinger; Raymond Jansen,
Jr.; Edward E. Johnson; Robert M. Johnson; Mary E. Junck; Scott
W. Kabak; Judith S. Kallet; William F. Keller; Joan Kellermann (for
the estate of Donald S. Kellermann);  Victoria King; Jason E. Klein;
Jeffrey S. Klein; Susan K.  Klutnick; James L. Kopper; Sally
Kuekes; Mark H. Kurtich; Kimberly McCleary LaFrance; Jeffrey
W. Lankey; David A. Laventhol; R. Marilyn Lee Schneider; Martin
P. Levin;  Jesse E. Levine; Nancy Lobdell; Robert G. Magnuson;
Anthony J. Marro; Donald S Maxwell; Kathleen G.  McGuinness;
John C. McKeon; Jack E. Meadows; Stephen C. Meier; Janie
Molvar; Roger H. Molvar; Durham J.  Monsma; John T. Nash;
Nicholas H. Niles; James H. Norris; James H. Nuckols; Nancy W.
O'Neill; Robert T. O'Sullivan; Francis P. Pandolfi; Michael C.
Parks; Jeffrey N. Paro; John F. Patinella; Janette O. Payne; Carol
Perruso; Victor A. Perry; Maureen G. Peterson; Martha A. Petty;
Jack L. Plank;  Elizabeth F. Redmond; S. Keating Rhoads; Michael

R. Riley; Michael G. Rose; William J. Rowe; Jerome S. Rubin; Alexander Sann; Geraldine Scally; Herbert K. Schnall;  Charles I. Schneider; Hilary A. Schneider; Howard S.  Schneider; Brian J. Sellstrom; James D. Shaw; Dennis A.  Shirley; Gary K. Shorts; Louis Sito; Richard W. Stanton; Judith L. Sweeney; Stender E. Sweeney; James S.  Toedtman; Sharon S. Tunstall; Michael S. Udovic; Michael J. Valenti; Karen J. Wada; Claudia A. Wade; James W.  Wallace; Michael E. Waller; Larry W. Wangberg; Howard Weinstein; William D. Wiegand; Mary A. Wild; Mark H. Willes; Phillip L. Williams; Hazel E. Wilson; Julia C.  Wilson; Harold F. Woldt, Jr.; Leo Wolinsky; Donald F.  Wright; John W. Young; John J. Zakarian; Norene Zapanta (trustee for Dr. Edward Zapanta Trust);

SUBSIDIARY PLAINTIFFS (without duplicates)

Sharon M. Bowen; James Willard Colston; Grace E. Crowder; John Darnall; Kenneth G. Davis; Mary M. Downes; Paul H. Egan; Arnold J. Kleiner; John R. Murphy; Barbara Sample (for the estate of Jack W. Neely); Carolyn Selzer; William F. Thomas; Caroline Thorpe; Robert E. Trainor; Herbert J. Vida,

Plaintiffs,

vs.

A.G. Edwards, Inc.; A. G. EDWARDS & SONS, LLC; A. G. EDWARDS Private Equity Partners III, L.P.; Abbey National Securities Inc.; Baird (Robert W.) & Co. Incorporated; Banc of America Securities LLC; Bank of America Corporation; Bank West Trust I; Bank West Trust II; BMO Nesbitt Burns Employee Co-Investment Fund I (U.S.) L.P.; BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.) GP, L.P.; BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.), L.P.; BMO Nesbitt Burns U.S. Blocker Inc.; Cheyne Capital Management, Inc.; Cheyne Capital Management, LLC; Citadel Investment Group, L.L.C.; City National Bank of New Jersey Capital Trust I; Davenport & Company LLC; Deutsche Bank Securities Inc.; Dimensional Fund Advisors LP; E*Trade Clearing LLC; Federated Investors Corporation; Federated Investors; First Clearing LLC; Goldman Sachs International Holdings LLC; HBK Investments L.P.; J.J.B. Hilliard, W.L. Lyons, LLC; Janney Montgomery Scott, LLC, (f/k/a Janney Montgomery Scott, Inc.); LSV Asset Management; M.L. Stern & Co., LLC; Northern Trust Global Advisors, Inc.; Penson Financial Futures, Inc.; PNC Bank, Delaware; RBC Capital Markets Arbitrage, LLC; RBC Capital Markets Holdings (USA) Inc.; RBC

Capital Markets Corporation; RBC Dominion Securities L.L.C.;
Regions Financial Corporation; Renaissance Technologies Holdings
Corporation; Renaissance Technologies LLC; Renaissance
Technology Group Inc.; Renaissance Tech. Inc.; Romano Brothers
Investors, LLC; Sanford C. Bernstein & Co., LLC; Southwest
Securities, Inc.; State Street Global Advisors, Inc.; Stephens, Inc.
(a.k.a. Stephens Inc.); SunTrust Bank; The DFA Investment Trust
Company; The Northern Trust Company; The Vanguard Group,
Inc.; U.S. Trust Company of Delaware; U.S. Trust Capital A; UBS
Global Asset Management (US) Inc.; UBS Global Asset
Management (Americas) Inc.; UBS Securities LLC; US Bancorp
Investments, Inc.; USAA Investment Management Company; Wells
Fargo Investment, LLC; Wilmington Trust Company;

and

PCRG; Absolute Alpha Fund LP; Relative Value FD LP; Securities
LLC; Ultra Select LP; PFPC, Inc., Invesco SPG Index Trust; Nexus
Multi Strategy FD SPV I and John Doe 1 thru John Doe 2000,

　　　　　　　　　　　Defendants.

## COMPLAINT TO AVOID AND RECOVER TRANSFERS OF
## PROPERTY OF TRIBUNE COMPANY AND TRIBUNE COMPANY AFFILIATES
## AND SUBSIDIARIES UNDER THE UNIFORM FRAUDULENT TRANSFER ACT

### PRELIMINARY STATEMENT

　　　1.　　　In 2000, Times Mirror was merged into Tribune, with Tribune as the surviving

entity. Tribune, among other things, assumed various obligations and commitments to the

Plaintiffs, most of whom had given a lifetime of service to Times Mirror. In 2007, during the

peak of the financial excesses, Tribune, pressured by its majority shareholders and lured by a

scheme orchestrated by Sam Zell, abandoned its duties and obligations to its retirees, its

employees and its creditors. Tribune incurred approximately $11 Billion in debt to complete a

leveraged buyout transaction (the "**LBO Transaction**") which contemplated the use of

approximately $8 Billion of such borrowed funds to purchase, repurchase, redeem and/or cancel

the publicly held common stock of Tribune and the Tribune Entities by and through a private

Employee Stock Ownership Plan (the "**ESOP**") for no consideration to Tribune and the Tribune Entities.  The LBO Transaction not only lined the pockets of certain Tribune's insiders and controlling shareholders with billions of dollars, it rendered Tribune and the Tribune Entities insolvent or with unreasonably small capital or with insufficient assets to pay its debts as they came due. The mountain of debt resulting from the LBO did not allow Tribune to adjust to the changing media business and drove this icon of the media world into Chapter 11 less than a year after the LBO Transaction closed.[1] As a result, the Plaintiffs were advised that their retirement

---

[1] Tribune, the parent company, on December 8, 2008, filed for Chapter 11 bankruptcy protection in the United States District Court for the District of Delaware (the "**Bankruptcy Court**") under lead case *In re Tribune Company, et al.* (Case No. 08-13141-KJC)(jointly administered)(collectively, the "**Bankruptcy Case**"). In addition, the following affiliates or subsidiaries of  Tribune filed bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court (these affiliates and subsidiaries are collectively referred to as the "**Tribune Entities**"): 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicago Land Microwave Licensee, Inc. (1579); Chicago Land Publishing Company (3237); Chicago Land Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); Green Co, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); Insert Co, Inc. (2663); Internet Foreclosure Service, Inc. (6550); Julius Air Company, LLC (9479); Julius Air Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc.

(Cont'd on following page)

benefits would be treated as general unsecured claims of the now bankrupt Tribune; that their periodic retirement payments would cease; and that their retirement nest egg upon which they were relying for their "golden years" be may be worth a few pennies on the dollar. More than two and one half years into the Bankruptcy Case and after the expenditure of more than ***$200 Million*** of Tribune's assets on professional fees (more than double what all retirees of Tribune and the Tribune Entities are owed) the Plaintiffs have been further burdened with the task of avoiding and recovering the wrongful transfers of their retirement funds to stockholders and financial advisors as part of the LBO Transaction.

2.      As such, the Plaintiffs bring this action to recover at least $109 Million pursuant to the Uniform Fraudulent Transfer Act (the "**UFTA**") to recover fraudulent transfers made by Tribune and/or Tribune Entities to or for the benefit of the Defendants.

## STAY OF THIS ACTION

3.      Neither Tribune nor the Official Committee of Unsecured Creditors appointed in the Bankruptcy Case (the "**Creditors' Committee**") sought to preserve the approximately $8 Billion in state law constructive fraud claims against stockholders and others who received transfers from an insolvent Tribune as part of the LBO Transaction (the "**SLCF Claims**").

4.      In or around May 4, 2011, the Creditors' Committee provided a notice to creditors of the Bankruptcy Case that the SLCF Claims, including the SLCF Claims asserted herein,

---

(Cont'd from preceding page)

(7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).

would not be prosecuted by the Bankruptcy estate or a creditors' trust to be formed under any plan of reorganization in the Bankruptcy Case and that such claims could face a statute of limitations bar of June 4, 2011. The notice urged creditors who wished to preserve such claims to commence their actions prior to June 4, 2011. A copy of the Creditors' Committee Notice is also annexed hereto as Exhibit A.

5. As a result, on the eve of the expiration of the statute of limitations, the Bankruptcy Court issued an order dated April 25, 2011 (Docket No. 8740 in the Bankruptcy Case, the "**SLCFC Lift Stay Order**") (Exhibit A hereto), vacating the automatic stay to permit, among others, the Plaintiffs to commence this action to preserve the claims asserted herein.

6. Paragraph 6 the SLCFC Lift Stay Order, provides in pertinent part, however:

> Absent further order of this Court, litigation commenced by the filing of any complaint referenced in paragraphs 3 and 5 above shall automatically be stayed in the applicable state court(s) where such complaint(s) are filed, or if not automatically in such state court(s), then application for the stay in accordance with the provisions of this Order shall be made . . . .

7. To the extent necessary, Plaintiffs will seek to extend the time for parties to respond to this complaint and seek a stay of these proceedings in compliance with the SLCFC Lift Stay Order.

## NATURE OF THE ACTION

8. 172 of the Plaintiffs are retirees of Times Mirror and creditors of Tribune in the aggregate amount of at least $104 Million ("**TM Retirees**" or "**Tribune Retiree Creditor Plaintiffs**") pursuant to one or more non-tax qualified retirement, pension, deferred compensation, salary continuation, or supplemental payment or severance plans, each as more fully described below (each a "**Retiree Plan**").

9. 17 of the Plaintiffs are retirees of one or more Tribune Entities and creditors of one or more Tribune Entities in the aggregate amount of at least $5 Million ("**Tribune Entity**

**Retirees**" or "**Tribune Entity Retiree Creditor Plaintiffs**") pursuant to one or more Retiree Plans.[2]

10.     The Defendants received transfers of funds from Tribune and/or Tribune Entities in the amount of at least $109 Million in 2007 for their common stock of Tribune at $34 per share.

11.     The common stock for an insolvent Tribune had little or no value.

12.     The Plaintiffs gave their lives to Times Mirror, Tribune and/or one or more Tribune Entities, and were relying upon their Retiree Plans in their so-called "golden years" for daily living expenses and for their retirement nest egg.

13.     The Plaintiffs had the rug pulled out from under them on December 8, 2008 when Tribune and the Tribune Entities, burdened with over $11 Billion of debt incurred as part of the LBO Transaction, commenced the Bankruptcy Case.

14.     Immediately following the commencement of the Bankruptcy Case, the Plaintiffs were advised that their periodic payments under their Retiree Plans would be cut off and the value of their retirement portfolio would be worth pennies on the dollar.  As detailed below, the Plaintiffs turned to the Bankruptcy Court and the Creditors' Committee to preserve their retirement funds; however, neither could save the Plaintiffs from what had been done.

15.     The Retiree Plans were neither ERISA plans nor otherwise tax qualified plans and Tribune had not segregated funds to support the payment of the Retiree Plans.

---

[2] In total there are 188 Plaintiffs; two Plaintiffs are both Tribune Retiree Creditor Plaintiffs  and Tribune Entity Retiree Creditor Plaintiffs.

16.     As such, the Plaintiffs were general unsecured creditors of Tribune and/or one or more Tribune Entities at the time of the LBO Transaction and as of the commencement of the Bankruptcy Case.

17.     Plaintiffs have been treated and classified as general unsecured creditors of Tribune and/or one or more Tribune Entities in the Bankruptcy Case.

18.     The LBO Transaction (i) rendered Tribune insolvent; (ii) left Tribune with unreasonably small assets or capital to operate; and/or (iii) left Tribune with debts beyond its ability to pay as they became due.

19.     The LBO Transaction (i) rendered the Tribune Entities insolvent; (ii) left the Tribune Entities with unreasonably small assets or capital to operate; and/or (iii) left the Tribune Entities with debts beyond their ability to pay as they became due.

20.     The transfers to the Defendants were transfers of property of Tribune (i) made while Tribune was insolvent; (ii) which rendered Tribune insolvent; or (iii) which left Tribune with unreasonably small capital or assets to operate including to pay debts as such debts became due.

21.     The transfers to the Defendants were transfers of property of one or more Tribune Entities (i) made while the Tribune Entities were insolvent; (ii) which rendered the Tribune Entities insolvent; or (iii) which left the Tribune Entities with unreasonably small capital or assets to operate including to pay debts as such debts became due.

22.     The transfers to the Defendants were made for less than fair or reasonable consideration to Tribune and/or the Tribune Entities.

**APPLICABLE LAW**

23.     The Plaintiffs bring this action under the UFTA, as adopted in the State of Illinois

(S.H.A. 740 ILCS 160 *et seq*.) (the "**UFTA**"), in their capacity as creditors of Tribune and/or one

or more Tribune Entities, to avoid and recover transfers of property of Tribune and/or one or

more Tribune Entities made to or for the benefit of the Defendants (the "**Fraudulent**

**Conveyances**" as more fully defined below) and to the detriment of the Plaintiffs.

24.     Tribune is a corporation incorporated under the laws of the State of Delaware.

25.     Tribune's corporate headquarters are located at 435 North Michigan Avenue,

Chicago, Illinois 60611.

26.     Upon information and belief, substantially all of the decisions, negotiations and

approvals concerning the LBO Transaction occurred in Chicago, Illinois.

27.     Upon information and belief, all of the Fraudulent Conveyances were approved

by Tribune in Illinois and originated in Illinois.

28.     The UFTA as adopted in the States of Delaware and/or Illinois is applicable based

upon the nexus of the LBO Transaction, Tribune and the Fraudulent Conveyances to each

jurisdiction.

**THE LBO TRANSACTION**

29.     In September 2006, as a result of pressure from the majority shareholders[3] of

Tribune to maximize the value of the common stock of Tribune, the Board of Directors of

Tribune (the "Board") announced that it had established a special committee comprised of

---

[3] Upon information and belief, the majority shareholders included (x) The Chandler Trusts which held over 48 Million shares of common stock of Tribune and (y) the McCormick Foundation Trust which held over 28 Million shares of the outstanding common stock of Tribune.

certain members of the Board (the "Special Committee") to oversee management's exploration of alternatives to achieve this goal.

30.     In or around October 2006, Tribune retained Morgan Stanley & Co. Inc. ("**Morgan Stanley**") to act as a financial advisor to the Special Committee and, upon information and belief, paid Morgan Stanley more than $10 Million in fees and expenses.

31.     Tribune thereafter engaged Merrill Lynch, Pierce, Fenner & Smith Incorporated ("**Merrill**", together with Merrill Lynch Capital Corporation, "**Merrill Lynch**") and Citigroup Global Markets, Inc. ("**CGMI**") as financial advisors in connection with the LBO Transaction.

32.     Merrill Lynch and CGMI also served as lead arrangers for the credit facilities which provided financing for the LBO Transaction.

33.     By October 2006, seventeen potential outside purchasers had expressed interest in Tribune.

34.     On April 1, 2007, following management's endorsement and the Special Committee's recommendation, the Board agreed to a proposal by Sam Zell whereby Tribune entered into a merger agreement which contemplated the purchase, repurchase, redemption and/or cancellation of 100% of the common stock of Tribune in two steps.

35.     The purchase of such stock, the cancellation of existing indebtedness and the payment of millions of dollars in fees was financed with approximately $11 Billion of debt made available to Tribune through the LBO Transaction.

36.     In or around June 4, 2007, Tribune incurred approximately $8 Billion in debt to, among other things, purchase approximately 50% of the outstanding shares (126,000,000 shares) of Tribune common stock in a tender offer for $34.00 per share ("**Step One**").

37.     In or around the period commencing June 4, 2007, Tribune used at least $4.3 Billion of the proceeds of the Step One indebtedness to make transfers to holders of Tribune common stock to purchase, repurchase, redeem, and/or cancel approximately 50% of Tribune common stock and to pay fees and expenses to professionals and advisors (the "**Step One Transfers**").

38.     In or around December 7, 2007, Tribune incurred an additional $3 Billion in debt to, among other things, purchase, repurchase, redeem and/or cancel its remaining outstanding shares of common stock for $34.00 per share ("**Step Two**").

39.     The Tribune Entities guaranteed the indebtedness incurred by Tribune in Step One and Step Two.

40.     In or around the period commencing December 7, 2007, Tribune used the proceeds of the Step One and Step Two indebtedness and other assets of Tribune and/or Tribune Entities to make transfers to holders of Tribune common stock in the aggregate amount of approximately $4 Billion to purchase, repurchase, redeem, and/or cancel the remaining approximately 50% of its common stock and to pay fees and expenses to professionals and advisors (the "**Step Two Transfers**" and together with the Step One Transfers, the "**Fraudulent Conveyances**").

41.     The LBO Transaction was effected through a private S-corporation entity wholly owned by the ESOP so as to generate certain tax benefits.  The tax and other benefits of the LBO Transaction could only be realized upon consummation of the repurchase of the common stock of Tribune as part of Step Two.

42.     Upon information and belief, Dan Neil and Eric Bailey, former employees of Tribune, have commenced a class action under the Employee Retirement Income Security Act

("**ERISA**"), on their behalf and on behalf of approximately 11,000 ESOP participants who were former employees of Tribune Company against Samuel Zell, GreatBanc Trust Company, and EGI-TRB, LLC in the United States District Court for the Northern District of Illinois, alleging that the LBO Transaction rendered the stock in the ESOP worthless and the transaction, among other things, violated ERISA. The action is identified as *Dan Neil and Eric Bailey, Individuals, and on Behalf of Themselves on Behalf of all other Similarly Situated Plaintiffs v. Samuel Zell, GreatBanc Trust Company, and EGI-TRB, LLC.,* No. 08 C 6833 (the "**ESOP Action**").

43.    Upon information and belief, by memorandum decision and order dated March 4, 2011, the Illinois District Court certified the class of plaintiffs in the ESOP Action.

44.    Sam Zell, who was elected to Tribune's Board in or around May 2007 and became the Chairman of the Board and President and Chief Executive Officer of Tribune in or around December 2007, upon information and belief, directly or indirectly received Fraudulent Conveyances of in excess of $5 Million through the LBO Transaction at the expense of the creditors of Tribune and Tribune Entities.

45.    Upon information and belief, the commitment letters that were executed in connection with the Step One committed Merrill Lynch Capital Corporation ("**MLCC**"), CGMI and JPMorgan Chase Bank, N.A. (collectively, the "**Lenders**") to provide the requisite financing for both Step One and Step Two.

46.    Upon information and belief, prior to the Board's approval of the LBO Transaction in April 2007, Tribune knew or should have known that financial projections used to support the LBO Transaction were unreliable and that a negative variance of a mere 2% would result in Tribune and/or the Tribune Entities being rendered insolvent upon incurring the LBO indebtedness.

47.     Indeed, as of March 25, 2007, upon information and belief, management knew that both revenue and operating cash flow for the publishing business for the first quarter of 2007 were already at least 2% below the financial projections and management knew that the industry trend was negative.

48.     Tribune retained Valuation Research Corporation ("**VRC**") for a solvency opinion.

49.     Neither Tribune nor VRC acted reasonably in connection with the issuance of any opinions issued by VRC.

50.     Upon information and belief, VRC uncritically accepted financial projections from Tribune and based its opinions on outdated and unreliable financial projections finalized by management and approved by the Board in February 2007 (the "**February Projections**").

51.     Upon information and belief, the February Projections were substantially higher than actual operating results.  For example, actual publishing revenues for March 2007 were 4.3% below those in the February Projections.  Similarly, actual publishing revenues for April and May were, respectively, 4.9% and 8.6% below the level necessary to sustain the debt level of the LBO Transaction.  March 2007 actual broadcasting revenue was 3.0% below the February Projections. May 2007 broadcasting revenues were 6.4% below the February Projections.  In the aggregate, for the three months March through May 2007, publishing revenues were $55 Million below those in the February Projections, and broadcasting revenues were $9 Million below the level necessary to service the debt incurred as part of the LBO Transaction.

52.     Upon information and belief, the financial projections were updated by management and presented, in part, to the Board in October 2007 (the "**October Projections**").

53.     Upon information and belief, despite the fact that the October Projections were downwardly revised for the short term, management, and its advisors, including VRC, ignored actual historical results and overall trends in the industry; as such, the October Projections reflected an unsustainable and unrealistic growth model, including (i) generating significant revenues for the internet based businesses despite underperforming 2007 projections by at least 4%; and (ii) outperforming February Projections on a consolidated basis, year after year, with a projected growth of 2.4% per year beginning in 2013 and accelerating through 2017.

54.     In all, VRC upwardly revised its valuation by approximately $613 Million to support the LBO Transaction and was paid in excess of $1.5 Million.

55.     By blindly accepting information and either intentionally or negligently preparing its analysis, VRC failed to provide any reasonable value for the fees it received.

56.     In September 2007, Tribune engaged Morgan Stanley to advise the Board and management concerning the LBO Transaction, including with respect to the issue of solvency.

57.     Morgan Stanley was paid at least $10 Million.

58.     Upon information and belief, Morgan Stanley either negligently or intentionally failed to advise Tribune that the application of reasonable negative assumptions to the financial projections would render Tribune and/or the Tribune Entities insolvent after giving effect to the LBO Transaction.

59.     Morgan Stanley failed to provide any reasonable value to Tribune.

60.     On December 20, 2007, Chandler Bigelow[4] and Donald C. Grenesko[5] delivered the required solvency certificates on behalf of Tribune, thereby consummating the LBO Transaction.

61.     As a result of the LBO Transaction and the Fraudulent Conveyances, Tribune (i) was rendered insolvent; (ii) was left with unreasonably small capital or assets to operate including to pay debts as such debts became due creditors; and/or (iii) incurred debts which Tribune Company knew or reasonably should have known were beyond its ability to repay.

62.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Entities (i) were rendered insolvent; (ii) were left with unreasonably small capital or assets to operate including to pay debts as such debts became due creditors; and/or (iii) incurred debts which the Tribune Entities knew or reasonably should have known were beyond their ability to repay.

63.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Retiree Creditor Plaintiffs sustained economic injury to the extent of their unpaid general unsecured claims arising from the Retiree Plans against Tribune.

---

[4] Chandler Bigelow ("**Bigelow**") was Tribune's Treasurer at the time of the LBO Transaction, and currently is Tribune's Chief Financial Officer.  Bigelow was also the Vice President and Treasurer of one or more of the Tribune Entities which guaranteed the obligations of Tribune.  Upon information and belief, Bigelow received monetary special incentives in connection with consummation of the LBO Transaction and sold at least 7,183 shares of Tribune stock for at least $244,000 in connection with the LBO Transaction.  Upon information and belief, Bigelow lives in Illinois.

[5] Donald C. Grenesko ("**Grenesko**") was Tribune's Senior Vice President of Finance and Administration at the time of the LBO Transaction.  Upon information and belief, Grenesko sold 242,357 shares of Tribune stock in connection with the LBO Transaction from which he received approximately $8,240,138 in cash proceeds.  Upon information and belief, Grenesko also received additional monetary special incentives in connection with consummation of the LBO Transaction.  Upon information and belief, Grenesko lives in Illinois.

64.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Entity Retiree Creditor Plaintiffs sustained economic injury to the extent of their unpaid general unsecured claims arising from the Retiree Plans against one or more of the Tribune Entities.

65.     Tribune did not receive reasonably equivalent value for the Fraudulent Conveyances to Defendants.

66.     The Tribune Entities did not receive reasonably equivalent value for the guarantee of the obligations incurred as part of the LBO Transaction or for the Fraudulent Conveyances to Defendants.

67.     Each of the Plaintiffs who are Tribune Retiree Creditor Plaintiffs were creditors of Tribune at the time of each of the Step One Transfer and the Step Two Transfer, the commencement of the Bankruptcy Case and the commencement of this case.

68.     Each of the Plaintiffs who are Tribune Entity Retiree Creditor Plaintiffs were creditors of one or more Tribune Entities at the time of each of the Step One Transfer and the Step Two Transfer, the commencement of the Bankruptcy Case and the commencement of this case.

## THE TRIBUNE COMPANY BANKRUPTCY CASES

69.     As a direct result of the LBO Transaction and the Fraudulent Conveyances, Tribune and the Tribune Entities, among other things, (i) incurred over $11 Billion in debt, (ii) transferred or caused to be transferred approximately $8.3 Billion to purchase, repurchase, redeem and/or cancel common stock of Tribune, (iii) transferred approximately $207 Million to professionals and lenders for fees, costs and expenses; (iv) transferred approximately $907 Million in interest payments and $978 Million in principal payments on account of the debt incurred; and (v) commenced the Bankruptcy Cases on December 8, 2008, less than a year after the Step Two Transfers.

70.     Pursuant to an affidavit sworn to December 8, 2008 and filed with the Bankruptcy Court in the Bankruptcy Cases the ("**Bigelow Affidavit**"), Tribune Vice President and Chief Financial Officer, Chandler Bigelow stated that prior to the LBO Tribune and the Tribune Entities had approximately $3 Billion of indebtedness; but following the LBO Transaction, Tribune had approximately $13 Billion of debt and approximately $7.6 Billion in assets. (Bigelow Affidavit at ¶ 11).

71.     Further, pursuant to the Bigelow Affidavit, in 2007 (i) the Tribune Entities had revenues of approximately $5.1 Billion, approximately 72% of which was from publishing and approximately 28% of which was from broadcasting and entertainment; (ii) publishing revenues had declined by approximately 9% and broadcasting and entertainment revenues had declined by approximately 2% due to decreased circulation and advertizing. (Bigelow Affidavit at ¶ 11)

72.     Bigelow concluded that the Tribune Entities "faced increasing constraints on their liquidity, including their ability to service approximately $13 Billion in indebtedness. . . ." (Bigelow Affidavit at ¶ 12).

73.     Thus, the LBO Transaction rendered Tribune and the Tribune Entities insolvent or with unreasonably small capital or assets to operate including to pay debts as such debts became due to creditors.

74.     As a result of the LBO Transaction and the Bankruptcy Case, the Plaintiffs were advised that payments due to them arising from or in connection with the Retiree Plans would be treated as general unsecured claims in the Bankruptcy Cases.

75.     Consequently, the periodic benefit payments to Plaintiffs under any such Retiree Plans were immediately discontinued and all accrued and unpaid amounts due in connection with

such Retiree Plans would be paid to the Plaintiffs only pursuant to the Bankruptcy Code and the terms of a confirmed plan of reorganization.

76.     The Plaintiffs had relied upon the payment of their retirement funds as a substantial part of their income and for their retirement savings.

77.     Plaintiffs, William A. Niese, James R. Simpson, Jr., W. Thomas Johnson, Jr., Richard T. Schlosberg, III and Efrem Zimblist, III, immediately formed a steering committee to protect the rights of Tribune Retiree Creditors and Tribune Entity Retiree Creditors (the "**Steering Committee**") in the Bankruptcy Cases.

78.     In December 2008, the Steering Committee engaged Teitelbaum & Baskin, LLP ("**T&B**") to represent the interests of the Steering Committee, and such other Tribune Retiree Creditors and Tribune Entity Retiree Creditors who may join them, in the Bankruptcy Case.

79.     Ultimately, approximately 194 Tribune Retiree Creditors and Tribune Entity Retiree Creditors joined the Steering Committee and engaged T&B to represent their interests in the Bankruptcy Case.

80.     Plaintiff, William A. Niese was appointed to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") as the representative of all retiree interests in the Bankruptcy Case.

81.     Since December 2008, Niese and T&B have actively participated in the Bankruptcy Case on behalf retirees of Tribune, Tribune Entities and Times Mirror and in furtherance of the interests of general unsecured creditors of Tribune and Tribune Entities.

82.     The Tribune Retiree Creditor Plaintiffs represent over $104 Million of the approximately $113 Million in similar claims asserted against Tribune in the Bankruptcy Cases.

83.     The Tribune Entity Retiree Creditor Plaintiffs represent over $5 Million of the approximately $13 Million in similar claims asserted against the Tribune Entities in the Bankruptcy Cases.

84.     Upon information and belief, all Plaintiff claims are liquidated in amount and not disputed or subject to offsets, counterclaims or defenses of any kind.

85.     After nearly 2½ years in bankruptcy, the Bankruptcy Court has been presented with two competing plans of reorganization.

86.     The DCL Plan, as amended as of April 26, 2011(Bankruptcy Court Docket No. 8769) ("the **DCL Plan**"), is jointly proposed by Tribune and the Tribune Entities, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "**DCL Plan Proponents**").

87.     The Noteholder Plan, as amended as of April 25, 2011 (Bankruptcy Court Docket No. 8755) (the "**Noteholder Plan**"), is jointly proposed by Aurelius Capital Management, L.P., Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company (the "**Noteholder Plan Proponents**").

88.     The Bankruptcy Court is presently considering which, if either, plan should be confirmed.

89.     Under each plan, each Tribune Retiree Creditor Plaintiff claim against Tribune is classified together and treated identically, irrespective of which Retiree Plan formed the basis of the claim.

90.     Under the DCL Plan (i) each Tribune Retiree Creditor Plaintiff claim against Tribune is grouped as a general unsecured claim in Class 1F (other than convenience class claims as Class 1G), and each such claim is treated identically; and (ii) each Tribune Entity

Retiree Creditor Plaintiff claim against a Tribune Entity is grouped as a general unsecured claim in Classes 2E through 111E, and each such claim is treated identically.

91.     Under the Noteholder Plan (i) each Tribune Retiree Creditor Plaintiff claim against Tribune is grouped as a general unsecured claim in Class 1G and each such claim is treated identically; and (ii) each Tribune Retiree Creditor Plaintiff claim against a Tribune Entity is grouped as a general unsecured claim in Classes 50G through 111G, and each such claim is treated identically.

92.     The Plaintiffs and retirees in general have overwhelmingly voted in favor of the DCL Plan and against the Noteholder Plan.

93.     Contested confirmation proceedings have been conducted before the Bankruptcy Court with respect to both the DCL Plan and the Noteholder Plan.

94.     Upon information and belief, in or around mid June 2011, the proponents of each of the DCL Plan and the Noteholder Plan will have made their final submissions to the Bankruptcy Court.

95.     It is uncertain if or when either the DCL Plan or the Noteholder Plan will be confirmed or become effective such that distributions will be made to creditors of Tribune and Tribune Entities, including the Plaintiffs.

96.     Assuming the DCL Plan is confirmed and becomes effective (i) Tribune Retiree Creditor Plaintiffs who are classified as Class 1F general unsecured creditors of Tribune, would receive initial distributions of between 32% and 35% of their allowed claims and certain such Plaintiffs (depending upon elections they make) could receive additional distributions on account of litigation recoveries in connection with an action commenced by the Creditors' Committee against various parties who participated in and/or received benefits from the LBO Transaction

(the "**Committee Action**"); and (ii) the Tribune Entity Retiree Creditor Plaintiffs who are classified as Class 2E through 111E general unsecured creditors of Tribune Entities could receive a distribution of 100% of their allowed claims.

97.     Assuming the Noteholder Plan is confirmed and becomes effective (i) Tribune Retiree Creditor Plaintiffs who are classified as Class 1G general unsecured creditors of Tribune, would receive initial distributions of approximately 4% of their allowed claims and could receive additional distributions on account of litigation recoveries; and (ii) Tribune Entity Retiree Creditor Plaintiffs who are classified as Class 50G through 111G general unsecured creditors of Tribune Entities could receive an initial distribution of approximately 8% of their allowed claims and could receive additional distributions on account of litigation recoveries.

98.     On or about November 1, 2010, the Creditors' Committee commenced the Committee Action as an adversary proceeding captioned *The Official Committee Of Unsecured Creditors Of Tribune Company, on behalf of Tribune Company, et al., vs. Dennis J. Fitzsimons, et al.*(Case No. 08-13141) (Adv. Pro. No. 10-54010) (Docket No. 1).  Many of the allegations made herein "upon information and belief" are based upon the detailed allegations set forth in the Creditors' Committee first amended complaint dated December 7, 2010 (Docket No. 61) (the "**Committee Action Complaint**").

99.     In addition, certain allegations made herein "upon information and belief" are based upon the report, dated July 26, 2010, filed by Kenneth Klee as the court appointed examiner in the Bankruptcy Case (the "**Examiner's Report**" available on the Bankruptcy Court's Docket at Nos. 5130 through 5134).

100.     Under both the DCL Plan and the Noteholder Plan, the prosecution of state law constructive fraud claims, such as those asserted herein, are left to the creditors holding such claims.

## JURISDICTION AND VENUE

101.     Upon information and belief, the Defendants are all similarly situated transferees of the Fraudulent Conveyances, either in their capacity as common stockholders, clearing houses for ultimate transferees, professionals or advisors.

102.     Upon information and belief, the Defendants reside in this jurisdiction, have an office in this jurisdiction, or are otherwise subject to the jurisdiction of this Court. Venue is proper based upon the residence, domicile or place of business of some or all of the Defendants.

## THE PLAINTIFFS

103.     172 Tribune Retiree Creditor Plaintiffs hold claims against Tribune in the aggregate amount of at least $104 Million based upon one or more of the Retiree Plans.

104.     17 Tribune Entity Retiree Creditor Plaintiffs hold claims against one or more Tribune Entities in the aggregate amount of at least $5 Million based upon one or more of the Retiree Plans.

105.     The Tribune Retiree Creditor Plaintiffs seek to avoid transfers made by Tribune to or for the benefit of the Defendants and to recover such funds on account of the their claims against Tribune pursuant to the UFTA as adopted in Illinois.

106.     The Tribune Entity Retiree Creditor Plaintiffs seek to avoid transfers made by Tribune Entities to or for the benefit of the Defendants and to recover such funds on account of the their claims against the Tribune Entities pursuant to the UFTA as adopted in Illinois.

107.     The Tribune Retiree Creditor Plaintiffs:

(a)     are retirees of Times Mirror and/or Tribune;

(b)     at the time of the Step One and Step Two Transfers had claims against

Tribune based upon one or more of the following Retiree Plans:

- Times Mirror Excess Pension Plan (the "**Excess Plan**") which covered employees of Times Mirror whose benefits under Times Mirror's qualified pension plan were capped by IRS regulation;

- Times Mirror Supplemental Retirement Plan (the "**SERP**") which covered a limited number of senior executives of Times Mirror and provided benefits based upon salary plus bonus and a subsidized survivor annuity;

- Times Mirror Deferred Compensation Plans which permitted eligible employees or directors of Times Mirror to defer some of their annual compensation, some, or all, of their annual bonus. and in the case of directors, some or all of their annual retainer, and select a payment start date and payment period; the deferred amounts were to accrue interest at 9% per annum; and Tribune Supplemental 401(k) Plan (together with the Times Mirror Deferred Compensation Plans, the "**DC-Plans**") which permitted eligible employees of Tribune to receive a supplemental company contribution related to their 401(k) benefits; and

- Special Letter Agreements, including severance, pension, salary continuation and/or supplemental payment agreements, ("**Letter Agreements**") which were entered into with certain executives to provide an additional severance, salary continuation, supplemental payments or pension package.

108.    The Tribune Entity Retiree Creditor Plaintiffs:

(a)     are retirees of one or more Tribune Entities; and

(b)     who at the time of the LBO Transaction had claims against one or more

Tribune Entities based upon Special Letter Agreements, including severance, pension, salary

continuation and/or supplemental payment agreements, ("**Subsidiary Letter Agreements**")

which were entered into with certain executives to provide additional severance, salary

continuation, supplemental payments or pension package.

109.   None of the Plaintiffs has released their SLCF Claims asserted herein by electing to grant a release as part of the DCL Plan election form, distributed in May 2011 (the "**DCL Plan Election Form**").

110.   None of the Plaintiffs has contributed their SLCF Claims asserted herein to a creditors' trust as part of the DCL Plan Election Form.

## TRIBUNE RETIREE CREDITOR PLAINTIFFS

111.   Each of the Tribune Retiree Creditor Plaintiffs identified herein are creditors of Tribune and were creditors of Tribune as of the Step One and Step Two Transfers and the commencement of the Bankruptcy Case:

(a)   **William A. Niese:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,894,702.51.

(b)   **James R. Simpson:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $3,924,877.86.

(c)   **W. Thomas Johnson, Jr.:**   (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,091,151.24.

(d)   **Richard T. Schlosberg, III:**   (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,760,068.72.

(e)     **Efrem Zimbalist, III:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,206,657.73.

(f)     **Fred A. Abatemarco:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $105,156.30.

(g)     **Gerald J. Alcantar:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $11,811.29.

(h)     **Richard S. Alfano:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $56,537.94.

(i)     **C. Michael Armstrong:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $195,890.45.

(j)     **Gary M. Arnold:** (i) is a citizen and/or resident of the State of Illinois; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $103,730.01.

(k)     **John M. Arthur:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $78,075.76.

(l)   **William H. Barlow:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $30,213.16.

(m)   **David S. Barrett:**   (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $4,685.88.

(n)   **Bruce E. Barwick:**   (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $46,913.69.

(o)   **Todd A. Becker:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $130,317.53.

(p)   **George Bell:**   (i) is a citizen and/or resident of the State of Massachusetts; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $21,758.70.

(q)   **Susan P. Bell:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,290.37.

(r)   **Horst A. Bergmann:**   (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $5,868,608.14.

(s)     **Edward L. Blood:**  (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $85,974.55.

(t)     **Gregory L. Bowlin:**  (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $548.59.

(u)     **Robert F. Brandt:**  (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $51,409.08.

(v)     **Alan L. Brauer:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $27,545.56.

(w)     **Leo Brennan:**  (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $650,642.48.

(x)     **Kenneth H. Brief:**  (i) is a citizen and/or resident of the State of Maine; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $79,868.36.

(y)     **Robert N. Brisco:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $55,918.19.

(z)    **Patricia G. Campbell:**   (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $102,312.38.

(aa)    **Dian S. Carpenter:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $703,514.32.

(bb)    **John S. Carroll:**  (i) is a citizen and/or resident of the State of Kentucky; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,523,628.61.

(cc)    **Kathleen M. Casey:**  (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $111,836.75.

(dd)    **Rajender K. Chandhok:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,874.04.

(ee)    **Randolph R. Charles:**   (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $53,190.66.

(ff)    **Janet T. Clayton:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $122,035.39.

(gg) **Patrick A. Clifford:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,161,516.02.

(hh) **Andrew W. Clurman:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $50,625.17.

(ii) **C. Shelby Coffey, III:** (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $239,849.60.

(jj) **Stuart K. Coppens:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $22,713.20.

(kk) **George J. Cotliar:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $239,050.32.

(ll) **William D. Crawford:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $81,779.00.

(mm) **Barbara R. DeYoung:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $140,144.34.

(nn)    **John F. Dill:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $109,100.04.

(oo)    **Ann E. Dilworth:**  (i) is a citizen and/or resident of the State of New Mexico; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $184,998.00.

(pp)    **Kathryn M. Downing:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,350,233.65.

(qq)    **Beverly Dreher:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $58,882.23.

(rr)    **Elizabeth V. Drewry:**  (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $159,351.22.

(ss)    **Michael S. Dubester:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $38,404.01.

(tt)    **John M. Dyer:**  (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $592,605.17.

(uu)   **Robert F. Erburu:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,976,796.34.

(vv)   **David A. Esgro:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $32,602.00.

(ww)   **Joanne K. Falk:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $133,983.00.

(xx)   **Peter J. Fernald:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than **$174,235.31.**

(yy)   **James E. Fitzgerald:**   (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $133,437.04.

(zz)   **Michael J. Forgione:**   (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $44,838.32.

(aaa)   **Donald H. Forst:**   (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $115,977.12.

(bbb)   **Douglas Fox:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $154,934.21.

(ccc)   **Vance I. Furukawa:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $318,241.94.

(ddd)   **Debra A. Gastler:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $105,061.35.

(eee)   **Gary P. Goldstein:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $217,241.76.

(fff)   **Edward J. Gottsman:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $181,031.90.

(ggg)   **Marian Lewis (for the estate of Kenneth Graham):**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $14,288.91.

(hhh)   **Robert T. Grant:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $37,899.74.

(iii)   **Richard Guerrero:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $569,312.18.

(jjj)   **Lee J. Guittar:**   (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $126,217.54.

(kkk)   **James F. Guthrie:**   (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $577,807.24.

(lll)   **Delynn T. Guttry:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $70,638.34.

(mmm)**Kenneth L. Halajian:**   (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $279,880.66.

(nnn)   **Charlotte H. Hall:**   (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $532,387.27.

(ooo)   **Jean Halle:**   (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $45,477.17.

(ppp)   **Michael J. Haugh:**   (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $173,043.24.

(qqq)   **Janis Heaphy:**   (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $116,041.17.

(rrr)   **James D. Helin:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $34,404.38.

(sss)   **Curtis A. Hessler:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,022,521.60.

(ttt)   **James H. Higby:**   (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $57,086.86.

(uuu)   **Lawrence M. Higby:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $191,250.95.

(vvv)   **Raymond Holton:**   (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $86,402.16.

(www) **Karen Laukka Horn:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $329,826.52.

(xxx) **Leslie M. Howard:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $145,496.90.

(yyy) **Mark E. Howe:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $187,208.77.

(zzz) **Joseph M. Hughes:** (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $188,913.12.

(aaaa) **Alberto Ibarguen:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $59,577.00.

(bbbb) **James Imbriaco:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $63,028.95.

(cccc) **Steven L. Isenberg:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $577,618.26.

(dddd) **William R. Isinger:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $298,855.71.

(eeee)   **Raymond A. Jansen, Jr.:**   (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $6,439,394.24.

(ffff)   **Edward E. Johnson:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,183,611.96.

(gggg) **Robert M. Johnson:**   (i) is a citizen and/or resident of the State of Michigan; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $314,859.81.

(hhhh) **Mary E. Junck:**   (i) is a citizen and/or resident of the State of Iowa; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $687,471.28.

(iiii)   **Scott W. Kabak:**   (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $135,856.56.

(jjjj)   **Judith S. Kallet:**   (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $86,874.62.

(kkkk) **William F. Keller:** (i) is a citizen and/or resident of the State of Illinois; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,819.77.

(llll) **Joan Kellermann (for the estate of Donald S. Kellermann):** (i) is a citizen and/or resident of Washington DC; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $202,942.77.

(mmmm) **Victoria King:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $74,235.11.

(nnnn) **Jason E. Klein:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $113,350.42.

(oooo) **Jeffrey S. Klein:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $214,771.81.

(pppp) **Susan K. Klutnick:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $381,723.02.

(qqqq) **James L. Kopper:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $353,362.22.

(rrrr)   **Sally Kuekes:**  (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,664.99.

(ssss)   **Mark H. Kurtich:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $90,448.02.

(tttt)   **Kimberly McCleary LaFrance:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $44,006.64.

(uuuu) **Jeffrey W. Lankey:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,600.23.

(vvvv) **David A. Laventhol:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $3,598,937.76.

(wwww)      **R. Marilyn Lee Schneider:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $63,947.25.

(xxxx) **Martin P. Levin:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $103,195.50.**

(yyyy) **Jesse E. Levine:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,524.89.

(zzzz)  **Nancy Lobdell:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $115,583.28.

(aaaaa) **Robert G. Magnuson:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $230,074.32.

(bbbbb)        **Anthony J. Marro:**  (i) is a citizen and/or resident of the State of Vermont; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $324,038.35.

(ccccc) **Donald S Maxwell:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $375,385.65.

(ddddd)        **Kathleen G. McGuinness:**  (i) is a citizen and/or resident of the State of Iowa; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,800,192.32.

(eeeee) **John C. McKeon:**  (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $91,979.56.

(fffff)  **Jack E. Meadows:**   (i) is a citizen and/or resident of the State of Arkansas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $108,100.07.

(ggggg)     **Stephen C. Meier:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $232,480.68.

(hhhhh)     **Janie Molvar:**  (i) is a citizen and/or resident of the State of Oregon; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $843,787.40.

(iiiii)  **Roger H. Molvar:**   (i) is a citizen and/or resident of the State of Washington; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $560,764.12.

(jjjjj)  **Durham J. Monsma:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $107,492.11.

(kkkkk)     **John T. Nash:**   (i) is a citizen and/or resident of the State of Hawaii; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $373,594.11.

(lllll)  **Nicholas H. Niles:**   (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,691.01.

(mmmmm)    **James H. Norris:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $244,398.59.

(nnnnn)    **James H. Nuckols:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $159,526.04.

(ooooo)    **Nancy W. O'Neill:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and **damages in the amount of not less than $473,600.44.**

(ppppp)    **Robert T. O'Sullivan:**  (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $317,971.62.

(qqqqq)    **Francis P. Pandolfi:**  (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $172,194.00.

(rrrrr) **Michael C. Parks:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,963,183.90.

(sssss) **Jeffrey N. Paro:**  (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $57,050.82.

(ttttt)   **John F. Patinella:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $150,001.24.

(uuuuu)   **Janette O. Payne:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $35,393.07.

(vvvvv)   **Carol Perruso:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $93,718.73.**

(wwwww)   **Victor A. Perry:  (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the** Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $32,377.21.

(xxxxx)   **Maureen G. Peterson:**  (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $594,751.05.

(yyyyy)   **Martha A. Petty:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $149,885.51.

(zzzzz)**Jack L. Plank:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $316,088.85.

(aaaaaa)        **Elizabeth F. Redmond:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $838,434.21.

(bbbbbb)        **S. Keating Rhoads:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $98,744.57.

(cccccc)        **Michael R. Riley:**  (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $123,950.91.

(dddddd)        **Michael G. Rose:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $352,557.60.

(eeeeee)        **William J. Rowe:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $308,021.09.

(ffffff) **Jerome S. Rubin:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $151,876.68.

(gggggg)        **Alexander Sann:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,456,012.18.

(hhhhhh)     **Geraldine Scally:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $28,433.38.

(iiiiii)  **Herbert K. Schnall:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $601,401.39.

(jjjjjj)  **Charles I. Schneider:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $300,413.12.

(kkkkkk)     **Hilary A. Schneider:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $116,920.23.

(llllll)  **Howard S. Schneider:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $111,725.93.

(mmmmmm)  **Brian J. Sellstrom:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $59,424.51.

(nnnnnn)     **James D. Shaw:**  (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $188,663.28.

(oooooo)     **Dennis A. Shirley:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,374,704.51.

(pppppp)     **Gary K. Shorts:**  (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $169,089.46.

(qqqqqq)     **Louis Sito:**  (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $100,409.32.

(rrrrrr) **Richard W. Stanton:**  (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $58,991.00.

(ssssss)     **Judith L. Sweeney:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $37,827.72.

(tttttt)  **Stender E. Sweeney:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $92,525.62.

(uuuuuu)     **James S. Toedtman:**  (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $7,503.51.

(vvvvvv)    **Sharon S. Tunstall:**  (i) is a citizen and/or resident of the State of Michigan; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,684.60.

(wwwwww)    **Michael S. Udovic:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and **damages in the amount of not less than $6,875.50.**

(xxxxxx)    **Michael J. Valenti:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,228,403.25.

(yyyyyy)    **Karen J. Wada:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $277,091.87.

(zzzzzz)    **Claudia A. Wade:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $25,214.57.

(aaaaaaa)    **James W. Wallace:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $319,337.67.

(bbbbbbb)    **Michael E. Waller:**  (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,856,802.57.

(ccccccc)      **Larry W. Wangberg:**  (i) is a citizen and/or resident of the State of Idaho; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $403,201.80.

(ddddddd)      **Howard Weinstein:**  (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $346,023.78.

(eeeeeee)      **William D. Wiegand:**  (i) is a citizen and/or resident of the State of Washington; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $348,721.05.

(fffffff)**Mary A. Wild:**  (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $36,816.87.

(ggggggg)      **Mark H. Willes:**  (i) is a citizen and/or resident of the State of Utah; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $19,534,351.47.

(hhhhhhh)      **Phillip L. Williams:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $572,842.71.

(iiiiiii) **Hazel E. Wilson:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $26,114.05.**

(jjjjjjj) **Julia C. Wilson:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $219,353.70.

(kkkkkkk)      **Harold F. Woldt, Jr.:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $35,533.16.

(lllllll) **Leo Wolinsky:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $606,750.39.

(mmmmmmm)      **Donald F. Wright:**  (i) is a citizen and/or resident of the State of New Mexico; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,713,574.92.

(nnnnnnn)      **John W. Young:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $73,452.93.

(ooooooo)      **John J. Zakarian:**  (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $295,629.56.

(ppppppp)      **Norene Zapanta (trustee for Dr. Edward Zapanta Trust):**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $11,482.47.

## TRIBUNE ENTITY RETIREE CREDITOR PLAINTIFFS

112.    Each of the Tribune Entity Retiree Creditor Plaintiffs identified herein are creditors of one or more Tribune Entities and were creditors of one or more Tribune Entities as of the Step One and Step Two Transfers and the commencement of the Bankruptcy Case:

(a)    **Sharon M. Bowen:**   (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $7,928.66.

(b)    **Janet T. Clayton:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $15,217.72.

(c)    **James Willard Colston:**   (i) is a citizen and/or resident of the State of Maine; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $341,112.31.

(d)    **Grace E. Crowder:**   (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $328,983.31.

(e)    **John Darnall:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $12,067.23.

(f)    **Kenneth G. Davis:**   (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $85,588.75.

(g)   **Mary M. Downes:**  (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $107,609.85.

(h)   **Paul H. Egan:**  (i) is a citizen and/or resident of the State of Oregon; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $23,494.71.

(i)   **Arnold J. Kleiner:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,428,807.91.

(j)   **John C. McKeon:**  (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $4,949.00.

(k)   **John R. Murphy:**  (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,259,218.77.

(l)   **Barbara Sample (for the estate of Jack W. Neely):**  (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,957.24.

(m)   **Carolyn Selzer:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,834.93.

(n)   **William F. Thomas:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $395,688.06.

(o)   **Caroline Thorpe:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $60,000.00.

(p)   **Robert E. Trainor:**   (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $74,825.54.

(q)   **Herbert J. Vida:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $45,399.65.

## THE DEFENDANTS

113.   Upon information and belief, **Defendant A. G. Edwards, Inc.** is a Delaware Corporation, and has designated both the (i) The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process, and (ii) the Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

114.   Upon information and belief, **Defendant A. G. EDWARDS & SONS, LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

115.     Upon information and belief, **Defendant A. G. EDWARDS Private Equity Partners III, L.P.** is a Delaware Limited Partnership, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

116.     Upon information and belief, either more or more of Defendants A. G. Edwards, Inc., A. G. EDWARDS & SONS, LLC, and/or A. G. EDWARDS Private Equity Partners III, L.P. (collectively, the "**A. G. Edward Entities**"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $33,507,374.00 as payment for the common stock interests in Tribune owned by either (i) one or more of the A. G. Edward Entities, and/or (ii) other unknown persons or entities for whose benefit one or more of the A. G. Edward Entities held, transferred or exchanged such stock interests.

117.     Upon information and belief, **Defendant Abbey National Securities Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

118.     Upon information and belief, Defendant Abbey National Securities Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $3,327,478.00 as payment for the common stock interests in Tribune owned by either (i) Abbey National Securities Inc., and/or (ii) other unknown persons or entities for whose benefit Abbey National Securities Inc. held, transferred or exchanged such stock interests.

119.     Upon information and belief, **Defendant Baird (Robert W.) & Co. Incorporated** is a Delaware Corporation, and has designated Inactive Agent Account, with an

address of Secretary of State Townsend Bldg, Dover, Delaware 19901, as its agent for service or process.

120.    Upon information and belief, Defendant Baird (Robert W.) & Co. Incorporated, received Step One and/or Step Two Transfers from Tribune in the amount of at least $7,732,042.00 as payment for the common stock interests in Tribune owned by either (i) Baird (Robert W.) & Co. Incorporated, and/or (ii) other unknown persons or entities for whose benefit Baird (Robert W.) & Co. Incorporated held, transferred or exchanged such stock interests.

121.    Upon information and belief, **Defendant Banc of America Securities LLC** is a Delaware Limited Liability Company, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

122.    Upon information and belief, Defendant Banc of America Securities LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $43,108,668.00 as payment for the common stock interests in Tribune owned by either (i) Banc of America Securities LLC, and/or (ii) other unknown persons or entities for whose benefit Banc of America Securities LLC held, transferred or exchanged such stock interests.

123.    Upon information and belief, **Defendant Bank of America Corporation** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

124.    Upon information and belief, Defendant Bank of America Corporation, received Step One and/or Step Two Transfers from Tribune in the amount of at least $45,430,358.00 as payment for the common stock interests in Tribune owned by either (i) Bank of America

Corporation, and/or (ii) other unknown persons or entities for whose benefit Bank of America Corporation held, transferred or exchanged such stock interests.

125.    Upon information and belief, **Defendant Bank West Trust I** is a Delaware Statutory Trust, and has designated BNY Mellon Trust of Delaware, with an address of 100 White Clay Center, Suite 102, Newark, Delaware 19711, as its agent for service or process.

126.    Upon information and belief, **Defendant Bank West Trust II** is a Delaware Statutory Trust, and has designated Wilmington Trust Company, with an address of Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890, as its agent for service or process.

127.    Upon information and belief, either one or both of Defendants Bank West Trust I and/or Bank West Trust II (collectively, the "Bank West Trusts"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $176,052.00 as payment for the common stock interests in Tribune owned by either (i) one or both of the Bank West Trusts, and/or (ii) other unknown persons or entities for whose benefit one or more of the Bank West Trusts held, transferred or exchanged such stock interests.

128.    Upon information and belief, **Defendant BMO Nesbitt Burns Employee Co-Investment Fund I (U.S.) L.P.** is a Delaware Limited Partnership, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

129.    Upon information and belief, **Defendant BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.) GP, L.P.** is a Delaware Limited Partnership, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

130.    Upon information and belief, **BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.), L.P.** is a Delaware Limited Partnership, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

131.    Upon information and belief, **BMO Nesbitt Burns U.S. Blocker Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

132.    Upon information and belief, one or more of Defendants BMO Nesbitt Burns Employee Co-Investment Fund I (U.S.) L.P.,  BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.) GP, L.P., BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.), L.P., and BMO Nesbitt Burns U.S. Blocker Inc. (collectively, the "BMO Nesbitt Entities") received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,958,298.00 as payment for the common stock interests in Tribune owned by either (i) one or more of the BMO Nesbitt Entities, and/or (ii) other unknown persons or entities for whose benefit one or more of the BMO Nesbitt Entities held, transferred or exchanged such stock interests.

133.    Upon information and belief, **Defendant Cheyne Capital Management, Inc.** is a Delaware Corporation, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

134.    Upon information and belief, **Defendant Cheyne Capital Management, LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with

an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

135.    Upon information and belief, either one or both of Defendants Cheyne Capital Management, LLC and/or Defendant Cheyne Capital Management, Inc. (collectively, the "Cheyne Entities"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $33,745,000.00 as payment for the common stock interests in Tribune owned by either (i) one or both of the Cheyne Entities, and/or (ii) other unknown persons or entities for whose benefit one or more of the Cheyne Entities held, transferred or exchanged such stock interests.

136.    Upon information and belief, **Defendant Citadel Investment Group, L.L.C.** is a Delaware Limited Liability Company, and has designated The Corporation Trust Company, with an address of Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

137.    Upon information and belief, Defendant Citadel Investment Group, L.L.C., received Step One and/or Step Two Transfers from Tribune in the amount of at least $53,625,616.00 as payment for the common stock interests in Tribune owned by either (i) Citadel Investment Group, L.L.C., and/or (ii) other unknown persons or entities for whose benefit Citadel Investment Group, L.L.C. held, transferred or exchanged such stock interests.

138.    Upon information and belief, **Defendant City National Bank of New Jersey Capital Trust I** is a Delaware Statutory Trust, and has designated Wilmington Trust Company, with an address of Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890, as its agent for service or process.

139.    Upon information and belief, Defendant City National Bank of New Jersey Capital Trust I, received Step One and/or Step Two Transfers from Tribune in the amount of at

least $386,274.00 as payment for the common stock interests in Tribune owned by either (i) City National Bank of New Jersey Capital Trust I, and/or (ii) other unknown persons or entities for whose benefit City National Bank of New Jersey Capital Trust I held, transferred or exchanged such stock interests.

140.    Upon information and belief, **Defendant Davenport & Company LLC** is a Virginia Limited Liability Company, is authorized to do business in the State of Delaware, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

141.    Upon information and belief, Defendant Davenport & Company LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $2,063,698.00 as payment for the common stock interests in Tribune owned by either (i) Davenport & Company LLC, and/or (ii) other unknown persons or entities for whose benefit Davenport & Company LLC held, transferred or exchanged such stock interests.

142.    Upon information and belief, **Defendant Deutsche Bank Securities Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

143.    Upon information and belief, Defendant Deutsche Bank Securities Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $388,649,104.00 as payment for the common stock interests in Tribune owned by either (i) Deutsche Bank Securities Inc., and/or (ii) other unknown persons or entities for whose benefit Deutsche Bank Securities Inc. held, transferred or exchanged such stock interests.

144.    Upon information and belief, **Defendant Dimensional Fund Advisors LP** is a Delaware Limited Partnership, and has designated Corporation Service Company, with an address of 2711 Centerville Road Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

145.    Upon information and belief, Defendant Dimensional Fund Advisors LP, received Step One and/or Step Two Transfers from Tribune in the amount of at least $36,871,130.00 as payment for the common stock interests in Tribune owned by either (i) Dimensional Fund Advisors LP, and/or (ii) other unknown persons or entities for whose benefit Dimensional Fund Advisors LP held, transferred or exchanged such stock interests.

146.    Upon information and belief, **Defendant E\*Trade Clearing LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

147.    Upon information and belief, Defendant E\*Trade Clearing LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $20,033,514.00 as payment for the common stock interests in Tribune owned by either (i) E\*Trade Clearing LLC, and/or (ii) other unknown persons or entities for whose benefit E\*Trade Clearing LLC held, transferred or exchanged such stock interests.

148.    Upon information and belief, **Defendant Federated Investors Corporation** is a Delaware Corporation, and has designated The Company Corporation, with an address of 2711 Centerville Road Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

149.    Upon information and belief, **Defendant Federated Investors** is a Delaware Statutory Trust, and has designated Mark D. Olson, with an address of 107 West Market Street, PO Box 272, Georgetown, Delaware 19947, as its agent for service of process.

150.    Upon information and belief, either one or both of Defendants Federated Investors Corporation and/or Federated Investors (collectively, the "Federated Entities"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $32,127,280.00 as payment for the common stock interests in Tribune owned by either (i) one or both of the Federated Entities, and/or (ii) other unknown persons or entities for whose benefit one or both of the Federated Entities held, transferred or exchanged such stock interests.

151.    Upon information and belief, **Defendant First Clearing, LLC** is a Delaware Limited Liability Company, and has designated c/o Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

152.    Upon information and belief, Defendant First Clearing, LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $114,590,812.00 as payment for the common stock interests in Tribune owned by either (i) First Clearing, LLC, and/or (ii) other unknown persons or entities for whose benefit First Clearing, LLC held, transferred or exchanged such stock interests.

153.    Upon information and belief, **Defendant Goldman Sachs International Holdings LLC** is a Delaware Limited Liability Company, and has designated Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

154.    Upon information and belief, Defendant Goldman Sachs International Holdings LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least

$2,007,496.00 as payment for the common stock interests in Tribune owned by either (i) Goldman Sachs International Holdings LLC, and/or (ii) other unknown persons or entities for whose benefit Goldman Sachs International Holdings LLC held, transferred or exchanged such stock interests.

155.    Upon information and belief, **Defendant HBK Investments L.P.** is a Delaware Limited Partnership, and has designated National Corporate Research, Ltd., with an address of 615 South Dupont Highway, Dover, Delaware 19901, as its agent for service of process.

156.    Upon information and belief, Defendant HBK Investments L.P., received Step One and/or Step Two Transfers from Tribune in the amount of at least $64,600,136.00 as payment for the common stock interests in Tribune owned by either (i) HBK Investments L.P., and/or (ii) other unknown persons or entities for whose benefit HBK Investments L.P. held, transferred or exchanged such stock interests.

157.    Upon information and belief, **Defendant J.J.B. Hilliard, W.L. Lyons, LLC** is a Kentucky Limited Liability Company, is authorized to do business in the State of Delaware, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

158.    Upon information and belief, Defendant J.J.B. Hilliard, W.L. Lyons, LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,104,660.00 as payment for the common stock interests in Tribune owned by either (i) J.J.B. Hilliard, W.L. Lyons, LLC, and/or (ii) other unknown persons or entities for whose benefit J.J.B. Hilliard, W.L. Lyons, LLC held, transferred or exchanged such stock interests.

159.    Upon information and belief, **Defendant Janney Montgomery Scott, LLC, (f/k/a Janney Montgomery Scott, Inc.)** is a Delaware Limited Liability Company, and has

designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

160.    Upon information and belief, Defendant Janney Montgomery Scott, LLC, (f/k/a Janney Montgomery Scott, Inc.), received Step One and/or Step Two Transfers from Tribune in the amount of at least $2,279,530.00 as payment for the common stock interests in Tribune owned by either (i) Janney Montgomery Scott, LLC, (f/k/a Janney Montgomery Scott, Inc.), and/or (ii) other unknown persons or entities for whose benefit Janney Montgomery Scott, LLC, (f/k/a Janney Montgomery Scott, Inc.) held, transferred or exchanged such stock interests.

161.    Upon information and belief, **Defendant LSV Asset Management** is a Delaware Corporation, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

162.    Upon information and belief, Defendant LSV Asset Management, received Step One and/or Step Two Transfers from Tribune in the amount of at least $62,733,214.00 as payment for the common stock interests in Tribune owned by either (i) LSV Asset Management, and/or (ii) other unknown persons or entities for whose benefit LSV Asset Management held, transferred or exchanged such stock interests.

163.    Upon information and belief, **Defendant M.L. Stern & Co., LLC** is a Delaware Limited Liability Company, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

164.    Upon information and belief, Defendant M.L. Stern & Co., LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $6,808,500.00 as payment for the common stock interests in Tribune owned by either (i) M.L. Stern & Co., LLC, and/or (ii)

other unknown persons or entities for whose benefit M.L. Stern & Co., LLC held, transferred or exchanged such stock interests.

165.     Upon information and belief, **Defendant Northern Trust Global Advisors, Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

166.     Upon information and belief, Defendant Northern Trust Global Advisors, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $77,740,048.00 as payment for the common stock interests in Tribune owned by either (i) Northern Trust Global Advisors, Inc., and/or (ii) other unknown persons or entities for whose benefit Northern Trust Global Advisors, Inc. held, transferred or exchanged such stock interests.

167.     Upon information and belief, **Defendant Penson Financial Futures, Inc**. is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

168.     Upon information and belief, Defendant Penson Financial Futures, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $7,345,666.00 as payment for the common stock interests in Tribune owned by either (i) Penson Financial Futures, Inc., and/or (ii) other unknown persons or entities for whose benefit Penson Financial Futures, Inc. held, transferred or exchanged such stock interests.

169.     Upon information and belief, **Defendant PNC Bank, Delaware** is a Delaware Corporation, and has designated PNC Bank, Delaware, with an address of 222 Delaware Avenue, Wilmington, Delaware 19801, as its agent for service or process.

170.    Upon information and belief, Defendant PNC Bank, Delaware, received Step One and/or Step Two Transfers from Tribune in the amount of at least $123,871,350.00 as payment for the common stock interests in Tribune owned by either (i) PNC Bank, Delaware, and/or (ii) other unknown persons or entities for whose benefit PNC Bank, Delaware held, transferred or exchanged such stock interests.

171.    Upon information and belief, **Defendant RBC Capital Markets Arbitrage, LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

172.    Upon information and belief, **Defendant RBC Capital Markets Holdings (USA) Inc.** is a Delaware Corporation, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

173.    Upon information and belief, **Defendant RBC Capital Markets Corporation** is a Minnesota Corporation, which is authorized to do business in Delaware and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

174.    Upon information and belief, one or more of Defendants RBC Capital Markets Holdings (USA) Inc., RBC Capital Markets Corporation, and  RBC Capital Markets Arbitrage, LLC (collectively, the "RBC Capital Entities"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $44,142,574.00 as payment for the common stock interests in Tribune owned by either (i) one or more of the RBC Capital Entities, and/or (ii) other

unknown persons or entities for whose benefit one or more of the RBC Capital Entities held, transferred or exchanged such stock interests.

175.    Upon information and belief, **Defendant RBC Dominion Securities L.L.C.** is a Delaware Limited Liability Company, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

176.    Upon information and belief, Defendant RBC Dominion Securities L.L.C., received Step One and/or Step Two Transfers from Tribune in the amount of at least $16,300,620.00 as payment for the common stock interests in Tribune owned by either (i) RBC Dominion Securities L.L.C., and/or (ii) other unknown persons or entities for whose benefit RBC Dominion Securities L.L.C. held, transferred or exchanged such stock interests.

177.    Upon information and belief, **Regions Financial Corporation** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

178.    Upon information and belief, Defendant Regions Financial Corporation, received Step One and/or Step Two Transfers from Tribune in the amount of at least $392,904.00 as payment for the common stock interests in Tribune owned by either (i) Regions Financial Corporation, and/or (ii) other unknown persons or entities for whose benefit Regions Financial Corporation held, transferred or exchanged such stock interests.

179.    Upon information and belief, **Defendant Renaissance Technologies Holdings Corporation** is a Delaware Corporation, and has designated National Registered Agents, Inc.,

with an address of 160 Greentree Drive Suite 101, Dover, Delaware 19904, as its agent for service of process.

180.    Upon information and belief, **Defendant Renaissance Technologies LLC** is a Delaware Limited Liability Company, and has designated National Registered Agents, Inc., with an address of 160 Greentree Drive, Suite 101, Dover, DE 19904, as its agent for service of process.

181.    Upon information and belief, **Defendant Renaissance Technology Group Inc.** is a Delaware Corporation, and has designated Business Filings International, Inc., with an address of 108 West 13th Street, Wilmington, Delaware 19801, as its agent for service of process.

182.    Upon information and belief, **Defendant Renaissance Tech. Inc.** is a Delaware Corporation, and has designated The Company Corporation, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

183.    Upon information and belief, one or more of Defendants Renaissance Technologies Holdings Corporation, Renaissance Technologies LLC, Renaissance Technology Group Inc., and Renaissance Tech. Inc. (collectively, the "Renaissance Tech. Entities") received Step One and/or Step Two Transfers from Tribune in the amount of at least $93,826,400.00 as payment for the common stock interests in Tribune owned by either (i) one or more of the Renaissance Tech. Entities, and/or (ii) other unknown persons or entities for whose benefit one or more of the Renaissance Tech. Entities held, transferred or exchanged such stock interests.

184.    Upon information and belief, **Defendant Romano Brothers Investors, LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

185.     Upon information and belief, Defendant Romano Brothers Investors, LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $438,872.00 as payment for the common stock interests in Tribune owned by either (i) Romano Brothers Investors, LLC, and/or (ii) other unknown persons or entities for whose benefit Romano Brothers Investors, LLC held, transferred or exchanged such stock interests.

186.     Upon information and belief, **Defendant Sanford C. Bernstein & Co., LLC** is a Delaware Limited Liability Company, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

187.     Upon information and belief, Defendant Sanford C. Bernstein & Co., LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,699,048.00 as payment for the common stock interests in Tribune owned by either (i) Sanford C. Bernstein & Co., LLC, and/or (ii) other unknown persons or entities for whose benefit Sanford C. Bernstein & Co., LLC held, transferred or exchanged such stock interests.

188.     Upon information and belief, **Defendant Southwest Securities, Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

189.     Upon information and belief, Defendant Southwest Securities, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $2,591,548.00   as payment for the common stock interests in Tribune owned by either (i) Southwest Securities, Inc., and/or (ii) other unknown persons or entities for whose benefit Southwest Securities, Inc. held, transferred or exchanged such stock interests.

190.    Upon information and belief, **Defendant State Street Global Advisors, Inc.** is a Delaware Corporation, and has designated The Prentice-Hall Corporation System, Inc., with an address of 2711 Centerville Road Suite 400 as its agent for service in Wilmington, Delaware 19808 as its agent for service of process.

191.    Upon information and belief, Defendant State Street Global Advisors, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $73,625,402.00 as payment for the common stock interests in Tribune owned by either (i) State Street Global Advisors, Inc., and/or (ii) other unknown persons or entities for whose benefit State Street Global Advisors, Inc. held, transferred or exchanged such stock interests.

192.    Upon information and belief, **Defendant Stephens, Inc. (a.k.a. Stephens Inc.)**, is an Arkansas Corporation, is authorize to do business in the State of Delaware, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

193.    Upon information and belief, Defendant Stephens, Inc. (a.k.a. Stephens Inc.), received Step One and/or Step Two Transfers from Tribune in the amount of at least $452,914.00 as payment for the common stock interests in Tribune owned by either (i) Stephens, Inc. (a.k.a. Stephens Inc.), and/or (ii) other unknown persons or entities for whose benefit Stephens, Inc. (a.k.a. Stephens Inc.) held, transferred or exchanged such stock interests.

194.    Upon information and belief, **Defendant SunTrust Bank** is a Georgia Corporation, is authorized to do business in the State of Delaware, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

195.    Upon information and belief, Defendant SunTrust Bank, received Step One and/or Step Two Transfers from Tribune in the amount of at least $6,638,632.00 as payment for the common stock interests in Tribune owned by either (i) SunTrust Bank, and/or (ii) other unknown persons or entities for whose benefit SunTrust Bank held, transferred or exchanged such stock interests.

196.    Upon information and belief, **Defendant The DFA Investment Trust Company**, is a Delaware Statutory Trust, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

197.    Upon information and belief, Defendant The DFA Investment Trust Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $43,899,372.00 as payment for the common stock interests in Tribune owned by either (i) The DFA Investment Trust Company, and/or (ii) other unknown persons or entities for whose benefit The DFA Investment Trust Company held, transferred or exchanged such stock interests.

198.    Upon information and belief, **Defendant The Northern Trust Company** is a Delaware Corporation, and has designated The Northern Trust Company of Delaware, with an address of 1201 North Market Street, Wilmington, Delaware 19801, as its agent for service or process.

199.    Upon information and belief, Defendant The Northern Trust Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $926,332,414.00 as payment for the common stock interests in Tribune owned by either (i) The Northern Trust Company, and/or (ii) other unknown persons or entities for whose benefit The Northern Trust Company held, transferred or exchanged such stock interests.

200.    Upon information and belief, **Defendant The Vanguard Group, Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

201.    Upon information and belief, Defendant The Vanguard Group, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $97,679,824.00 as payment for the common stock interests in Tribune owned by either (i) The Vanguard Group, Inc., and/or (ii) other unknown persons or entities for whose benefit The Vanguard Group, Inc. held, transferred or exchanged such stock interests.

202.    Upon information and belief, **Defendant U.S. Trust Company of Delaware** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

203.    Upon information and belief, **Defendant U.S. Trust Capital A** is a Delaware Statutory Trust, and has designated U.S. Bank Trust National Association, with an address of 300 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801, as its agent for service or process.

204.    Upon information and belief, either one or both of Defendants U.S. Trust Capital A and/or U.S. Trust Company of Delaware (collectively, the "U.S. Trust Entities"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $11,160,126.00 as payment for the common stock interests in Tribune owned by either (i) one or both of the U.S. Trust Entities, and/or (ii) other unknown persons or entities for whose benefit either one or both of the U.S. Trust Entities held, transferred or exchanged such stock interests.

205.    Upon information and belief, **Defendant UBS Global Asset Management (US) Inc.** is a Delaware Corporation, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

206.    Upon information and belief, **Defendant UBS Global Asset Management (Americas) Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

207.    Upon information and belief, either one or both of Defendants UBS Global Asset Management (Americas) Inc. and/or UBS Global Asset Management (US) Inc. (collectively, the "UBS Global Asset Entities"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $72,844,014.00 as payment for the common stock interests in Tribune owned by either (i) one or both of the UBS Global Asset Entities, and/or (ii) other unknown persons or entities for whose benefit one or both of the UBS Global Asset Entities held, transferred or exchanged such stock interests.

208.    Upon information and belief, **Defendant UBS Securities LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

209.    Upon information and belief, Defendant UBS Securities LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $107,066,680.00 as payment for the common stock interests in Tribune owned by either (i) UBS Securities LLC, and/or (ii)

other unknown persons or entities for whose benefit UBS Securities LLC held, transferred or exchanged such stock interests.

210.    Upon information and belief, **Defendant US Bancorp Investments, Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

211.    Upon information and belief, Defendant US Bancorp Investments, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $4,214,300.00  as payment for the common stock interests in Tribune owned by either (i) US Bancorp Investments, Inc., and/or (ii) other unknown persons or entities for whose benefit US Bancorp Investments, Inc. held, transferred or exchanged such stock interests.

212.    Upon information and belief, **Defendant USAA Investment Management Company** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

213.    Upon information and belief, Defendant USAA Investment Management Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,201,934.00 as payment for the common stock interests in Tribune owned by either (i) Defendant USAA Investment Management Company, and/or (ii) other unknown persons or entities for whose benefit Defendant USAA Investment Management Company held, transferred or exchanged such stock interests.

214.    Upon information and belief, **Defendant Wells Fargo Investment, LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with

an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

215.    Upon information and belief, Defendant Wells Fargo Investment, LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $4,338,264.00 as payment for the common stock interests in Tribune owned by either (i) Wells Fargo Investment, LLC, and/or (ii) other unknown persons or entities for whose benefit Wells Fargo Investment, LLC held, transferred or exchanged such stock interests.

216.    Upon information and belief, **Defendant Wilmington Trust Company** is a Delaware Corporation, and has designated Wilmington Trust Company, with an address of Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890, as its agent for service or process.

217.    Upon information and belief, Defendant Wilmington Trust Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,714,518.00 as payment for the common stock interests in Tribune owned by either (i) Wilmington Trust Company, and/or (ii) other unknown persons or entities for whose benefit Wilmington Trust Company held, transferred or exchanged such stock interests.

## CONFIDENTIAL STOCK TRANSFEREE DEFENDANTS

218.    Pursuant to an order of the Bankruptcy Court, dated May 19, 2011 (the "**Protective Order**") (Exhibit B hereto), on or about May 25, 2011 Plaintiffs were provided with information concerning certain defendants pursuant to an order of confidentiality which, subject to further order of an appropriate court, prevents the disclosure of information concerning the timing or amount of transfers to defendants.

219.    As such, Plaintiffs have identified on **Exhibit C** hereto, the names and addresses of named defendants as produced by the Creditors' Committee who, upon information and belief, received Step One and/or Step Two Transfers as Fraudulent Conveyances, but who are subject to the terms of the Protective Order and or whose transfer information was not made available to Plaintiffs (the "**Confidential Stock Transferee Defendants**").

220.    Plaintiffs seek to avoid and recover the Fraudulent Conveyances made to the Confidential Stock Transferee Defendants in amounts to be determined.

## JOHN DOE STOCK TRANSFEREE DEFENDANTS

221.    The basis for naming the John Doe defendants is that the Plaintiffs have not been afforded ample time or discovery to ascertain the exact identity of all transferees and, upon information and belief, the stock of Tribune may have been held by various clearing or other brokerage houses for ultimate beneficiaries.   Plaintiffs, upon information and belief, have identified the transferees of the Step One and Step Two Transfers; however, to the extent that such defendants claim to be initial or pass through transferees, upon ascertaining the identity of the John Doe Defendants, Plaintiffs will amend this Complaint.

### COUNT ONE
### Avoidance and Recovery of  Constructive Fraudulent Conveyances
### Against Defendant Stock Transferees By Tribune Retiree Creditor Plaintiffs

222.    Tribune Retiree Creditor Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-221 as though fully set forth herein.

223.    Each Defendant identified above as an Entity Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the

LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

224.    Each Defendant identified above as a Confidential Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune

225.    Each Defendant identified above as a John Doe Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

226.    Tribune received less than reasonably equivalent value in exchange for the foregoing Step One and/or Step Two Transfers.

227.    At the time of the Step One and/or Step Two Transfers to each  Entity Stock Transferee Defendant, Confidential Stock Transferee Defendant and John Doe Stock Transferee Defendant, Tribune (i) was insolvent or became insolvent as a result of the LBO Transaction and/or the Step One and Step Two Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which Tribune was left with unreasonably small assets or capital; and/or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as such debts became due.

228.    Accordingly, pursuant to the UFTA adopted in the State of Illinois (S.H.A. 740 ILCS 160 *et seq.*), the Step One and/or Step Two Transfers to or for the benefit of the each Entity Stock Transferee Defendant, Confidential Stock Transferee Defendant and John Doe

Stock Transferee Defendant should be avoided and such avoided transfers should be turned over to the Tribune Retiree Creditor Plaintiffs in the amount received by each Defendant set forth above.

**COUNT TWO**
**Avoidance and Recovery of  Constructive Fraudulent Conveyances**
**Against Defendant Stock Transferees By Tribune Entity Retiree Creditor Plaintiffs**

229.    Tribune Entity Retiree Creditor Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-221 as though fully set forth herein.

230.    Each Defendant identified above as an Entity Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

231.    Each Defendant identified above as a Confidential Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

232.    Each Defendant identified above as a John Doe Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

233.    Tribune received less than reasonably equivalent value in exchange for the foregoing Step One and/or Step Two Transfers.

234.    At the time of the Step One and/or Step Two Transfers to each  Entity Stock Transferee Defendant, Confidential Stock Transferee Defendant and John Doe Stock Transferee

Defendant, Tribune (i) was insolvent or became insolvent as a result of the LBO Transaction and/or the Step One and Step Two Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which Tribune was left with unreasonably small assets or capital; and/or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as such debts became due.

235.    Accordingly, pursuant to the UFTA adopted in the State of Illinois (S.H.A. 740 ILCS 160 *et seq.*), the Step One and/or Step Two Transfers to or for the benefit of the each Entity Stock Transferee Defendant, Confidential Stock Transferee Defendant and John Doe Stock Transferee Defendant should be avoided and such avoided transfers should be turned over to the Tribune Entity Retiree Creditor Plaintiffs in the amount received by each Defendant set forth above.

## RESERVATION OF RIGHTS

236.    Plaintiffs reserve the right, to the extent permitted under applicable law or by agreement, to assert any claims relating to the subject matter of this action or otherwise relating to Tribune and/or one or more Tribune Entities against any third party.

237.    Plaintiffs reserve the right, to the extent permitted under applicable law or by agreement to supplement or amend the list of Confidential Defendants and to further specify the amounts and timing of the transfers alleged.

238.    Plaintiffs reserve the right, to the extent permitted under applicable law or by agreement, to assert any claims relating to the subject matter of this action or otherwise relating to Tribune and one or more Tribune Entities against any person who may be substituted for a John Doe Defendant.

**WHEREFORE**, by reason of the foregoing, Plaintiffs respectfully request that this Court enter judgment against the as follows:

(a)     avoiding the transfers to the Entity Stock Transferee Defendants for the benefit of the Tribune Retiree Creditor Plaintiffs;

(b)     avoiding the transfers to the Entity Stock Transferee Defendants for the benefit of the Tribune Entity Retiree Creditor Plaintiffs;

(c)     avoiding the transfers to the Confidential Stock Transferee Defendants for the benefit of the Tribune Retiree Creditor Plaintiffs;

(d)     avoiding the transfers to the Confidential Stock Transferee Defendants for the benefit of the Tribune Entity Retiree Creditor Plaintiffs;

(e)     avoiding the transfers to the John Doe Stock Transferee Defendants for the benefit of the Tribune Retiree Creditor Plaintiffs;

(f)     avoiding the transfers to the John Doe Stock Transferee Defendants for the benefit of the Tribune Entity Retiree Creditor Plaintiffs;

(g)     awarding the Tribune Retiree Creditor Plaintiffs damages in the amount of the avoided transfers and directing the Defendants to turn over to such funds to the Tribune Retiree Creditor Plaintiffs;

(h)     awarding the Tribune Entity Retiree Creditor Plaintiffs damages in the amount of the avoided transfers and directing the Defendants to turn over to such funds to the Tribune Entity Creditor Retiree Plaintiffs;

(i)     imposing a constructive trust on assets of the Defendants to the extent of avoid transfers in favor of the Tribune Retiree Creditor Plaintiffs in the amount of the avoided transfers;

(j)     imposing a constructive trust on assets of the Defendants to the extent of avoid transfers in favor of the Tribune Entity Retiree Creditor Plaintiffs in the amount of the avoided transfers;

(k)     awarding pre-and post-judgment interest at the legal rate on all avoided transfers; and

(l)     awarding such other and further relief as the Court deems just and proper.


Dated: June 2, 2011                          Respectfully submitted,
       Wilmington, Delaware
                                             HILLER & ARBAN, LLC


                                             /s/ Adam Hiller
                                             Adam Hiller (DE No. 4105)
                                             Brian Arban (DE No. 4511)
                                             1500 North French Street, 2nd Floor
                                             Wilmington, Delaware 19801
                                             (302) 442-7676 telephone
                                             ahiller@hillerarban.com

                                             - and -

                                             Jay Teitelbaum, Esq.
                                             Teitelbaum & Baskin, LLP
                                             3 Barker Avenue, 3rd Floor
                                             White Plains, New York 10601
                                             Telephone:  (914) 437-7670
                                             Facsimile:  (914) 437-7672
                                             jteitelbaum@tblawllp.com
                                             (To Be Admitted Pro Hac Vice)

                                             *Attorneys for Plaintiffs*


### DEMAND FOR JURY TRIAL

The plaintiffs herein demand a trial by jury of 12.


### CERTIFICATION OF VALUE

I, Adam Hiller, Esquire, attorney for plaintiffs, hereby certify in good faith at this time in my opinion that the sum of damages of all plaintiffs is in excess of $100,000.00, exclusive of costs and interest.

                                             /s/ Adam Hiller
                                             Adam Hiller (DE No. 4105)

**EFiled:  Jun  2 2011 11:47PM EDT**
**Transaction ID 37926119**
**Case No. N11C-06-015 FSS**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

### NOTICE TO CREDITORS OF (I) ENTRY OF COURT ORDER
### AND (II) IMPENDING EXPIRATION OF STATUTE OF LIMITATIONS

TO:  All Creditors of Tribune Company, *et al.*

   **PLEASE TAKE NOTICE** that on March 1, 2011, the Original Plaintiff Group[2] filed a

motion seeking, among other things, a determination that (i) the right to pursue state law

constructive fraudulent conveyance claims against Step One and/or Step Two Shareholders

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Reversion Order.

CPAM: 3707679.19

(collectively, the "Creditor SLCFC Claims") now resides with eligible individual creditors of the Debtors and (ii) neither the automatic stay imposed by section 362 of the Bankruptcy Code nor the Mediation Order[3] precludes any creditor of the Debtors from asserting such Creditor SLCFC Claims (the "Reversion Motion").[4]   On April 25, 2011, the Court entered an order (the "Reversion Order"),[5] a copy of which is attached hereto as Exhibit "A," granting the Reversion Motion to the extent provided therein.

**PLEASE TAKE FURTHER NOTICE** that, as set forth in the Reversion Motion, parties should operate under the assumption that the applicable state statute of limitations for eligible individual creditors to pursue the Creditor SLCFC Claims *may expire as early as June 4, 2011*.  Creditors who wish to preserve or pursue such Creditor SLCFC Claims should seek out independent legal advice regarding preservation of their claims and compliance with the Reversion Order.[6]  **Each creditor should make an individualized determination of when the statute of limitations will expire under applicable state law based on the advice of independent counsel and should not rely on any statements contained herein.**

---

[3] See Order Appointing Mediator [D.I. 5591].

[4] See Motion of Aurelius Capital Management, LP, on Behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of and Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief From Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation [D.I. 8201].

[5] See Order Granting (I) Relief From the Automatic Stay to the Extent the Automatic Stay Bars Commencement by Creditors of State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholder and Step Two Shareholders and (II) Leave from the Mediation Order to Permit Commencement of Litigation on Account of Such Claims [D.I. 8740].

[6] The Debtors have asked that creditors be advised that the only individual creditors who the Debtors believe might be eligible to assert these Creditor SLCFC Claims against shareholders are certain creditors of Tribune Company, whose stock was purchased from the shareholders in conjunction with the LBO.

**PLEASE TAKE FURTHER NOTICE** that copies of the Reversion Motion may be: (i) obtained free of charge from Epiq Bankruptcy Solutions, LLC's ("Epiq") dedicated website related to the Debtors' Chapter 11 Cases (http://chapter11.epiqsystems.com/tribune) or by telephoning Epiq at (646) 282-2400; (ii) obtained free of charge from the Committee's website (http://kccllc.net/tribunecommittee); (iii) inspected during regular business hours at the Office of the Clerk of the Bankruptcy Court, 3rd Floor, 824 Market Street, Wilmington, DE 19801; or (iv) viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

**This Notice is not intended to (i) provide or constitute legal advice or (ii) create an attorney-client relationship. All statements made herein are qualified in their entirety by reference to the Reversion Order. Creditors are urged to seek out independent legal advice concerning both the Reversion Order and Creditor SLCFC Claims for individualized legal advice.**

**If you have questions concerning this notice, you may contact a Committee representative by telephone at (212) 408-5119 or email at tribuneinfo@chadbourne.com.**

Dated: Wilmington, Delaware
      May 4, 2011

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF TRIBUNE
COMPANY, *et al.*

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al.,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | D.I. 5591, 8201 |

**ORDER GRANTING (I) RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT THE AUTOMATIC STAY BARS COMMENCEMENT BY CREDITORS OF STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE CLAIMS TO RECOVER STOCK REDEMPTION PAYMENTS MADE TO STEP ONE SHAREHOLDERS AND STEP TWO SHAREHOLDERS AND (II) LEAVE FROM THE MEDIATION ORDER TO PERMIT COMMENCEMENT OF LITIGATION ON ACCOUNT OF SUCH CLAIMS**

Upon the motion dated March 1, 2011 of Aurelius Capital Management, LP, on

behalf of its managed entities (collectively "Aurelius"), Deutsche Bank Trust Company

Americas, in its capacity as successor indenture trustee for certain series of senior notes issued

by Tribune Company ("Deutsche Bank"), and Law Debenture Trust Company of New York, in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company ("Law Debenture" and, collectively with Aurelius, Deutsche Bank and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES notes issued by Tribune Company, the "Original Plaintiff Group"), for entry of an order (I) determining that creditors have regained their state law constructive fraudulent conveyance claims to recover stock redemption payments made to Step One Shareholders (as defined below) and Step Two Shareholders (as defined below) due to the expiration of the statute of limitations under 11 U.S.C. § 546(a); (II) determining that the automatic stay does not bar the commencement of litigation by or on behalf of creditors with respect to such claims or, in the alternative, granting relief from the automatic stay to permit the commencement of such litigation; and (III) granting leave from this Court's Order Appointing Mediator [*ECF No.* 5591] (the "Mediation Order") to permit the commencement of such litigation (the "Motion"); and it appearing that good and sufficient notice of the Motion was given and that no other or further notice is necessary; and the Court having considered the Motion at a hearing on March 22, 2011 (the "Hearing"); and the Court having overruled the objections to the Motion for the reasons stated at the Hearing; and after due deliberation and it appearing sufficient cause exists for granting the requested relief, it is therefore

ORDERED, ADJUDGED AND DECREED that:

1.    The Motion is GRANTED to the extent set forth herein.

2.    Because no state law constructive fraudulent conveyance claims against shareholders whose stock was redeemed or purchased in connection with the first step (such shareholders, the "Step One Shareholders") and/or the second step (such shareholders, the "Step Two Shareholders") of the 2007 leveraged buy-out of Tribune Company (the "LBO") were commenced by or on behalf of the Debtors' estates before the expiration of the applicable statute

of limitations under 11 U.S.C. § 546(a), the Debtors' creditors have regained the right, if any, to

prosecute their respective state law constructive fraudulent conveyance claims against Step One

Shareholders and/or Step Two Shareholders to recover stock redemption/purchase payments

made to such shareholders in connection with the LBO (collectively, the "Creditor SLCFC

Claims").

      3.      To the extent the automatic stay of 11 U.S.C. § 362(a) stays the commencement

of any Creditor SLCFC Claims, the automatic stay is hereby lifted to permit the filing of any

complaint by or on behalf of creditors on account of such Creditor SLCFC Claims, including,

without limitation, any complaint filed by any plaintiff in the Original Plaintiff Group.

      4.      To the extent the Mediation Order stays the commencement of any Creditor

SLCFC Claims, leave is hereby granted from such Mediation Order to permit the filing of the

complaint(s) referenced in paragraph 3 above.

      5.      To the extent that a creditor other than a member of the Original Plaintiff Group

seeks to file its own complaint with respect to its Creditor SLCFC Claims, such creditor shall file

a statement in this Court acknowledging that the creditor shall, except as provided in and in

accordance with paragraph 6 below, stay all actions in the state court litigation and will

otherwise adhere to the terms of this Order.

      6.      Absent further order of this Court, litigation commenced by the filing of any

complaint referenced in paragraphs 3 and 5 above shall automatically be stayed in the applicable

state court(s) where such complaint(s) are filed, or if not automatic in such state court(s), then

application for the stay in accordance with the provisions of this Order shall be made by the

Original Plaintiff Group or any other creditor that files its own complaint; provided, however,

that during such stay, any party, including any plaintiff in the Original Plaintiff Group, that files

such a complaint may: (a) consistent with governing rules, amend such complaint; (b) complete

service of such complaint; and (c) take such steps, including immediately pursuing discovery, as are necessary solely for the purpose of preventing applicable statutes of limitations or other time-related defenses from barring any Creditor SLCFC Claims.

7.      Nothing in this Order shall prejudice the rights of the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Creditors' Committee") or any trust established under any plan of reorganization that is confirmed in the Debtors' chapter 11 cases, including to, as the case may be, (i) pursue whatever claims are properly asserted by the Creditors' Committee or by such trusts, in any proper venue, or (ii) amend in any way the adversary complaints (Adv. Pro. Nos. 10-53963 and 10-54010) filed by the Creditors' Committee in these chapter 11 cases, or take or seek to take any other action, or assert any rights or arguments, in connection with such claims or complaints.

8.      Nothing in this Order shall prejudice or impair any claims or defenses of any defendant in any proceeding in respect of a Creditor SLCFC Claim or any objection to any plan of reorganization currently before this Court.[2]

9.      This Court shall, except with respect to the prosecution of the Creditor SLCFC Claims, retain exclusive jurisdiction to hear and decide any and all disputes relating to or arising from this Order.

Dated:   _____, 2011
          Wilmington, Delaware

                                        _____
                                        HONORABLE KEVIN J. CAREY
                                        Chief United States Bankruptcy Judge

cc: William P. Bowden, Esquire[3]

---

[2] For the avoidance of doubt, by this Order, this Court makes no finding and issues no ruling determining the standing of the Original Plaintiff's Group (or any creditor) to assert the Creditor SLCFC Claims or whether such claims are preempted or otherwise impacted by 11 U.S.C. § 546(e).

[3] Counsel shall serve a copy of this Order on all interested parties and file a Certificate of Service with this Court.

**EFiled: Jun 2 2011 11:47PM EDT**
**Transaction ID 37926119**
**Case No. N11C-06-015 FSS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Cases No. 08-13141 (KJC) Jointly Administered |
| Debtors. | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, *et al.*, | Adversary Proceeding No. 10-54010 (KJC) |
| Plaintiff, | |
| v. | **Ref. Nos. 8866, 8914, 8919, 8920 and Adv. Nos. 113, 119, 120, 121** |
| DENNIS J. FITZSIMONS, *et al.*, | |
| Defendants. | |

### PROTECTIVE ORDER

Upon consideration of the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries for entry of a protective order relating to the subpoena issued pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure by the Aurelius Plaintiff Group[1] seeking Tribune Company shareholder information, all written responses and objections thereto, and the hearing on the Motion held on May 17, 2011, and for good cause shown, the Court hereby enters the following order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure made applicable by Rule 9014 and Rule 7026 of the Federal Rules of Bankruptcy Procedure to govern disclosure of information and documents in connection with Tribune Company shareholder information sought in connection with the above-captioned bankruptcy proceedings.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Motion.

It is hereby ORDERED that:

1.      The Motion is GRANTED.

2.      In connection with this Court's Order Granting (I) Relief from the Automatic Stay to the Extent the Automatic Stay Bars Commencement by Creditors of State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders and (II) Leave from the Mediation Order to Permit Commencement of Litigation on Account of Such Claims (entered April 25, 2011) [D.I. 8740], the Committee is authorized to produce the subpoenaed information to the Aurelius Plaintiff Group and to any other party that requests such information pursuant to lawful process (each a "Requesting Party"),[2] provided that the Requesting Party executes and returns to counsel for the Committee a confidentiality agreement in the same form as that attached hereto as Exhibit A.

3.      The Court shall retain jurisdiction to interpret or enforce this Order.

Dated: _____ May 19 _____, 2011
       Wilmington, Delaware

_____
The Honorable Kevin J. Carey,
Chief United States Bankruptcy Judge

---

[2] The Committee has also received a request from counsel for the Retiree Claimants for the same information sought by the Aurelius Plaintiff Group.

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is entered into as of May ___, 2011 by and between Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") and Friedman Kaplan Seiler & Adelman LLP ("Friedman Kaplan" and together with Akin Gump, the "Requesting Party") and Zuckerman Spaeder LLP ("Zuckerman") and Landis Rath & Cobb LLP ("Landis" and together with Zuckerman, the "Producing Party"; and the Requesting Party together with the Producing Party, the "Parties," or singly a "Party"), as co-counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee").

## WITNESSETH

WHEREAS, Landis and Zuckerman on behalf of the Creditors' Committee filed Adversary Proceeding No. 10-54010 (KJC) on November 1, 2010 (the "Adversary Proceeding") in the bankruptcy cases filed under Chapter 11 of the Bankruptcy Code by the Tribune Company and certain of its affiliates (collectively, the "Debtors") titled In re Tribune Co., et al., Case No. 08-13141 (KJC) (Jointly Administered), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the Bankruptcy Court has granted parties represented by the Requesting Party leave to commence civil actions to assert certain claims under applicable state law (the "State-Law Actions");

WHEREAS, the Requesting Party served the Producing Party with a Subpoena with a request for documents dated April 29, 2011 (the "Subpoena"), in connection with the Adversary Proceeding and in anticipation of the State-Law Actions;

WHEREAS, in responding to the Subpoena, the Producing Party will provide the Requesting Party with documents, as that term is defined in the subpoena ("Documents"), including Documents that contain or constitute responsive, nonpublic information or confidential or proprietary business, technical or financial information, including nonpublic or confidential information provided by one or more persons or entities (each an "Originating Party") to the Producing Party in connection with the Adversary Proceeding ("Confidential Information");

WHEREAS, any Originating Party is a third-party beneficiary of the Agreement and has an interest in protecting the confidentiality of its Confidential Information.

WHEREAS, the Parties to this Agreement acknowledge the importance of preserving the confidentiality of the Confidential Information and Confidential Information that is designated by any Originating Party as "Highly Confidential—Attorneys' Eyes Only" (as defined below) and agree to abide by this Agreement with respect thereto;

NOW, THEREFORE, the Parties hereby agree as follows:

1.      The term "Confidential Information" shall also include any notes, summaries, compilations, memoranda, minutes or similar materials disclosing or discussing Confidential Information. The Confidential Information shall be furnished or otherwise disclosed or made known to the Requesting Party and its local counsel subject to the terms and conditions of this

1

Agreement. This Agreement and the obligations of the Requesting Party shall apply to all Confidential Information regardless of whether it is provided by the Producing Party or its counsel, consultants, accountants, experts, auditors, examiners, financial advisors or other agents or professionals (collectively, "Advisors").

2.     All Documents that the Producing Party produces in response to the Subpoena, including Documents identifying parties who subsequently may be named as parties in the State-Law Actions, will be used solely in connection with the State-Law Actions and related proceedings. All Confidential Information furnished, disclosed or made known to the Requesting Party or its local counsel by the Producing Party or its Advisors after execution of this Agreement, whether tangible or intangible, and in whatever medium provided, including, but not limited to, in written form, orally, or through any electronic, facsimile or computer-related communication, whether disclosed intentionally or unintentionally, and all information generated by the Requesting Party or its local counsel or any of their Advisors that contains, reflects or is derived from the Confidential Information, shall be used by the Requesting Party and its local counsel solely and exclusively in connection with the State-Law Actions and related proceedings. The Requesting Party and its local counsel and each of their Advisors shall each carry out its obligations hereunder using a reasonable degree of care. For purposes of this Agreement, the term "related proceedings" shall refer to any action or proceeding commenced in any federal or state court or foreign tribunal (including, but not limited to, any court or tribunal to which the State-Law Actions are removed, transferred, or consolidated) for purposes of preserving or recovering assets, acquiring discovery in aid of and/or obtaining, enforcing, or collecting on a judgment in connection with the State-Law Actions.

3.     The Producing Party shall produce documents with the same designations as the documents produced to it by the Originating Party. Documents designated as "Highly Confidential—Attorneys' Eyes Only" contain Confidential Information that is competitively sensitive and/or proprietary to the Producing Party, the Debtors or the Originating Party, or from which competitively sensitive or proprietary information belonging to the Producing Party, the Debtors or the Originating Party could be derived. This includes, without limitation: (a) Documents containing information relating to confidential financial and/or business operations, business ventures, strategic plans, processes, designs, applications or trade secrets; and/or (b) information required to be maintained confidential by federal, state or local laws, rules, regulations or ordinances governing or relating to privacy rights, including any and all personally identifiable financial information and nonpublic personal information of customers and consumers. In addition, the Originating Party may have designated as "Confidential" those Documents that it believes in good faith constitute or contain other categories of nonpublic information that is competitive or sensitive in nature.

4.     The Requesting Party and its local counsel shall not provide Documents designated "Highly Confidential—Attorneys' Eyes Only" to any person or entity other than to: (a) attorneys, clerical, paralegal and secretarial staff employed by the Requesting Party or its local counsel, who shall be bound by this Agreement; or (b) Advisors of the Requesting Party or its local counsel who agree to be bound by this Agreement by executing the attached Exhibit A.

5.     Any Document produced by the Producing Party to the Requesting Party may be provided to Aurelius Capital Management, LP ("Aurelius"), provided that Aurelius agrees to be bound by this Agreement by executing the attached Exhibit A.

6.     Notwithstanding any other provision in this Agreement: (a) parties who have been identified in Documents produced in response to the Subpoena may be publicly named as parties in the State-Law Actions or related proceedings, provided, however, that any such publicly-named party shall not in any way be publicly associated, linked, or otherwise identified as having been at any point in time related to or a customer of the Originating Party; and (b) information concerning the timing and amount of payments to such parties may be included in any pleading filed by the Requesting Party or its local counsel in connection with the State-Law Actions or related proceedings, provided that the Requesting Party or its local counsel takes the necessary steps to file any such pleading under seal or otherwise prevent the public release of such information.

7.     Notwithstanding any other provision in this Agreement, nothing herein shall prevent disclosure of any information: (a) if the Requesting Party receives consent to disclose such information from either the Originating Party or the customer or client of the Originating Party; (b) that is in the public domain at the time of disclosure, was previously in the public domain, or becomes part of the public domain through no fault of the Producing Party, the Requesting Party or Originating Party; or (c) if the Requesting Party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party. Upon receiving consent to disclose information pursuant to subsection (a) of this paragraph 7, the Requesting Party shall promptly notify the Producing Party and the Originating Party (if consent is provided by a customer or client of the Originating Party) and identify the information that may be disclosed.

8.     If the Requesting Party objects to the designation of any Documents as "Highly Confidential—Attorneys' Eyes Only" or "Confidential," or seeks a waiver of such designation, the Requesting Party will initially contact the Originating Party in an effort to resolve the dispute and, if that effort is unsuccessful, may apply to the Bankruptcy Court for relief. Upon initiating contact with the Originating Party under this paragraph 8, the Requesting Party shall promptly notify the Producing Party of such contact. Absent a written waiver or agreement from the Originating Party or an order of the Bankruptcy Court to the contrary, Documents designated "Highly Confidential—Attorneys' Eyes Only" or "Confidential" may be shown only to the Parties specified above.

9.     Should access to Documents stamped "Highly Confidential—Attorneys' Eyes Only" or "Confidential" be sought from the Requesting Party or its local counsel or any Advisor retained by any of them by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the Requesting Party or its local counsel, as appropriate, will, unless prohibited by applicable law or regulation: (a) promptly notify counsel to the Originating Party, and the Producing Party, in writing of the requested access; (b) prior to producing any such Documents, provide the Originating Party ten (10) business days to seek a court order preventing or limiting the production of such Documents; and (c) use best efforts to enter into a confidentiality agreement with the person seeking access to such Documents that provides the Originating Party substantially the same protections as this Confidentiality Agreement.

3

10.    All Confidential Information, unless otherwise specified in writing, may be used as provided herein, but shall remain the property of the Originating Party. Ninety (90) days following the closing of all State-Law Actions and related proceedings, each recipient of Confidential Information who received such Confidential Information in connection with State-Law Actions and related proceedings agrees to promptly destroy all Confidential Information, including, without limitation, all documents, reports and exhibits provided by or on behalf of the Producing Party and all working papers containing any Confidential Information or extracts therefrom. In addition, and subject to the same proviso as immediately above, each recipient agrees at that time to destroy all copies of any notes, analyses, compilations, studies or other documents that it or its Advisors prepared containing or reflecting any Confidential Information. If requested by the Producing Party or the Originating Party, after destruction each recipient of Confidential Information will deliver a certificate executed by an appropriate officer of the recipient certifying that all such materials have been destroyed.

11.    In order to facilitate the requirements of paragraphs 7, 8, 9, and 10 of this Agreement, the Producing Party shall provide the Requesting Party with information sufficient to specifically identify the Originating Party of any Document or information produced to the Requesting Party in response to the Subpoena.

12.    The Requesting Party acknowledges that irreparable damage would occur to the Originating Party if any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached and that remedies at law for any actual or threatened breach by it of the covenants contained in this Agreement shall be inadequate and that the Originating Party will be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Agreement, in addition to all other remedies available to the Originating Party at law or in equity. During the pendency of the State-Law Actions and related proceedings, all Parties hereto consent to the jurisdiction and venue of the Bankruptcy Court with respect to any controversy or claims arising out of or related to this Agreement or the use or disclosure or rights pertaining to Confidential Information. Upon conclusion of all State-Law Actions and related proceedings, all Parties consent to the jurisdiction and venue of the federal and state courts located in the State of Delaware with respect to any such controversy or claims. EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT.

13.    The inadvertent production of privileged information by the Producing Party or the Originating Party shall not constitute a waiver of any applicable privilege and the Requesting Party and its local counsel will return to the Producing Party any such materials inadvertently produced.

14.    Nothing in this Agreement serves as a waiver of any objections that an Originating Party may have in any State Law Actions or related proceedings.

Executed this ___ day of May, 2011.

AKIN GUMP STRAUSS HAUER & FELD LLP

By:_____

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

By:_____

LANDIS RATH & COBB LLP

By:_____

ZUCKERMAN & SPAEDER LLP

By:_____

## EXHIBIT A

In connection with the Confidentiality Agreement (the "Agreement") dated May ___, 2011 between Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") and Friedman Kaplan Seiler & Adelman LLP ("Friedman Kaplan" and together with Akin Gump, the "Requesting Party") and Zuckerman Spaeder LLP ("Zuckerman") and Landis Rath & Cobb LLP ("Landis" and together with Zuckerman, the "Producing Party"; and the Requesting Party together with the Producing Party, the "Parties," or singly a "Party"), as co-counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee"), the undersigned hereby agrees as follows (capitalized terms not defined herein shall have the meanings ascribed to those terms in the Agreement):

     1.     The undersigned has (i) been provided with a copy of the Agreement, (ii) read the Agreement, (iii) had an opportunity to review the Agreement with counsel, and (iv) been authorized to execute this Exhibit A to the Agreement.

     2.     To the extent that the Requesting Party or its local counsel provides the undersigned with documents designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" produced pursuant to the Agreement and the Subpoena, the undersigned agrees to be bound by the Agreement and that such documents shall only be used in connection with the State-Law Actions and related proceedings and shall not be provided to anyone other than as permitted under the Agreement.

     3.     Should access to Documents designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" be sought from the undersigned by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the undersigned agrees that, unless prohibited by applicable law or regulation, it will: (a) promptly notify counsel to the Originating Party, and the Producing Party, in writing of the requested access; and (b) prior to producing such Documents, provide the Originating Party with a reasonable opportunity to seek a court order preventing or limiting the production of such Documents.

     4.     The undersigned agrees that the inadvertent production of privileged information by the Originating Party shall not constitute a waiver of any applicable privilege and that it will return to the Originating Party any such materials inadvertently produced.

Agreed and Accepted:            May ____, 2011

_____

(Company Name)

By:_____
    Name:
    Title:

EFiled:  Jun  2 2011 11:47PM EDT
Transaction ID 37926119
Case No. N11C-06-015 FSS

## EXHIBIT C

| Confidential Stock Transferees | Additional Confidential Transferee Information | Address | City | State | Zip |
|---|---|---|---|---|---|
| PCRG | TMS/ITS SETT A/C FOR 05602646 | DCG Services, Inc.100 South Rockland Falls Road, P.O. Box 4175 | WILMINGTON | DE | 19807 |
| ABSOLUTE ALPHA FUND LP | TMS/ITS SETT A/C FR AGORALOGOS | 2711 CENTERVILLE ROAD  SUITE 400 | WILMINGTON | DE | 19808-1645 |
| RELATIVE VALUE FD LP | HIGHBRIDGE EVENT DRVIEN RE HIGHBRIDGE CAP MGMT LLC | 1209 ORANGE ST | WILMINGTON | DE | 19801 |
| SECURITIES LLC | TMS/ITS A/C FOR REVERE STREET | National Corporate Research, Ltd.  615 SOUTH DUPONT HIGHWAY | DOVER | DE | 19901 |
| ULTRA SELECT LP | TMS/ITS SETT A/C FOR TRADEWORX C/O CORP SERVICE COMPANY | 2711 CENTERVILLE RD SUITE 400 | WILMINGTON | DE | 19808-1645 |
| PFPC, INC. | ATTN: DANIEL BRAIDWOOD | 163 BELLEVUE PARKWAY | WILMINGTON | DE | 19809 |
| PCRG | TMS/ITS SETT A/C FOR 05602646 | DCG Services, Inc.100 South Rockland Falls Road, P.O. Box 4175 | WILMINGTON | DE | 19807 |
| PCRG | TMS/ITS SETT A/C FOR 05602645 | DCG Services, Inc.100 South Rockland Falls Road, P.O. Box 4175 | WILMINGTON | DE | 19807 |
| INVESCO SPG INDEX TRUST | INVESCO SPG INDEX TRUST | 4005 KENNETT PIKE SUITE 250 | GREENVILLE | DE | 19807 |
| NEXUS MULTI STRATEGY FD SPV I | TMS/ITS SETT A/C FOR AGILE LLC (TRADEWORX) | 1209 ORANGE STREET | WILMINGTON | DE | 19801-1120 |

**EFiled:  Jun  2 2011 11:47PM EDT**
**Transaction ID 37926119**
**Case No. N11C-06-015 FSS**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| PARENT COMPANY PLAINTIFFS | C.A. No. _____ |
| | **PRAECIPE** |

William A. Niese; James R. Simpson; W. Thomas Johnson, Jr.;
Richard T. Schlosberg, III; Efrem Zimbalist, III; Fred A. Abatemarco;
Gerald J. Alcantar; Richard S. Alfano; C. Michael Armstrong; Gary
M. Arnold; John M. Arthur; William H. Barlow; David S. Barrett;
Bruce E. Barwick; Todd A. Becker; George Bell; Susan P. Bell; Horst
A. Bergmann; Edward L. Blood; Gregory L. Bowlin; Robert F.
Brandt; Alan L. Brauer; Leo Brennan; Kenneth H. Brief; Robert N.
Brisco; Patricia G. Campbell; Dian S. Carpenter; John S. Carroll;
Kathleen M. Casey; Rajender K. Chandhok; Randolph R. Charles;
Janet T. Clayton; Patrick A. Clifford; Andrew W. Clurman; C. Shelby
Coffey, III; Stuart K. Coppens; George J. Cotliar; William D.
Crawford; Barbara R. DeYoung; John F. Dill; Ann E. Dilworth;
Kathryn M. Downing; Beverly Dreher; Elizabeth V. Drewry; Michael
S. Dubester; John M. Dyer; Robert F. Erburu; David A. Esgro; Joanne
K. Falk; Peter J. Fernald; James E. Fitzgerald; Michael J. Forgione;
Donald H. Forst; Douglas Fox; Vance I. Furukawa; Debra A. Gastler;
Gary P. Goldstein; Edward J. Gottsman; Marian Lewis (for the estate
of Kenneth Graham); Robert T. Grant; Richard Guerrero; Lee J.
Guittar; James F. Guthrie; Delynn T. Guttry; Kenneth L. Halajian;
Charlotte H. Hall; Jean Halle; Michael J. Haugh; Janis Heaphy; James
D. Helin; Curtis A. Hessler; James H. Higby; Lawrence M. Higby;
Raymond Holton; Karen Laukka Horn; Leslie M. Howard; Mark E.
Howe; Joseph M. Hughes; Alberto Ibarguen; James Imbriaco; Steven
L. Isenberg; William R. Isinger; Raymond Jansen, Jr.; Edward E.
Johnson; Robert M. Johnson; Mary E. Junck; Scott W. Kabak; Judith
S. Kallet; William F. Keller; Joan Kellermann (for the estate of
Donald S. Kellermann); Victoria King; Jason E. Klein; Jeffrey S.
Klein; Susan K. Klutnick; James L. Kopper; Sally Kuekes; Mark H.
Kurtich; Kimberly McCleary LaFrance; Jeffrey W. Lankey; David A.
Laventhol; R. Marilyn Lee Schneider; Martin P. Levin; Jesse E.
Levine; Nancy Lobdell; Robert G. Magnuson; Anthony J. Marro;
Donald S Maxwell; Kathleen G. McGuinness; John C. McKeon; Jack
E. Meadows; Stephen C. Meier; Janie Molvar; Roger H. Molvar;
Durham J. Monsma; John T. Nash; Nicholas H. Niles; James H.
Norris; James H. Nuckols; Nancy W. O'Neill; Robert T. O'Sullivan;
Francis P. Pandolfi; Michael C. Parks; Jeffrey N. Paro; John F.
Patinella; Janette O. Payne; Carol Perruso; Victor A. Perry; Maureen
G. Peterson; Martha A. Petty; Jack L. Plank; Elizabeth F. Redmond; S.
Keating Rhoads; Michael R. Riley; Michael G. Rose; William J.
Rowe; Jerome S. Rubin; Alexander Sann; Geraldine Scally; Herbert

K. Schnall; Charles I. Schneider; Hilary A. Schneider; Howard S. Schneider; Brian J. Sellstrom; James D. Shaw; Dennis A. Shirley; Gary K. Shorts; Louis Sito; Richard W. Stanton; Judith L. Sweeney; Stender E. Sweeney; James S. Toedtman; Sharon S. Tunstall; Michael S. Udovic; Michael J. Valenti; Karen J. Wada; Claudia A. Wade; James W. Wallace; Michael E. Waller; Larry W. Wangberg; Howard Weinstein; William D. Wiegand; Mary A. Wild; Mark H. Willes; Phillip L. Williams; Hazel E. Wilson; Julia C. Wilson; Harold F. Woldt, Jr.; Leo Wolinsky; Donald F. Wright; John W. Young; John J. Zakarian; Norene Zapanta (trustee for Dr. Edward Zapanta Trust);

SUBSIDIARY PLAINTIFFS (without duplicates)

Sharon M. Bowen; James Willard Colston; Grace E. Crowder; John Darnall; Kenneth G. Davis; Mary M. Downes; Paul H. Egan; Arnold J. Kleiner; John R. Murphy; Barbara Sample (for the estate of Jack W. Neely); Carolyn Selzer; William F. Thomas; Caroline Thorpe; Robert E. Trainor; Herbert J. Vida,

Plaintiffs,

vs.

A.G. Edwards, Inc.; A. G. EDWARDS & SONS, LLC; A. G. EDWARDS Private Equity Partners III, L.P.; Abbey National Securities Inc.; Baird (Robert W.) & Co. Incorporated; Banc of America Securities LLC; Bank of America Corporation; Bank West Trust I; Bank West Trust II; BMO Nesbitt Burns Employee Co-Investment Fund I (U.S.) L.P.; BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.) GP, L.P.; BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.), L.P.; BMO Nesbitt Burns U.S. Blocker Inc.; Cheyne Capital Management, Inc.; Cheyne Capital Management, LLC; Citadel Investment Group, L.L.C.; City National Bank of New Jersey Capital Trust I; Davenport & Company LLC; Deutsche Bank Securities Inc.; Dimensional Fund Advisors LP; E*Trade Clearing LLC; Federated Investors Corporation; Federated Investors; First Clearing LLC; Goldman Sachs International Holdings LLC; HBK Investments L.P.; J.J.B. Hilliard, W.L. Lyons, LLC; Janney Montgomery Scott, LLC, (f/k/a Janney Montgomery Scott, Inc.); LSV Asset Management; M.L. Stern & Co., LLC; Northern Trust Global Advisors, Inc.; Penson Financial Futures, Inc.; PNC Bank, Delaware; RBC Capital Markets Arbitrage, LLC; RBC Capital Markets Holdings (USA) Inc.; RBC Capital Markets Corporation; RBC Dominion Securities L.L.C.; Regions Financial Corporation; Renaissance Technologies Holdings Corporation; Renaissance Technologies LLC; Renaissance Technology Group Inc.; Renaissance

Tech. Inc.; Romano Brothers Investors, LLC; Sanford C. Bernstein & Co., LLC; Southwest Securities, Inc.; State Street Global Advisors, Inc.; Stephens, Inc. (a.k.a. Stephens Inc.); SunTrust Bank; The DFA Investment Trust Company; The Northern Trust Company; The Vanguard Group, Inc.; U.S. Trust Company of Delaware; U.S. Trust Capital A; UBS Global Asset Management (US) Inc.; UBS Global Asset Management (Americas) Inc.; UBS Securities LLC; US Bancorp Investments, Inc.; USAA Investment Management Company; Wells Fargo Investment, LLC; Wilmington Trust Company;

and

PCRG; Absolute Alpha Fund LP; Relative Value FD LP; Securities LLC; Ultra Select LP; PFPC, Inc., Invesco SPG Index Trust; Nexus Multi Strategy FD SPV I and John Doe 1 thru John Doe 2000,

Defendants.

## PRAECIPE

PLEASE ISSUE a writ of summons to be served, pursuant to 10 Del. Code. § 3103, upon Bank of America Corporation by its registered agent, The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

IF THE AFOREMENTIONED registered agent refuses to accept service of the summons on behalf of the above-named defendant, please direct the Sheriff to leave said summons and a copy of the Complaint at the registered agent's usual abode in the presence of some adult person.

Dated: June 2, 2011        Respectfully submitted,
    Wilmington, Delaware

HILLER & ARBAN, LLC

/s/ **Adam Hiller**
Adam Hiller (DE No. 4105)
Brian Arban (DE No. 4511)
1500 North French Street, 2nd Floor
Wilmington, Delaware 19801
(302) 442-7676 telephone
ahiller@hillerarban.com

- and -

Jay Teitelbaum, Esq.
Teitelbaum & Baskin, LLP
3 Barker Avenue, 3rd Floor
White Plains, New York 10601
Telephone:  (914) 437-7670
Facsimile:  (914) 437-7672
jteitelbaum@tblawllp.com
(To Be Admitted Pro Hac Vice)

*Attorneys for Plaintiffs*

**EFiled:  Jun  2 2011 11:47PM EDT**
**Transaction ID 37926119**
**Case No. N11C-06-015 FSS**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| PARENT COMPANY PLAINTIFFS | **C.A. No. _____** |
| | |
| William A. Niese; James R. Simpson; W. Thomas Johnson, Jr.; Richard T. Schlosberg, III; Efrem Zimbalist, III; Fred A. Abatemarco; Gerald J. Alcantar; Richard S. Alfano; C. Michael Armstrong; Gary M. Arnold; John M. Arthur; William H. Barlow; David S. Barrett; Bruce E. Barwick; Todd A. Becker; George Bell; Susan P. Bell; Horst A. Bergmann; Edward L. Blood; Gregory L. Bowlin; Robert F. Brandt; Alan L. Brauer; Leo Brennan; Kenneth H. Brief; Robert N. Brisco; Patricia G. Campbell; Dian S. Carpenter; John S. Carroll; Kathleen M. Casey; Rajender K. Chandhok; Randolph R. Charles; Janet T. Clayton; Patrick A. Clifford; Andrew W. Clurman; C. Shelby Coffey, III; Stuart K. Coppens; George J. Cotliar; William D. Crawford; Barbara R. DeYoung; John F. Dill; Ann E. Dilworth; Kathryn M. Downing; Beverly Dreher; Elizabeth V. Drewry; Michael S. Dubester; John M. Dyer; Robert F. Erburu; David A. Esgro; Joanne K. Falk; Peter J. Fernald; James E. Fitzgerald; Michael J. Forgione; Donald H. Forst; Douglas Fox; Vance I. Furukawa; Debra A. Gastler; Gary P. Goldstein; Edward J. Gottsman; Marian Lewis (for the estate of Kenneth Graham); Robert T. Grant; Richard Guerrero; Lee J. Guittar; James F. Guthrie; Delynn T. Guttry; Kenneth L. Halajian; Charlotte H. Hall; Jean Halle; Michael J. Haugh; Janis Heaphy; James D. Helin; Curtis A. Hessler; James H. Higby; Lawrence M. Higby; Raymond Holton; Karen Laukka Horn; Leslie M. Howard; Mark E. Howe; Joseph M. Hughes; Alberto Ibarguen; James Imbriaco; Steven L. Isenberg; William R. Isinger; Raymond Jansen, Jr.; Edward E. Johnson; Robert M. Johnson; Mary E. Junck; Scott W. Kabak; Judith S. Kallet; William F. Keller; Joan Kellermann (for the estate of Donald S. Kellermann); Victoria King; Jason E. Klein; Jeffrey S. Klein; Susan K. Klutnick; James L. Kopper; Sally Kuekes; Mark H. Kurtich; Kimberly McCleary LaFrance; Jeffrey W. Lankey; David A. Laventhol; R. Marilyn Lee Schneider; Martin P. Levin; Jesse E. Levine; Nancy Lobdell; Robert G. Magnuson; Anthony J. Marro; Donald S Maxwell; Kathleen G. McGuinness; John C. McKeon; Jack E. Meadows; Stephen C. Meier; Janie Molvar; Roger H. Molvar; Durham J. Monsma; John T. Nash; Nicholas H. Niles; James H. Norris; James H. Nuckols; Nancy W. O'Neill; Robert T. O'Sullivan; Francis P. Pandolfi; Michael C. Parks; Jeffrey N. Paro; John F. Patinella; Janette O. Payne; Carol Perruso; Victor A. Perry; Maureen G. Peterson; Martha A. Petty; Jack L. Plank; Elizabeth F. Redmond; S. Keating Rhoads; Michael R. Riley; Michael G. Rose; William J. Rowe; Jerome S. Rubin; Alexander Sann; Geraldine Scally; Herbert | **PRAECIPE** |

K. Schnall; Charles I. Schneider; Hilary A. Schneider; Howard S.
Schneider; Brian J. Sellstrom; James D. Shaw; Dennis A. Shirley;
Gary K. Shorts; Louis Sito; Richard W. Stanton; Judith L. Sweeney;
Stender E. Sweeney; James S. Toedtman; Sharon S. Tunstall; Michael
S. Udovic; Michael J. Valenti; Karen J. Wada; Claudia A. Wade;
James W. Wallace; Michael E. Waller; Larry W. Wangberg; Howard
Weinstein; William D. Wiegand; Mary A. Wild; Mark H. Willes;
Phillip L. Williams; Hazel E. Wilson; Julia C. Wilson; Harold F.
Woldt, Jr.; Leo Wolinsky; Donald F. Wright; John W. Young; John J.
Zakarian; Norene Zapanta (trustee for Dr. Edward Zapanta Trust);

SUBSIDIARY PLAINTIFFS (without duplicates)

Sharon M. Bowen; James Willard Colston; Grace E. Crowder; John
Darnall; Kenneth G. Davis; Mary M. Downes; Paul H. Egan; Arnold J.
Kleiner; John R. Murphy; Barbara Sample (for the estate of Jack W.
Neely); Carolyn Selzer; William F. Thomas; Caroline Thorpe; Robert
E. Trainor; Herbert J. Vida,

                    Plaintiffs,

vs.

A.G. Edwards, Inc.; A. G. EDWARDS & SONS, LLC; A. G.
EDWARDS Private Equity Partners III, L.P.; Abbey National
Securities Inc.; Baird (Robert W.) & Co. Incorporated; Banc of
America Securities LLC; Bank of America Corporation; Bank West
Trust I; Bank West Trust II; BMO Nesbitt Burns Employee Co-
Investment Fund I (U.S.) L.P.; BMO Nesbitt Burns Employee Co-
Investment Intermediate (U.S.) GP, L.P.; BMO Nesbitt Burns
Employee Co-Investment Intermediate (U.S.), L.P.; BMO Nesbitt
Burns U.S. Blocker Inc.; Cheyne Capital Management, Inc.; Cheyne
Capital Management, LLC; Citadel Investment Group, L.L.C.; City
National Bank of New Jersey Capital Trust I; Davenport & Company
LLC; Deutsche Bank Securities Inc.; Dimensional Fund Advisors LP;
E*Trade Clearing LLC; Federated Investors Corporation; Federated
Investors; First Clearing LLC; Goldman Sachs International Holdings
LLC; HBK Investments L.P.; J.J.B. Hilliard, W.L. Lyons, LLC;
Janney Montgomery Scott, LLC, (f/k/a Janney Montgomery Scott,
Inc.); LSV Asset Management; M.L. Stern & Co., LLC; Northern
Trust Global Advisors, Inc.; Penson Financial Futures, Inc.; PNC
Bank, Delaware; RBC Capital Markets Arbitrage, LLC; RBC Capital
Markets Holdings (USA) Inc.; RBC Capital Markets Corporation;
RBC Dominion Securities L.L.C.; Regions Financial Corporation;
Renaissance Technologies Holdings Corporation; Renaissance
Technologies LLC; Renaissance Technology Group Inc.; Renaissance

Tech. Inc.; Romano Brothers Investors, LLC; Sanford C. Bernstein & Co., LLC; Southwest Securities, Inc.; State Street Global Advisors, Inc.; Stephens, Inc. (a.k.a. Stephens Inc.); SunTrust Bank; The DFA Investment Trust Company; The Northern Trust Company; The Vanguard Group, Inc.; U.S. Trust Company of Delaware; U.S. Trust Capital A; UBS Global Asset Management (US) Inc.; UBS Global Asset Management (Americas) Inc.; UBS Securities LLC; US Bancorp Investments, Inc.; USAA Investment Management Company; Wells Fargo Investment, LLC; Wilmington Trust Company;

and

PCRG; Absolute Alpha Fund LP; Relative Value FD LP; Securities LLC; Ultra Select LP; PFPC, Inc., Invesco SPG Index Trust; Nexus Multi Strategy FD SPV I and John Doe 1 thru John Doe 2000,

Defendants.

## PRAECIPE

PLEASE ISSUE a writ of summons to be served, pursuant to 10 Del. Code. § 3103, upon Banc of America Securities LLC by its registered agent, The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

IF THE AFOREMENTIONED registered agent refuses to accept service of the summons on behalf of the above-named defendant, please direct the Sheriff to leave said summons and a copy of the Complaint at the registered agent's usual abode in the presence of some adult person.

Dated: June 2, 2011
        Wilmington, Delaware

Respectfully submitted,

HILLER & ARBAN, LLC

**/s/ Adam Hiller**
Adam Hiller (DE No. 4105)
Brian Arban (DE No. 4511)
1500 North French Street, 2nd Floor
Wilmington, Delaware 19801
(302) 442-7676 telephone
ahiller@hillerarban.com

- and -

Jay Teitelbaum, Esq.
Teitelbaum & Baskin, LLP
3 Barker Avenue, 3rd Floor
White Plains, New York 10601
Telephone:  (914) 437-7670
Facsimile:  (914) 437-7672
jteitelbaum@tblawllp.com
(To Be Admitted Pro Hac Vice)

*Attorneys for Plaintiffs*