IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM A. NIESE, *et al.*,<br><br>   Plaintiffs,<br><br>vs.<br><br>A.G. EDWARDS, INC., *et al.*,<br><br>   Defendants. | Case No. 11-CV-00583-(GMS) |

**RETIREE PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO STAY PROCEEDINGS, INCLUDING DEFENDANTS' TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Dated: November 18, 2011
  Wilmington, Delaware

        Adam Hiller (DE No. 4105)
        Brian Arban (DE No. 4511)
        HILLER & ARBAN, LLC
        1500 North French Street, 2nd Floor
        Wilmington, Delaware 19801
        (302) 442-7676 telephone
        ahiller@hillerarban.com

        -and-

        Jay Teitelbaum, Esquire
        TEITELBAUM & BASKIN, LLP
        1 Barker Avenue Third Floor
        White Plains, New York 10601
        (914) 437-7670
        jteitelbaum@tblawllp.com

        *Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

Prior to Filing the Stay Motion, Counsel to Retiree Plaintiffs Conferred With Counsel to USAA IMCO ........................................................................................................................ 3

Reference to The Voluntary Dismissal of Janney is Improper and Irrelevant ................................. 4

This Court Has Determined That A Stay of This Action is Warranted ........................................ 4

Allegations of Constructive Fraud Have No Effect on USAA IMCO's Business Reputation ........ 4

Entry of a Stay in This Action Will Yield an Economic Benefit for All Defendants ..................... 5

Fed. R. Civ. P. 14(a)(1) Has No Effect on USAA IMCO's Ability to Assert a Third-Party Claim . .................................................................................................................................................. 6

The SLCFC Order Applies to State Law Constructive Fraudulence Conveyance Claims Brought Pursuant to the Uniform Fraudulent Transfer Act ................................................................... 7

Misplaced Reliance Upon *Packer v. Power Balance, LLC* ............................................................. 8

CONCLUSION .............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Air Crash Disaster at John F. Kennedy Int'l Airport*, 407 F.Supp. 244, 246 (J.P.M.L. 1976) ....... 6

*Hartford Acc. & Indem. Co. v. Long*, 245 A.2d 800, 803 (Del.Ch. 1968) ......................................... 7

*In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) ................................. 6

*Packer v. Power Balance, LLC*, 2011 WL 1099001 (D.N.J. March 22, 2011) ............................ 8, 9

*Rembrandt Technologies, L.P. v. Harris Corp.*, 2009 WL 1509103, at *5 (Del. Super. May 22, 2009) ....................................................................................................................................... 9

*Tudor Development Group, Inc. v. U.S. Fidelity & Guar. Co.*, 968 F.2d 357, 361 (3d Cir. 1992) 7

**Statutes**

11 U.S.C. § 362(a) ........................................................................................................................ 8

11 U.S.C. § 546(a) ........................................................................................................................ 7

28 U.S.C. § 1407 .......................................................................................................................... 6

Federal Rule of Civil Procedure 4 ............................................................................................. 3, 5

Federal Rule of Civil Procedure 14(a)(1) .................................................................................. 6, 7

Federal Rule of Civil Procedure 21 ........................................................................................... 10

Federal Rule of Civil Procedure 26(d)(1) .................................................................................. 10

Federal Rule of Civil Procedure 41 ........................................................................................... 10

Retiree Plaintiffs, 187 individual retirees of The Times Mirror Company, the Tribune Company ("**Tribune**")[1] and/or one or more of 110 affiliates or subsidiaries of the Tribune Company ("**Tribune Entities**" or "**Debtors**"), individual creditors of Tribune and/or one or more of the Tribune Entities, holding claims of in excess of $109 Million as a result of unpaid retirement benefits (the "**Retiree Plaintiffs**"), by and through their undersigned counsel, for their Reply in Further Support of the Motion to Stay Proceedings, Including Defendants' Time to Answer or Otherwise Respond to the Complaint, respectfully state as follows:

## PRELIMINARY STATEMENT

The Retiree Plaintiffs, pursuant to an order of the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), commenced this action to avoid and recover transfers made to shareholders of Tribune as part of a failed LBO. The Retiree Plaintiffs have sought a stay of this action to permit this action and 47 related actions to be considered for coordinated pretrial proceedings in a multidistrict litigation (an "**MDL Proceeding**") and coordinated with any approved MDL Proceeding, and to comply with the SLCFC Order issued by the Bankruptcy Court.

This Court, on identical facts, has already determined that a stay is necessary and appropriate in each of (i) *Deutsche Bank Trust Company Americas, et al. v. Alliance Capital Management LLC, et al.*, 1:11-CV-00612; (ii) *Deutsche Bank Trust Company Americas, et al. v. Verizon Investment Management Corporation, et al.,* 1:11-CV-00613; (iii) *Deutsche Bank Trust Company Americas et al. v. Wells Fargo Investments LLC, et*

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in Retiree Plaintiffs' Opening Brief in Support of Retiree Plaintiffs' Motion to Stay Proceedings, Including Defendants' Time to Answer or Otherwise Respond to the Complaint (ECF Docket No. 35).

1

*al.*, 1:11-CV-00609; and (iv) *Deutsche Bank Trust Company Americas et al.. v. Sowood Alpha Fund LP, et al.*, 1:11-CV-00618 (four of the five "**DE Noteholder Actions**").

In addition, substantially identical motions, on identical facts have been granted in the New York and Illinois Retiree Actions and in at least 39 of the 44 Noteholder Actions pending in various courts throughout the country. (See Exhibit B, Teitelbaum Declaration – ECF Docket No. 37).

The Judicial Panel on Multidistrict Litigation ("**JPMDL**") has scheduled a hearing for December 1, 2011 in Savannah, Georgia to consider whether to grant the Noteholder's MDL Motion and the Retiree Plaintiffs' request for "tag along status", thereby consolidating 48 substantively identical actions for pretrial proceedings.

On October 31, 2011, the Bankruptcy Court, in connection with the Bankruptcy Cases, rendered a 126 page opinion denying confirmation of the two competing plans of reorganization proposed by the Debtors, certain senior lenders and the Creditors' Committee on the one hand, and various Noteholders on the other.  A copy of the decision is available on the ECF Website at Docket No. 10133 for the Tribune Bankruptcy Case No. 08-13141-KJC.  As a result, it is expected that further proceedings in the Bankruptcy Case will occur through at least the first half of 2012 and that the provisions of the SLCFC Order will need to remain in place in order to permit the Bankruptcy Court to continue to administer the Bankruptcy Cases.

Interestingly, of all the parties served with the Stay Motion in this action and of the nearly 750 parties served with substantially identical motions in the three other pending Retiree Actions, USAA Investment Management Company ("**USAA IMCO**") is the sole party which has objected to a stay of proceedings.  USAA IMCO has accused

2

the Retiree Plaintiffs of filing the Stay Motion to essentially hold parties hostage and ransom a settlement (USAA IMCO's Opposition Brief page 2). To the contrary, the Retiree Plaintiffs filed the Stay Motion as a last resort after they were required to serve summons and complaints pursuant to Federal Rule of Civil Procedure ("**Fed. R. Civ. P.**") 4. It is USAA IMCO that is seeking to be the squeaky wheel to extract a premature dismissal which is not justified by the facts or law.

It is submitted that the Retiree Plaintiffs have met their burden of proof to support the Court's exercise of its broad discretion to stay this action. In the event that the Court denies the Retiree Plaintiffs' Stay Motion, the Retiree Plaintiffs respectfully request that the Court convene a case management conference and enter a case management order providing a briefing schedule for the litigation, prior to any Defendant being permitted to answer the complaint or file an otherwise responsive pleading.

### Prior to Filing the Stay Motion, Counsel to Retiree Plaintiffs Conferred With Counsel to USAA IMCO

Counsel to USAA IMCO also represents Janney Montgomery Scott LLC ("**Janney**") in connection with this action. On September 27, 2011, each of USAA IMCO and Janney filed their own motion to dismiss (ECF Docket Nos. 20, 21, 22, 23, 24, 25, 26, 27 & 28). Prior to filing Retiree Plaintiffs' Stay Motion, between October 3, 2011 and October 10, 2011, the undersigned conferred by telephone and email with counsel to USAA IMCO and Janney with respect to each of the pending motions to dismiss and Retiree Plaintiffs' intention to file a general stay. The parties reached agreement with respect to Janney's motion to dismiss, but did not reach agreement with respect to USAA

3

IMCO's motion to dismiss. Thereafter, on October 10, 2011, Retiree Plaintiff filed the Stay Motion. See Declaration of Jay Teitelbaum filed in support hereof.

### Reference to The Voluntary Dismissal of Janney is Improper and Irrelevant

As counsel to USAA IMCO also represents Janney in this action, it is particularly inappropriate for counsel to assert that the dismissal of claims against Janney is of any relevance in this matter. Simply, the Retiree Plaintiffs agreed to dismiss, without prejudice, claims against Janney, based upon documentary evidence that Janney had liquidated all positions for its clients prior to the LBO and did not receive any proceeds of the LBO. In contrast, USAA IMCO admits that it received proceeds of the LBO and took title to the proceeds, but asserts that the claims should be dismissed based upon the assertion of certain fact sensitive affirmative defenses. At this stage of the proceedings, there is no legal or factual basis to conclude that the affirmative defenses are cognizable and as discussed below, an MDL Proceeding will provide a coordinated procedure for addressing such defenses which will likely be asserted by various defendants.

### This Court Has Determined That A Stay of This Action is Warranted

In addition to the fact that the Retiree Plaintiffs have independently met their burden justifying the entry of a stay order in this action, this Court has already determined, on identical facts, in four of the five DE Noteholder Actions, including 11-CV-00612 in which USAA IMCO is a defendant, that a stay is appropriate.

### Allegations of Constructive Fraud Have No Effect on USAA IMCO's Business Reputation

USAA IMCO is a sophisticated investor and has retained two sophisticated law firms for its representation. As such, USAA IMCO and its counsel are well aware that the Retiree Plaintiffs have not alleged intentional fraud or misconduct against any

4

defendant. To the contrary, the claims asserted are predicated solely upon constructive fraud under the Uniform Fraudulent Transfer Act, which has nothing to do with intent or misconduct by any alleged participant or transferee. USAA IMCO is not only the only defendant who has objected to a stay of the Retiree Actions, but is also the only defendant who has raised this creative but specious argument.

### Entry of a Stay in This Action Will Yield an Economic Benefit for All Defendants

Contrary to USAA IMCO's assertions, the Retiree Plaintiffs, in an effort to avoid unnecessary cost for all defendants, delayed service of the summons and complaint for as long as possible under Fed. R. Civ. P. 4(m).

Once the Retiree Plaintiffs were required to commence service, the undersigned successfully negotiated consensual stipulations with most defendants which extended the time to answer or respond to the complaint and contemplated the entry of an order staying proceedings. Indeed, 15 such stipulations involving 27 defendants were filed in this action. Only USAA IMCO refused to enter into such a stipulation and has opposed the entry of a stay.

Contrary to unsupported claims that a stay will increase costs, if this Court enters a stay order in this action, as it has already done in at least four of the five DE Noteholder Actions before it, to the extent USAA IMCO, or any other defendant, shall continue to incur legal fees in this action, it would be a self-inflicted wound, not the result of any action taken by the Retiree Plaintiffs.

Similarly, the suggestion that entering the requested stay will expose USAA IMCO to undue costs associated with an MDL Proceeding, or that its alleged affirmative defenses will not adequately be addressed in those proceedings is speculative and

5

baseless. USAA IMCO knows that it is not the only defendant which will be asserting affirmative defenses, including that USAA IMCO is a conduit, and USAA IMCO knows that there will be a comprehensive mechanism in place in any MDL Proceeding to address threshold factual and legal issues related to such defenses. Indeed, it can be expected that an MDL Proceeding will allow USAA IMCO to share the costs of defense with similarly situated defendants. *See In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (observing that prudent counsel in a transferred proceeding will "combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned"); *Air Crash Disaster at John F. Kennedy Int'l Airport*, 407 F.Supp. 244, 246 (J.P.M.L. 1976) ("[W]e are confident that th[e] parties can experience a net savings of time, effort and expenses by Section 1407 treatment in the [transferee district] and the accompanying utilization of techniques recommended in the Manual for Complex Litigation.").

An MDL Proceeding will deal with USAA IMCO's affirmative defenses, after appropriate discovery has been completed, in a systematic and efficient way, and in conjunction with similar defenses raised by other defendants.

### Fed. R. Civ. P. 14(a)(1) Has No Effect on USAA IMCO's Ability to Assert a Third-Party Claim

USAA IMCO misrepresents that Fed. R. Civ. P. 14(a)(1) prejudices USAA IMCO's ability to assert a third-party equitable subrogation claim. Fed. R. Civ. P. 14(a)(1) provides:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain

6

the court's leave *if it files the third-party complaint **more than 14 days after serving its original answer***. Fed. R. Civ. P. 14(a)(1) (emphasis added).

The Retiree Plaintiffs have proposed a stay of the action which would stay the time for all defendants to answer the complaint. If such a stay a stay is granted, by its express terms, Rule 14(a)(1) is irrelevant.

Further, there is no basis to assert that a claim for equitable subrogation would be time barred by a stay, as such a claim accrues when, among other things, the subrogee has paid the debt for another and the entire debt has been satisfied. *See Tudor Development Group, Inc. v. U.S. Fidelity & Guar. Co.*, 968 F.2d 357, 361 (3d Cir. 1992); *Hartford Acc. & Indem. Co. v. Long*, 245 A.2d 800, 803 (Del.Ch. 1968).

### The SLCFC Order Applies to State Law Constructive Fraudulence Conveyance Claims Brought Pursuant to the Uniform Fraudulent Transfer Act

USAA IMCO completely misrepresents the SLCFC Order when its asserts that the SLCFC Order "only stays state court actions". (See USAA IMCO's Opposition Brief at page 12-13). In fact, the SLCFC Order expressly relates to and orders a stay of **state law constructive fraudulent conveyance claims** and provides, among other things, as follows:

> 2. Because **no state law constructive fraudulent conveyance claims** against shareholders whose stock was redeemed or purchased in connection with the first step (such shareholders, the "Step One Shareholders") and/or the second step (such shareholders, the "Step Two Shareholders") of the 2007 leveraged buy-out of Tribune Company (the "LBO") were commenced by or on behalf of the Debtors' estates before the expiration of the applicable statute of limitations under 11 U.S.C. § 546(a), the Debtors' creditors have regained the right, if any, to prosecute their respective state law constructive fraudulent conveyance claims against Step One Shareholders and/or Step Two Shareholders to recover stock redemption/purchase payments made to such shareholders in connection with the LBO (collectively, the "Creditor SLCFC Claims").

7

> 3. To the extent the automatic stay of 11 U.S.C. § 362(a) stays the commencement of any Creditor SLCFC Claims, the automatic stay is hereby lifted to permit the filing of any complaint by or on behalf of creditors on account of such Creditor SLCFC Claims, including, without limitation, any complaint filed by any plaintiff in the Original Plaintiff Group.
>
> 6. Absent further order of this Court, litigation commenced by the filing of any complaint referenced in paragraphs 3 and 5 above shall automatically be stayed in the applicable state court(s) where such complaint(s) are filed, or if not automatic in such state court(s), then application for the stay in accordance with the provisions of this Order shall be made by the Original Plaintiff Group or any other creditor that files its own complaint; provided, however, that during such stay, any party, including any plaintiff in the Original Plaintiff Group, that files such a complaint may: (a) consistent with governing rules, amend such complaint; (b) complete service of such complaint; and (c) take such steps, including immediately pursuing discovery, as are necessary solely for the purpose of preventing applicable statutes of limitations or other time-related defenses from barring any Creditor SLCFC Claims.

(See Teitelbaum Declaration in support of the Stay Motion, Exhibit D, ¶¶2, 3 and 6, ECF Docket No. 37) (emphasis added).

The Noteholder's Motion For Entry of the SLCFC Order, dated March 1, 2011 (filed in the Bankruptcy Court) (a true and accurate copy of which is annexed to the Declaration of Jay Teitelbaum in support hereof as **Exhibit A**; Bankruptcy Case No. 08-13141, ECF Docket No. 8201) and the SLCFC Order provide that the automatic stay imposed by 11 U.S.C. § 362(a) was to be lifted in order to permit the state law constructive fraudulent conveyance claims to be filed in any court, wherever appropriate and that the plaintiffs in all such actions would seek a stay as appropriate pending further order of the Bankruptcy Court.[2]

**Misplaced Reliance Upon *Packer v. Power Balance, LLC***

The attempt to distinguish *Packer v. Power Balance, LLC*, 2011 WL 1099001 (D.N.J. March 22, 2011) is strained, at best. In *Packer*, the defendant moved for a stay

---

[2] It should be noted that the instant action was commenced in state court and removed to this Court.

8

pending an upcoming hearing before the JPMDL in connection with a motion for transfer and consolidation of those actions. In granting the stay, the *Packer* court reasoned that a

> balancing of the parties' interest weighs in favor of a stay. Absent a stay, Defendant could be compelled to unnecessarily litigate claims in different fora, become subject to competing court orders, and undercut the primary purpose of the MDL. In contrast, Plaintiff has not shown any prejudice that will result from a brief stay while the related proceedings develop…[C]onsiderations of judicial economy favor a stay… the MDL is considering whether to transfer at least 17 federal cases, including this one, to [a single Judge]. It would be a waste of judicial resources for this Court to consider the merits of Plaintiff's Complaint at the same time that [among other things] JPML is considering whether transfer is appropriate.

*Packer,* 2011 WL 1099001 at *2.

Irrespective of whether it is the Retiree Plaintiffs or USAA IMCO that is seeking a stay, the fact is that the stay is not being used as a sword or a shield. The Retiree Plaintiffs are not seeking an indefinite stay to prejudice any party. The Retiree Plaintiffs seek a stay to comply with the SLCFC Order and to facilitate the coordinated proceedings amongst this Court, the Bankruptcy Court and any MDL Proceedings.

Retiree Plaintiffs seek a stay in the interests of judicial economy and common sense. The Retiree Plaintiffs seek the reasonable exercise of this Court's discretion to prevent the waste of judicial resources, the imposition of unnecessary and excessive costs upon all parties and the risks of inconsistent and conflicting rulings on procedural and substantive issues. Rather than attempting to draw artificial distinctions between which party is seeking a stay, the test is the purpose, intent and effect of the stay. *See Rembrandt Technologies, L.P. v. Harris Corp.*, 2009 WL 1509103, at *5 (Del. Super. May 22, 2009)("[s]taying this action will avoid simultaneous, duplicative actions that if allowed to proceed simultaneously will present the distinct possibility of not only inconsistent, but irreconcilable rulings."). Further, the Delaware Superior Court noted "[t]he power to

9

grant a stay is soundly within the court's discretion and may be properly asserted on the ground that another action is pending in a different jurisdiction, even though not between the same parties and even though the issues are not identical in all respects, where that other action will probably settle or greatly simplify the issues presented." *Id.* (further citations omitted).

## Conclusion

Rather than acknowledge that thousands of defendants and numerous courts agree that a stay is prudent during the pendency of the Bankruptcy Cases and any MDL Proceedings, USAA IMCO seeks to flex its muscles against the Retiree Plaintiffs to try to secure a premature and improper dismissal of claims. The Retiree Plaintiffs have met their burden of proof for this Court to exercise its discretion and grant a stay in this action, as it has done in at least four of the five DE Noteholder Actions.

For all of the foregoing reasons, the Retiree Plaintiffs respectfully request that this Court:

(i) Grant the Retiree Plaintiffs' motion for a stay of these proceedings, including the filing of any answers, motions or discovery requests until further order of this Court;

(ii) Order that any stay does not bar, but instead permits the Retiree Plaintiffs to (a) complete service of the Complaint to the extent service of process has not been completed as of the date hereof; (b) amend the Complaint or file a motion for leave to further amend the Complaint; (c) voluntarily dismiss this action or one or more Defendants named herein pursuant to Federal Rule of Civil Procedure 41; (d) move to add or drop a party or to sever any claim against a party pursuant to Federal Rule of Civil Procedure 21; and (e) file a Rule 26(d)(1)

motion seeking leave of the Court to conduct early discovery as may be necessary solely for the purpose of preventing applicable statutes of limitation or other time-related defenses from barring any state law constructive fraudulent conveyance claims against any former Tribune shareholder to recover stock redemption/purchase payments made to such shareholders in connection with the 2007 Tribune LBO;

     (iii)    Order that any stay does not bar, but instead permits any party to file any necessary pleadings with the Judicial Panel on Multidistrict Litigation in connection with MDL No. 2296, captioned as *In re Tribune Fraudulent Conveyance Litigation* ("**MDL No. 2296**") so as to reserve Plaintiff Retirees' rights to the extent necessary in connection with MDL No. 2296;

     (iv)    Order each Defendant and/or its counsel, to enter an appearance in the action, so that they or their counsel are known, and to better facilitate service of further notices, orders, or pleadings upon them in the action; and

     (v)    Order that, at the time the stay terminates, the schedule for answering or otherwise responding to the Complaint will be set by this Court, or the transferee court in MDL 2296.

In the event that the Court denies the Retiree Plaintiffs' Stay Motion, the Retiree Plaintiffs respectfully request that the Court convene a case management conference and enter a case management order providing a briefing schedule for the litigation, prior to any Defendant being permitted to answer the complaint or file an otherwise responsive pleading.

| | |
|---|---|
| Dated: November 18, 2011<br>Wilmington, Delaware | Respectfully submitted,<br><br>HILLER & ARBAN, LLC<br><br>/s/ **Brian Arban**<br>Adam Hiller (DE No. 4105)<br>Brian Arban (DE No. 4511)<br>1500 North French Street, 2nd Floor<br>Wilmington, Delaware 19801<br>(302) 442-7676 telephone<br>ahiller@hillerarban.com<br><br>-and-<br><br>Jay Teitelbaum, Esquire<br>Teitelbaum & Baskin, LLP<br>1 Barker Avenue Third Floor<br>White Plains, New York 10601<br>(914) 437-7670<br>jteitelbaum@tblawllp.com<br><br>*Attorneys for Plaintiffs* |