IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM A. NIESE, *et al.*,<br><br>   Plaintiffs,<br><br>vs.<br><br>A.G. EDWARDS, INC., *et al.*,<br><br>   Defendants. | Case No. 11-CV-00583-(GMS) |

**RETIREE PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)(A) TO EXTEND THE TIME TO RESPOND TO USAA IMCO'S MOTION TO DISMISS**

The Retiree Plaintiffs, 187 individual retirees of The Times Mirror Company, the Tribune Company ("**Tribune**")[1] and/or one or more of 110 affiliates or subsidiaries of the Tribune Company ("**Tribune Entities**"), by and through their undersigned counsel, for their reply in further support of the "**Motion to Extend**" (Docket No. 41) Retiree Plaintiffs' time to respond to the motion by defendant USAA Investment Management Company ("**USAA IMCO**") to dismiss Retiree Plaintiffs' Complaint (the "**Motion to Dismiss**"), respectfully state as follows:

**PRELIMINARY STATEMENT**

The Motion to Dismiss is in direct contravention of the efforts of the parties in this action and 47 related actions to (i) comply with the SLCFC Order of the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") to maintain the status quo pending a further ruling of the Bankruptcy Court in the Tribune Bankruptcy Cases; and (ii) fairly, efficiently and consistently address pre-trial procedural

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in Retiree Plaintiffs' Motion Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) To Extend the Time to Respond to USAA IMCO's Motion to Dismiss (Docket No. 41)

and substantive issues, such as the issues raised in the Motion to Dismiss through a multidistrict litigation. Further, permitting the Motion to Dismiss to proceed would be inconsistent with this Court's recognition in four of the five DE Noteholder Actions[2] of the need to stay pretrial proceedings in these related proceedings.

In the event that this Court should grant the pending Motion to Stay Proceedings, Including Defendants' Time to Answer or Otherwise Respond to the Complaint, supported by Retiree Plaintiffs' Opening Brief and the Declaration of Jay Teitelbaum with Exhibits A, B, C, D, E &F, filed on October 10, 2011 (collectively, the "**Stay Motion**"; Docket Nos. 35, 36 & 37), the Motion to Dismiss (or any subsequent motion to dismiss) should be stayed pending the resolution of an MDL Proceeding or until such time as the stay is lifted and/or terminated and an appropriate briefing schedule is established.

In the event that this Court should deny both the Motion to Extend and the Stay Motion, the Retiree Plaintiffs request that for the reasons set forth in the Motion to Extend, that USAA IMCO's Motion to Dismiss be denied.

## ARGUMENT

USAA IMCO's opposition to the Motion to Extend is a regurgitation of the straw man arguments made in its opposition to the Stay Motion (ECF Docket No. 52). Rather than further burden this Court with duplicative pleadings, the Retiree Plaintiffs

---

[2] The four DE Noteholder Actions in which this Court has already entered a stay order are: (i) *Deutsche Bank Trust Company Americas, etc., Law Debenture Trust Company of New York, etc. and Wilmington Trust Company, etc. v. Alliance Capital Management LLC, et al.*, 1:11-CV-00612; (ii) *Deutsche Bank Trust Company Americas, etc., Law Debenture Trust Company of New York, etc. and Wilmington Trust Company, etc. v. Verizon Investment Management Corporation, et al.*, 1:11-CV-00613; (iii) *Deutsche Bank Trust Company Americas, etc., Law Debenture Trust Company of New York, etc. and Wilmington Trust Company, etc. v. Wells Fargo Investments LLC, et al.*, 1:11-CV-00609; and (iv) *Deutsche Bank Trust Company Americas, etc., Law Debenture Trust Company of New York, etc. and Wilmington Trust Company, etc. v. Sowood Alpha Fund LP, et al.*, 1:11-CV-00618.

hereby incorporate by reference Retiree Plaintiffs' (1) Stay Motion (Docket Nos. 35, 36 & 37) and (2) Reply in Further Support of the Stay Motion, dated and filed on the ECF Docket, the date hereof (Docket No. 63).

In the event that the Stay Motion and the Motion to Extend are not granted, USAA IMCO's Motion to Dismiss should nonetheless be denied for the reasons already set forth in Retiree Plaintiffs' Motion to Extend (Docket No. 41), including for the reason that the Motion to Dismiss is predicated upon the assertion of affirmative defenses which do not go to the adequacy of the claims alleged by the Retiree Plaintiffs and are not a basis upon which a motion to dismiss should be made or granted.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that this Court enter an order, substantially in the form attached to the Motion to Extend (Docket No. 41), providing that (i) pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) Retiree Plaintiffs' time to respond to the Motion to Dismiss be extended, pending this Court's ruling on Plaintiffs' Stay Motion; and (ii) the Motion to Dismiss (or any subsequent motion to dismiss) be held in abeyance until such time as any such stay this Court enters in this action is lifted and/or terminated, and an appropriate briefing schedule is established. In the event that this Court should deny the Motion to Extend and the Stay Motion, the Plaintiffs request that the Motion to Dismiss be denied.

| | |
|---|---|
| Dated: November 18, 2011<br>       Wilmington, Delaware | Respectfully submitted,<br><br>HILLER & ARBAN, LLC<br><br> /s/ **Brian Arban**<br>Adam Hiller (DE No. 4105)<br>Brian Arban (DE No. 4511)<br>1500 North French Street, 2nd Floor<br>Wilmington, Delaware 19801<br>(302) 442-7676 telephone<br>ahiller@hillerarban.com<br><br>-and-<br><br>Jay Teitelbaum, Esquire<br>Teitelbaum & Baskin, LLP<br>1 Barker Avenue Third Floor<br>White Plains, New York 10601<br>(914) 437-7670<br>jteitelbaum@tblawllp.com<br><br>*Attorneys for Plaintiffs* |