UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARENT COMPANY PLAINTIFFS | **Case No. 11-583** |
| William A. Niese; James R. Simpson; W. Thomas Johnson, Jr.; Richard T. Schlosberg, III; Efrem Zimbalist, III; Fred A. Abatemarco; Gerald J. Alcantar; Richard S. Alfano;  C. Michael Armstrong; Gary M. Arnold; John M. Arthur; William H. Barlow; David S. Barrett; Bruce E. Barwick;  Todd A. Becker; George Bell; Susan P. Bell; Horst A.  Bergmann; Edward L. Blood; Gregory L. Bowlin; Robert F. Brandt; Alan L. Brauer; Leo Brennan; Kenneth H. Brief;  Robert N. Brisco; Patricia G. Campbell; Dian S. Carpenter; John S. Carroll; Kathleen M. Casey; Rajender K. Chandhok; Randolph R. Charles; Janet T. Clayton; Patrick A. Clifford; Andrew W. Clurman; C. Shelby Coffey, III; Stuart K. Coppens; George J. Cotliar; William D. Crawford; Barbara R. DeYoung; John F. Dill; Ann E. Dilworth; Kathryn M. Downing; Beverly Dreher; Elizabeth V. Drewry; Michael S. Dubester; John M. Dyer; Robert F. Erburu; David A. Esgro; Joanne K. Falk; Peter J. Fernald; James E. Fitzgerald; Michael J. Forgione; Donald H. Forst; Douglas Fox; Vance I. Furukawa; Debra A. Gastler; Gary P. Goldstein; Edward J. Gottsman; Marian  Lewis (for the estate of Kenneth Graham); Robert T. Grant; Richard Guerrero; Lee J. Guittar; James F. Guthrie; Delynn T. Guttry; Kenneth L. Halajian; Charlotte H. Hall; Jean  Halle; Michael J. Haugh; Janis Heaphy; James D. Helin;  Curtis A. Hessler; James H. Higby; Lawrence M. Higby;  Raymond Holton; Karen Laukka Horn; Leslie M. Howard; Mark E. Howe; Joseph M. Hughes; Alberto Ibarguen; James Imbriaco; Steven L. Isenberg; William R. Isinger; Raymond Jansen, Jr.; Edward E. Johnson; Robert M. Johnson; Mary E. Junck; Scott W. Kabak; Judith S. Kallet; William F. Keller; Joan Kellermann (for the estate of Donald S. Kellermann);  Victoria King; Jason E. Klein; Jeffrey S. Klein; Susan K.  Klutnick; James L. Kopper; Sally Kuekes; Mark H. Kurtich; Kimberly McCleary LaFrance; Jeffrey W. Lankey; David A. Laventhol; R. Marilyn Lee Schneider; Martin P. Levin;  Jesse E. Levine; Nancy Lobdell; Robert G. Magnuson; Anthony J. Marro; Donald S Maxwell; Kathleen G.  McGuinness; John C. McKeon; Jack E. Meadows; Stephen C. Meier; Janie Molvar; Roger H. Molvar; Durham J.  Monsma; John T. Nash; Nicholas H. Niles; James H. Norris; James H. Nuckols; Nancy W. O'Neill; Robert T. O'Sullivan; Francis P. Pandolfi; Michael C. Parks; Jeffrey N. Paro; John F. Patinella; Janette O. Payne; Carol Perruso; Victor A. Perry; Maureen G. Peterson; Martha A. Petty; Jack L. Plank;  Elizabeth F. Redmond; S. Keating Rhoads; Michael | **JURY TRIAL OF 12 DEMANDED** |

R. Riley; Michael G. Rose; William J. Rowe; Jerome S. Rubin;
Alexander Sann; Geraldine Scally; Herbert K. Schnall;  Charles I.
Schneider; Hilary A. Schneider; Howard S.  Schneider; Brian J.
Sellstrom; James D. Shaw; Dennis A.  Shirley; Gary K. Shorts;
Louis Sito; Richard W. Stanton; Judith L. Sweeney; Stender E.
Sweeney; James S.  Toedtman; Sharon S. Tunstall; Michael S.
Udovic; Michael J. Valenti; Karen J. Wada; Claudia A. Wade;
James W.  Wallace; Michael E. Waller; Larry W. Wangberg;
Howard Weinstein; William D. Wiegand; Mary A. Wild; Mark H.
Willes; Phillip L. Williams; Hazel E. Wilson; Julia C.  Wilson;
Harold F. Woldt, Jr.; Leo Wolinsky; Donald F.  Wright; John W.
Young; John J. Zakarian; Norene Zapanta (trustee for Dr. Edward
Zapanta Trust);

SUBSIDIARY PLAINTIFFS (without duplicates)

Sharon M. Bowen; James Willard Colston; Grace E. Crowder; John
Darnall; Kenneth G. Davis; Mary M. Downes; Paul H. Egan; Arnold
J. Kleiner; John R. Murphy; Barbara Sample (for the estate of Jack
W. Neely); Carolyn Selzer; William F. Thomas; Caroline Thorpe;
Robert E. Trainor; Herbert J. Vida,

                    Plaintiffs,

vs.

A.G. Edwards, Inc.; A. G. EDWARDS & SONS, LLC; A. G.
EDWARDS Private Equity Partners III, L.P.; Abbey National
Securities Inc.; Baird (Robert W.) & Co. Incorporated; Banc of
America Securities LLC; Bank of America Corporation; Bank West
Trust I; Bank West Trust II; BMO Nesbitt Burns Employee Co-
Investment Fund I (U.S.) L.P.; BMO Nesbitt Burns Employee Co-
Investment Intermediate (U.S.) GP, L.P.; BMO Nesbitt Burns
Employee Co-Investment Intermediate (U.S.), L.P.; BMO Nesbitt
Burns U.S. Blocker Inc.; Cheyne Capital Management, Inc.; Cheyne
Capital Management, LLC; Citadel Investment Group, L.L.C.; City
National Bank of New Jersey Capital Trust I; Davenport &
Company LLC; Deutsche Bank Securities Inc.; Dimensional Fund
Advisors LP; E*Trade Clearing LLC; Federated Investors
Corporation; Federated Investors; First Clearing LLC; Goldman
Sachs International Holdings LLC; HBK Investments L.P.; J.J.B.
Hilliard, W.L. Lyons, LLC; LSV Asset Management; M.L. Stern &
Co., LLC; Northern Trust Global Advisors, Inc.; Penson Financial
Futures, Inc.; PNC Bank, Delaware; RBC Capital Markets
Arbitrage, LLC; RBC Capital Markets Holdings (USA) Inc.; RBC
Capital Markets Corporation; RBC Dominion Securities L.L.C.;

Regions Financial Corporation; Renaissance Technologies Holdings Corporation; Renaissance Technologies LLC; Renaissance Technology Group Inc.; Renaissance Tech. Inc.; Romano Brothers Investors, LLC; Sanford C. Bernstein & Co., LLC; Southwest Securities, Inc.; State Street Global Advisors, Inc.; Stephens, Inc. (a.k.a. Stephens Inc.); SunTrust Bank; The DFA Investment Trust Company; The Northern Trust Company; The Vanguard Group, Inc.; U.S. Trust Company of Delaware; U.S. Trust Capital A; UBS Global Asset Management (US) Inc.; UBS Global Asset Management (Americas) Inc.; UBS Securities LLC; US Bancorp Investments, Inc.; USAA Investment Management Company; Wells Fargo Investment, LLC; Wilmington Trust Company;

and

PCRG; Absolute Alpha Fund LP; Relative Value FD LP; Securities LLC; Ultra Select LP; PFPC, Inc., Invesco SPG Index Trust; Nexus Multi Strategy FD SPV I; Canyon Capital Advisors LLC; Canyon Balanced Master Fund, Ltd. (fka Canyon Balanced Equity Master Fund, Ltd.); Citi Canyon Ltd.; The Canyon Value Realization Master Fund, L.P. (fka The Canyon Value Realization Fund Limited); Lyxor/Canyon Value Realization Fund Limited; Canyon Value Realization MAC 18 Ltd.; Canyon Value Realization Fund, L.P.; Argyll Research, LLC; Wilshire Variable Insurance Trust; Wilshire Variable Insurance Trust Equity Fund; Wilshire Variable Insurance Trust Socially Responsible Fund; Nuclear Electric Insurance Limited; The Northern Trust Company as Trustee for Northern Large Cap Value Fund; The Northern Trust Company as Trustee for NT Collective S&P 500 Index Fund; The Northern Trust Company as Trustee for Dorothy C. Patterson Irrev Trust #2 U/A/D 12-21-93; The Northern Trust Company as Trustee for NT Collective Russell 1000 Value Index Fund -Lending; The Northern Trust Company as Trustee for Charles T. and Mary Howe Brumback Descendants Trust; The Northern Trust Company as Trustee for NT Collective S&P 500 Index Fund - Non Lending; The Northern Trust Company as Trustee for NTGI-QM Common Daily S&P 500 Equity Index Fund - Lending; The Northern Trust Company as Trustee for Barbara M. J. Wood Living Trust U/A/D 9/17/81; The Northern Trust Company as Trustee for NT Collective US MarketCap Equity Index Fund - Lending; The Northern Trust Company as Trustee for Caroline D. Bradley Trust dated 11/30/51 FBO Sarah Doll Barder; The Northern Trust Company as Trustee for Northern Multi-Manager Mid Cap Fund -LSV Asset Management; The Northern Trust Company Pension Trust; The Northern Trust Company as Trustee for NTCC Advisors Funds for Employee Benefit Trust; The Northern Trust Company as Trustee

for Wiluam Bross Lloyd Jr. New York Trust dated July 18, 1968;
The Northern Trust Company as Trustee for Jessie Ball Dupont
Fund; The Northern Trust Company as Trustee for NTGI-QM
Collective Daily Quant Pan S&P 500 Equity Fund - Lending; The
Northern Trust Company as Trustee for NTCC Channing Mid Cap
Value Sudan Free Fund AFEBT; The Northern Trust Company as
Trustee for DOROTHY PATTERSON GUARDIANSHIP; The
Northern Trust Company as Trustee for NTGI-QM Collective Daily
US MarketCap Equity Special Purpose index Fund - Lending; The
Northern Trust Company as Trustee for HAROLD R. UFVEN
DAHL TRUST U/A/D 9/7/1988; The Northern Trust Company as
Trustee for ELEANOR JACKSON STERN TRUST DATED
01/06/1971; The Northern Trust Company as Trustee for NTGI-QM
Common Daily S&P500 Equity Index Fund - Non Lending; The
Northern Trust Company as Trustee for Northern Stock Index Fund;
The Northern Trust Company as Trustee for Northern Institutional
Fund Equity Index Portfolio; The Northern Trust Company as
Trustee for First Bank & Trust of Evanston; The Northern Trust
Company as Trustee for TERRY DIAMOND IRA; The Northern
Trust Company as Trustee for HOWARD F. AHMANSON JR.
REVOCABLE TRUST; The Northern Trust Company as Trustee
for NTGI-QM Collective Daily S&P500 Citigroup/Value Equity
Index Fund - Lending; The Northern Trust Company as Trustee for
The Marni Horwitz Trust Dated January 22, 1998; The Northern
Trust Company as Trustee for Northern Enhanced large Cap Fund;
The Northern Trust Company as Trustee for ALPHEUS L ELUS
1993 GRANDCHILDREN'S TRUST FBO HELEN JO CAHALIN;
The Northern Trust Company as Trustee for ELMER H.
WAVERING FAMILY TRUST DATED 06/24/1977 AS
AMENDED; The Northern Trust Company as Trustee for
ALPHEUS L ELUS 1993 GREAT GRANDCHILDREN'S TRUST;
The Northern Trust Company as Trustee for NTCC Channing Mid
Cap Value AFEBT; The Northern Trust Company as Trustee for
ALPHEUS L ELUS 1993 TRUST FBO CAROL MARTIN; The
Northern Trust Company as Trustee for RUSSELL T. STERN
TRUST B; The Northern Trust Company as Trustee for ALPHEUS
L ELUS 1993 GRANDCHILDREN'S TRUST FBO CHRISTINE
GAGNON; The Northern Trust Company as Trustee for ALPHEUS
L ELUS 1993 GRANDCHILDREN'S TRUST FBO LYNN ANN
SHARPE; and John Doe 1 thru John Doe 2000,

                              Defendants.

**FIRST AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS OF
PROPERTY OF TRIBUNE COMPANY AND TRIBUNE COMPANY AFFILIATES
AND SUBSIDIARIES UNDER THE UNIFORM FRAUDULENT TRANSFER ACT**

## PRELIMINARY STATEMENT

1.     In 2000, Times Mirror was merged into Tribune, with Tribune as the surviving entity. Tribune, among other things, assumed various obligations and commitments to the Plaintiffs, most of whom had given a lifetime of service to Times Mirror. In 2007, during the peak of the financial excesses, Tribune, pressured by its majority shareholders and lured by a scheme orchestrated by Sam Zell, abandoned its duties and obligations to its retirees, its employees and its creditors. Tribune incurred approximately $11 Billion in debt to complete a leveraged buyout transaction (the "**LBO Transaction**") which contemplated the use of approximately $8 Billion of such borrowed funds to purchase, repurchase, redeem and/or cancel the publicly held common stock of Tribune and the Tribune Entities by and through a private Employee Stock Ownership Plan (the "**ESOP**") for no consideration to Tribune and the Tribune Entities.  The LBO Transaction not only lined the pockets of certain Tribune's insiders and controlling shareholders with billions of dollars, it rendered Tribune and the Tribune Entities insolvent or with unreasonably small capital or with insufficient assets to pay its debts as they came due. The mountain of debt resulting from the LBO did not allow Tribune to adjust to the changing media business and drove this icon of the media world into Chapter 11 less than a year

after the LBO Transaction closed.[1] As a result, the Plaintiffs were advised that their retirement benefits would be treated as general unsecured claims of the now bankrupt Tribune; that their periodic retirement payments would cease; and that their retirement nest egg upon which they were relying for their "golden years" be may be worth a few pennies on the dollar. More than

---

[1] Tribune, the parent company, on December 8, 2008, filed for Chapter 11 bankruptcy protection in the United States District Court for the District of Delaware (the "**Bankruptcy Court**") under lead case *In re Tribune Company, et al.* (Case No. 08-13141-KJC)(jointly administered)(collectively, the "**Bankruptcy Case**"). In addition, the following affiliates or subsidiaries of Tribune filed bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court (these affiliates and subsidiaries are collectively referred to as the "**Tribune Entities**"): 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicago Land Microwave Licensee, Inc. (1579); Chicago Land Publishing Company (3237); Chicago Land Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); Green Co, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); Insert Co, Inc. (2663); Internet Foreclosure Service, Inc. (6550); Julius Air Company, LLC (9479); Julius Air Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).

two and one half years into the Bankruptcy Case and after the expenditure of more than **$200 Million** of Tribune's assets on professional fees (more than double what all retirees of Tribune and the Tribune Entities are owed) the Plaintiffs have been further burdened with the task of avoiding and recovering the wrongful transfers of their retirement funds to stockholders and financial advisors as part of the LBO Transaction.

2.　　As such, the Plaintiffs bring this action to recover at least $109 Million pursuant to the Uniform Fraudulent Transfer Act (the "**UFTA**") to recover fraudulent transfers made by Tribune and/or Tribune Entities to or for the benefit of the Defendants.

## STAY OF THIS ACTION

3.　　Neither Tribune nor the Official Committee of Unsecured Creditors appointed in the Bankruptcy Case (the "**Creditors' Committee**") sought to preserve the approximately $8 Billion in state law constructive fraud claims against stockholders and others who received transfers from an insolvent Tribune as part of the LBO Transaction (the "**SLCF Claims**").

4.　　In or around May 4, 2011, the Creditors' Committee provided a notice to creditors of the Bankruptcy Case that the SLCF Claims, including the SLCF Claims asserted herein, would not be prosecuted by the Bankruptcy estate or a creditors' trust to be formed under any plan of reorganization in the Bankruptcy Case and that such claims could face a statute of limitations bar of June 4, 2011.  The notice urged creditors who wished to preserve such claims to commence their actions prior to June 4, 2011. A copy of the Creditors' Committee Notice is also annexed hereto as Exhibit A.

5.　　As a result, on the eve of the expiration of the statute of limitations, the Bankruptcy Court issued an order dated April 25, 2011 (Docket No. 8740 in the Bankruptcy Case, the "**SLCFC Lift Stay Order**") (Exhibit A hereto), vacating the automatic stay to permit, among others, the Plaintiffs to commence this action to preserve the claims asserted herein.

6.      Paragraph 6 the SLCFC Lift Stay Order, provides in pertinent part, however:

> Absent further order of this Court, litigation commenced by the filing of any complaint referenced in paragraphs 3 and 5 above shall automatically be stayed in the applicable state court(s) where such complaint(s) are filed, or if not automatically in such state court(s), then application for the stay in accordance with the provisions of this Order shall be made . . . .

7.      To the extent necessary, Plaintiffs will seek to extend the time for parties to respond to this complaint and seek a stay of these proceedings in compliance with the SLCFC Lift Stay Order.

## NATURE OF THE ACTION

8.      172 of the Plaintiffs are retirees of Times Mirror and creditors of Tribune in the aggregate amount of at least $104 Million ("**TM Retirees**" or "**Tribune Retiree Creditor Plaintiffs**") pursuant to one or more non-tax qualified retirement, pension, deferred compensation, salary continuation, or supplemental payment or severance plans, each as more fully described below (each a "**Retiree Plan**").

9.      17 of the Plaintiffs are retirees of one or more Tribune Entities and creditors of one or more Tribune Entities in the aggregate amount of at least $5 Million ("**Tribune Entity Retirees**" or "**Tribune Entity Retiree Creditor Plaintiffs**") pursuant to one or more Retiree Plans.[2]

10.     The Defendants received transfers of funds from Tribune and/or Tribune Entities in the amount of at least $109 Million in 2007 for their common stock of Tribune at $34 per share.

11.     The common stock for an insolvent Tribune had little or no value.

_____

[2] In total there are 188 Plaintiffs; two Plaintiffs are both Tribune Retiree Creditor Plaintiffs and Tribune Entity Retiree Creditor Plaintiffs.

12.     The Plaintiffs gave their lives to Times Mirror, Tribune and/or one or more Tribune Entities, and were relying upon their Retiree Plans in their so-called "golden years" for daily living expenses and for their retirement nest egg.

13.     The Plaintiffs had the rug pulled out from under them on December 8, 2008 when Tribune and the Tribune Entities, burdened with over $11 Billion of debt incurred as part of the LBO Transaction, commenced the Bankruptcy Case.

14.     Immediately following the commencement of the Bankruptcy Case, the Plaintiffs were advised that their periodic payments under their Retiree Plans would be cut off and the value of their retirement portfolio would be worth pennies on the dollar.  As detailed below, the Plaintiffs turned to the Bankruptcy Court and the Creditors' Committee to preserve their retirement funds; however, neither could save the Plaintiffs from what had been done.

15.     The Retiree Plans were neither ERISA plans nor otherwise tax qualified plans and Tribune had not segregated funds to support the payment of the Retiree Plans.

16.     As such, the Plaintiffs were general unsecured creditors of Tribune and/or one or more Tribune Entities at the time of the LBO Transaction and as of the commencement of the Bankruptcy Case.

17.     Plaintiffs have been treated and classified as general unsecured creditors of Tribune and/or one or more Tribune Entities in the Bankruptcy Case.

18.     The LBO Transaction (i) rendered Tribune insolvent; (ii) left Tribune with unreasonably small assets or capital to operate; and/or (iii) left Tribune with debts beyond its ability to pay as they became due.

19.     The LBO Transaction (i) rendered the Tribune Entities insolvent; (ii) left the Tribune Entities with unreasonably small assets or capital to operate; and/or (iii) left the Tribune Entities with debts beyond their ability to pay as they became due.

20.     The transfers to the Defendants were transfers of property of Tribune (i) made while Tribune was insolvent; (ii) which rendered Tribune insolvent; or (iii) which left Tribune with unreasonably small capital or assets to operate including to pay debts as such debts became due.

21.     The transfers to the Defendants were transfers of property of one or more Tribune Entities (i) made while the Tribune Entities were insolvent; (ii) which rendered the Tribune Entities insolvent; or (iii) which left the Tribune Entities with unreasonably small capital or assets to operate including to pay debts as such debts became due.

22.     The transfers to the Defendants were made for less than fair or reasonable consideration to Tribune and/or the Tribune Entities.

## APPLICABLE LAW

23.     The Plaintiffs bring this action under the UFTA, as adopted in the State of Illinois (S.H.A. 740 ILCS 160 *et seq.*) (the "**UFTA**"), in their capacity as creditors of Tribune and/or one or more Tribune Entities, to avoid and recover transfers of property of Tribune and/or one or more Tribune Entities made to or for the benefit of the Defendants (the "**Fraudulent Conveyances**" as more fully defined below) and to the detriment of the Plaintiffs.

24.     Tribune is a corporation incorporated under the laws of the State of Delaware.

25.     Tribune's corporate headquarters are located at 435 North Michigan Avenue, Chicago, Illinois 60611.

26.     Upon information and belief, substantially all of the decisions, negotiations and approvals concerning the LBO Transaction occurred in Chicago, Illinois.

27.     Upon information and belief, all of the Fraudulent Conveyances were approved by Tribune in Illinois and originated in Illinois.

28.     The UFTA as adopted in the States of Delaware and/or Illinois is applicable based upon the nexus of the LBO Transaction, Tribune and the Fraudulent Conveyances to each jurisdiction.

### THE LBO TRANSACTION

29.     In September 2006, as a result of pressure from the majority shareholders[3] of Tribune to maximize the value of the common stock of Tribune, the Board of Directors of Tribune (the "Board") announced that it had established a special committee comprised of certain members of the Board (the "Special Committee") to oversee management's exploration of alternatives to achieve this goal.

30.     In or around October 2006, Tribune retained Morgan Stanley & Co. Inc. ("**Morgan Stanley**") to act as a financial advisor to the Special Committee and, upon information and belief, paid Morgan Stanley more than $10 Million in fees and expenses.

31.     Tribune thereafter engaged Merrill Lynch, Pierce, Fenner & Smith Incorporated ("**Merrill**", together with Merrill Lynch Capital Corporation, "**Merrill Lynch**") and Citigroup Global Markets, Inc. ("**CGMI**") as financial advisors in connection with the LBO Transaction.

_____

[3] Upon information and belief, the majority shareholders included (x) The Chandler Trusts which held over 48 Million shares of common stock of Tribune and (y) the McCormick Foundation Trust which held over 28 Million shares of the outstanding common stock of Tribune.

32.     Merrill Lynch and CGMI also served as lead arrangers for the credit facilities which provided financing for the LBO Transaction.

33.     By October 2006, seventeen potential outside purchasers had expressed interest in Tribune.

34.     On April 1, 2007, following management's endorsement and the Special Committee's recommendation, the Board agreed to a proposal by Sam Zell whereby Tribune entered into a merger agreement which contemplated the purchase, repurchase, redemption and/or cancellation of 100% of the common stock of Tribune in two steps.

35.     The purchase of such stock, the cancellation of existing indebtedness and the payment of millions of dollars in fees was financed with approximately $11 Billion of debt made available to Tribune through the LBO Transaction.

36.     In or around June 4, 2007, Tribune incurred approximately $8 Billion in debt to, among other things, purchase approximately 50% of the outstanding shares (126,000,000 shares) of Tribune common stock in a tender offer for $34.00 per share ("**Step One**").

37.     In or around the period commencing June 4, 2007, Tribune used at least $4.3 Billion of the proceeds of the Step One indebtedness to make transfers to holders of Tribune common stock to purchase, repurchase, redeem, and/or cancel approximately 50% of Tribune common stock and to pay fees and expenses to professionals and advisors (the "**Step One Transfers**").

38.     In or around December 7, 2007, Tribune incurred an additional $3 Billion in debt to, among other things, purchase, repurchase, redeem and/or cancel its remaining outstanding shares of common stock for $34.00 per share ("**Step Two**").

39.     The Tribune Entities guaranteed the indebtedness incurred by Tribune in Step One and Step Two.

40.     In or around the period commencing December 7, 2007, Tribune used the proceeds of the Step One and Step Two indebtedness and other assets of Tribune and/or Tribune Entities to make transfers to holders of Tribune common stock in the aggregate amount of approximately $4 Billion to purchase, repurchase, redeem, and/or cancel the remaining approximately 50% of its common stock and to pay fees and expenses to professionals and advisors (the "**Step Two Transfers**" and together with the Step One Transfers, the "**Fraudulent Conveyances**").

41.     The LBO Transaction was effected through a private S-corporation entity wholly owned by the ESOP so as to generate certain tax benefits.  The tax and other benefits of the LBO Transaction could only be realized upon consummation of the repurchase of the common stock of Tribune as part of Step Two.

42.     Upon information and belief, Dan Neil and Eric Bailey, former employees of Tribune, have commenced a class action under the Employee Retirement Income Security Act ("**ERISA**"), on their behalf and on behalf of approximately 11,000 ESOP participants who were former employees of Tribune Company against Samuel Zell, GreatBanc Trust Company, and EGI-TRB, LLC in the United States District Court for the Northern District of Illinois, alleging that the LBO Transaction rendered the stock in the ESOP worthless and the transaction, among other things, violated ERISA. The action is identified as *Dan Neil and Eric Bailey, Individuals, and on Behalf of Themselves on Behalf of all other Similarly Situated Plaintiffs v. Samuel Zell, GreatBanc Trust Company, and EGI-TRB, LLC.,* No. 08 C 6833 (the "**ESOP Action**").

43.     Upon information and belief, by memorandum decision and order dated March 4, 2011, the Illinois District Court certified the class of plaintiffs in the ESOP Action.

44.     Sam Zell, who was elected to Tribune's Board in or around May 2007 and became the Chairman of the Board and President and Chief Executive Officer of Tribune in or around December 2007, upon information and belief, directly or indirectly received Fraudulent Conveyances of in excess of $5 Million through the LBO Transaction at the expense of the creditors of Tribune and Tribune Entities.

45.     Upon information and belief, the commitment letters that were executed in connection with the Step One committed Merrill Lynch Capital Corporation ("**MLCC**"), CGMI and JPMorgan Chase Bank, N.A. (collectively, the "**Lenders**") to provide the requisite financing for both Step One and Step Two.

46.     Upon information and belief, prior to the Board's approval of the LBO Transaction in April 2007, Tribune knew or should have known that financial projections used to support the LBO Transaction were unreliable and that a negative variance of a mere 2% would result in Tribune and/or the Tribune Entities being rendered insolvent upon incurring the LBO indebtedness.

47.     Indeed, as of March 25, 2007, upon information and belief, management knew that both revenue and operating cash flow for the publishing business for the first quarter of 2007 were already at least 2% below the financial projections and management knew that the industry trend was negative.

48.     Tribune retained Valuation Research Corporation ("**VRC**") for a solvency opinion.

49.     Neither Tribune nor VRC acted reasonably in connection with the issuance of any opinions issued by VRC.

50.     Upon information and belief, VRC uncritically accepted financial projections from Tribune and based its opinions on outdated and unreliable financial projections finalized by management and approved by the Board in February 2007 (the "**February Projections**").

51.     Upon information and belief, the February Projections were substantially higher than actual operating results.  For example, actual publishing revenues for March 2007 were 4.3% below those in the February Projections.  Similarly, actual publishing revenues for April and May were, respectively, 4.9% and 8.6% below the level necessary to sustain the debt level of the LBO Transaction.  March 2007 actual broadcasting revenue was 3.0% below the February Projections. May 2007 broadcasting revenues were 6.4% below the February Projections.  In the aggregate, for the three months March through May 2007, publishing revenues were $55 Million below those in the February Projections, and broadcasting revenues were $9 Million below the level necessary to service the debt incurred as part of the LBO Transaction.

52.     Upon information and belief, the financial projections were updated by management and presented, in part, to the Board in October 2007 (the "**October Projections**").

53.     Upon information and belief, despite the fact that the October Projections were downwardly revised for the short term, management, and its advisors, including VRC, ignored actual historical results and overall trends in the industry; as such, the October Projections reflected an unsustainable and unrealistic growth model, including (i) generating significant revenues for the internet based businesses despite underperforming 2007 projections by at least 4%; and (ii) outperforming February Projections on a consolidated basis, year after year, with a projected growth of 2.4% per year beginning in 2013 and accelerating through 2017.

54.     In all, VRC upwardly revised its valuation by approximately $613 Million to support the LBO Transaction and was paid in excess of $1.5 Million.

55.     By blindly accepting information and either intentionally or negligently preparing its analysis, VRC failed to provide any reasonable value for the fees it received.

56.     In September 2007, Tribune engaged Morgan Stanley to advise the Board and management concerning the LBO Transaction, including with respect to the issue of solvency.

57.     Morgan Stanley was paid at least $10 Million.

58.     Upon information and belief, Morgan Stanley either negligently or intentionally failed to advise Tribune that the application of reasonable negative assumptions to the financial projections would render Tribune and/or the Tribune Entities insolvent after giving effect to the LBO Transaction.

59.     Morgan Stanley failed to provide any reasonable value to Tribune.

60.     On December 20, 2007, Chandler Bigelow[4] and Donald C. Grenesko[5] delivered the required solvency certificates on behalf of Tribune, thereby consummating the LBO Transaction.

---

[4] Chandler Bigelow ("**Bigelow**") was Tribune's Treasurer at the time of the LBO Transaction, and currently is Tribune's Chief Financial Officer.  Bigelow was also the Vice President and Treasurer of one or more of the Tribune Entities which guaranteed the obligations of Tribune.  Upon information and belief, Bigelow received monetary special incentives in connection with consummation of the LBO Transaction and sold at least 7,183 shares of Tribune stock for at least $244,000 in connection with the LBO Transaction.  Upon information and belief, Bigelow lives in Illinois.

[5] Donald C. Grenesko ("**Grenesko**") was Tribune's Senior Vice President of Finance and Administration at the time of the LBO Transaction.  Upon information and belief, Grenesko sold 242,357 shares of Tribune stock in connection with the LBO Transaction from which he received approximately $8,240,138 in cash proceeds.  Upon information and belief, Grenesko also received additional monetary special incentives in connection with consummation of the LBO Transaction.  Upon information and belief, Grenesko lives in Illinois.

61.     As a result of the LBO Transaction and the Fraudulent Conveyances, Tribune (i) was rendered insolvent; (ii) was left with unreasonably small capital or assets to operate including to pay debts as such debts became due creditors; and/or (iii) incurred debts which Tribune Company knew or reasonably should have known were beyond its ability to repay.

62.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Entities (i) were rendered insolvent; (ii) were left with unreasonably small capital or assets to operate including to pay debts as such debts became due creditors; and/or (iii) incurred debts which the Tribune Entities knew or reasonably should have known were beyond their ability to repay.

63.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Retiree Creditor Plaintiffs sustained economic injury to the extent of their unpaid general unsecured claims arising from the Retiree Plans against Tribune.

64.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Entity Retiree Creditor Plaintiffs sustained economic injury to the extent of their unpaid general unsecured claims arising from the Retiree Plans against one or more of the Tribune Entities.

65.     Tribune did not receive reasonably equivalent value for the Fraudulent Conveyances to Defendants.

66.     The Tribune Entities did not receive reasonably equivalent value for the guarantee of the obligations incurred as part of the LBO Transaction or for the Fraudulent Conveyances to Defendants.

67.     Each of the Plaintiffs who are Tribune Retiree Creditor Plaintiffs were creditors of Tribune at the time of each of the Step One Transfer and the Step Two Transfer, the commencement of the Bankruptcy Case and the commencement of this case.

68.     Each of the Plaintiffs who are Tribune Entity Retiree Creditor Plaintiffs were creditors of one or more Tribune Entities at the time of each of the Step One Transfer and the Step Two Transfer, the commencement of the Bankruptcy Case and the commencement of this case.

## THE TRIBUNE COMPANY BANKRUPTCY CASES

69.     As a direct result of the LBO Transaction and the Fraudulent Conveyances, Tribune and the Tribune Entities, among other things, (i) incurred over $11 Billion in debt, (ii) transferred or caused to be transferred approximately $8.3 Billion to purchase, repurchase, redeem and/or cancel common stock of Tribune, (iii) transferred approximately $207 Million to professionals and lenders for fees, costs and expenses; (iv) transferred approximately $907 Million in interest payments and $978 Million in principal payments on account of the debt incurred; and (v) commenced the Bankruptcy Cases on December 8, 2008, less than a year after the Step Two Transfers.

70.     Pursuant to an affidavit sworn to December 8, 2008 and filed with the Bankruptcy Court in the Bankruptcy Cases the ("**Bigelow Affidavit**"), Tribune Vice President and Chief Financial Officer, Chandler Bigelow stated that prior to the LBO Tribune and the Tribune Entities had approximately $3 Billion of indebtedness; but following the LBO Transaction, Tribune had approximately $13 Billion of debt and approximately $7.6 Billion in assets. (Bigelow Affidavit at ¶ 11).

71.     Further, pursuant to the Bigelow Affidavit, in 2007 (i) the Tribune Entities had revenues of approximately $5.1 Billion, approximately 72% of which was from publishing and approximately 28% of which was from broadcasting and entertainment; (ii) publishing revenues had declined by approximately 9% and broadcasting and entertainment revenues had declined by approximately 2% due to decreased circulation and advertizing. (Bigelow Affidavit at ¶ 11)

72.     Bigelow concluded that the Tribune Entities "faced increasing constraints on their liquidity, including their ability to service approximately $13 Billion in indebtedness. . . ." (Bigelow Affidavit at ¶ 12).

73.     Thus, the LBO Transaction rendered Tribune and the Tribune Entities insolvent or with unreasonably small capital or assets to operate including to pay debts as such debts became due to creditors.

74.     As a result of the LBO Transaction and the Bankruptcy Case, the Plaintiffs were advised that payments due to them arising from or in connection with the Retiree Plans would be treated as general unsecured claims in the Bankruptcy Cases.

75.     Consequently, the periodic benefit payments to Plaintiffs under any such Retiree Plans were immediately discontinued and all accrued and unpaid amounts due in connection with such Retiree Plans would be paid to the Plaintiffs only pursuant to the Bankruptcy Code and the terms of a confirmed plan of reorganization.

76.     The Plaintiffs had relied upon the payment of their retirement funds as a substantial part of their income and for their retirement savings.

77.     Plaintiffs, William A. Niese, James R. Simpson, Jr., W. Thomas Johnson, Jr., Richard T. Schlosberg, III and Efrem Zimblist, III, immediately formed a steering committee to protect the rights of Tribune Retiree Creditors and Tribune Entity Retiree Creditors (the "**Steering Committee**") in the Bankruptcy Cases.

78.     In December 2008, the Steering Committee engaged Teitelbaum & Baskin, LLP ("**T&B**") to represent the interests of the Steering Committee, and such other Tribune Retiree Creditors and Tribune Entity Retiree Creditors who may join them, in the Bankruptcy Case.

79.     Ultimately, approximately 194 Tribune Retiree Creditors and Tribune Entity Retiree Creditors joined the Steering Committee and engaged T&B to represent their interests in the Bankruptcy Case.

80.     Plaintiff, William A. Niese was appointed to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") as the representative of all retiree interests in the Bankruptcy Case.

81.     Since December 2008, Niese and T&B have actively participated in the Bankruptcy Case on behalf retirees of Tribune, Tribune Entities and Times Mirror and in furtherance of the interests of general unsecured creditors of Tribune and Tribune Entities.

82.     The Tribune Retiree Creditor Plaintiffs represent over $104 Million of the approximately $113 Million in similar claims asserted against Tribune in the Bankruptcy Cases.

83.     The Tribune Entity Retiree Creditor Plaintiffs represent over $5 Million of the approximately $13 Million in similar claims asserted against the Tribune Entities in the Bankruptcy Cases.

84.     Upon information and belief, all Plaintiff claims are liquidated in amount and not disputed or subject to offsets, counterclaims or defenses of any kind.

85.     After nearly 2½ years in bankruptcy, the Bankruptcy Court has been presented with two competing plans of reorganization.

86.     The DCL Plan, as amended as of April 26, 2011(Bankruptcy Court Docket No. 8769) ("the **DCL Plan**"), is jointly proposed by Tribune and the Tribune Entities, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "**DCL Plan Proponents**").

87.     The Noteholder Plan, as amended as of April 25, 2011 (Bankruptcy Court Docket No. 8755) (the "**Noteholder Plan**"), is jointly proposed by Aurelius Capital Management, L.P., Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company (the "**Noteholder Plan Proponents**").

88.     The Bankruptcy Court is presently considering which, if either, plan should be confirmed.

89.     Under each plan, each Tribune Retiree Creditor Plaintiff claim against Tribune is classified together and treated identically, irrespective of which Retiree Plan formed the basis of the claim.

90.     Under the DCL Plan (i) each Tribune Retiree Creditor Plaintiff claim against Tribune is grouped as a general unsecured claim in Class 1F (other than convenience class claims as Class 1G), and each such claim is treated identically; and (ii) each Tribune Entity Retiree Creditor Plaintiff claim against a Tribune Entity is grouped as a general unsecured claim in Classes 2E through 111E, and each such claim is treated identically.

91.     Under the Noteholder Plan (i) each Tribune Retiree Creditor Plaintiff claim against Tribune is grouped as a general unsecured claim in Class 1G and each such claim is treated identically; and (ii) each Tribune Retiree Creditor Plaintiff claim against a Tribune Entity is grouped as a general unsecured claim in Classes 50G through 111G, and each such claim is treated identically.

92.     The Plaintiffs and retirees in general have overwhelmingly voted in favor of the DCL Plan and against the Noteholder Plan.

93.     Contested confirmation proceedings have been conducted before the Bankruptcy Court with respect to both the DCL Plan and the Noteholder Plan.

94.     Upon information and belief, in or around mid June 2011, the proponents of each of the DCL Plan and the Noteholder Plan will have made their final submissions to the Bankruptcy Court.

95.     It is uncertain if or when either the DCL Plan or the Noteholder Plan will be confirmed or become effective such that distributions will be made to creditors of Tribune and Tribune Entities, including the Plaintiffs.

96.     Assuming the DCL Plan is confirmed and becomes effective (i) Tribune Retiree Creditor Plaintiffs who are classified as Class 1F general unsecured creditors of Tribune, would receive initial distributions of between 32% and 35% of their allowed claims and certain such Plaintiffs (depending upon elections they make) could receive additional distributions on account of litigation recoveries in connection with an action commenced by the Creditors' Committee against various parties who participated in and/or received benefits from the LBO Transaction (the "**Committee Action**"); and (ii) the Tribune Entity Retiree Creditor Plaintiffs who are classified as Class 2E through 111E general unsecured creditors of Tribune Entities could receive a distribution of 100% of their allowed claims.

97.     Assuming the Noteholder Plan is confirmed and becomes effective (i) Tribune Retiree Creditor Plaintiffs who are classified as Class 1G general unsecured creditors of Tribune, would receive initial distributions of approximately 4% of their allowed claims and could receive additional distributions on account of litigation recoveries; and (ii) Tribune Entity Retiree Creditor Plaintiffs who are classified as Class 50G through 111G general unsecured creditors of Tribune Entities could receive an initial distribution of approximately 8% of their allowed claims and could receive additional distributions on account of litigation recoveries.

98.     On or about November 1, 2010, the Creditors' Committee commenced the Committee Action as an adversary proceeding captioned *The Official Committee Of Unsecured Creditors Of Tribune Company, on behalf of Tribune Company, et al., vs. Dennis J. Fitzsimons, et al.*(Case No. 08-13141) (Adv. Pro. No. 10-54010) (Docket No. 1).   Many of the allegations made herein "upon information and belief" are based upon the detailed allegations set forth in the Creditors' Committee first amended complaint dated December 7, 2010 (Docket No. 61) (the "**Committee Action Complaint**").

99.     In addition, certain allegations made herein "upon information and belief" are based upon the report, dated July 26, 2010, filed by Kenneth Klee as the court appointed examiner in the Bankruptcy Case (the "**Examiner's Report**" available on the Bankruptcy Court's Docket at Nos. 5130 through 5134).

100.     Under both the DCL Plan and the Noteholder Plan, the prosecution of state law constructive fraud claims, such as those asserted herein, are left to the creditors holding such claims.

## JURISDICTION AND VENUE

101.     Upon information and belief, the Defendants are all similarly situated transferees of the Fraudulent Conveyances, either in their capacity as common stockholders, clearing houses for ultimate transferees, professionals or advisors.

102.     Upon information and belief, the Defendants reside in this jurisdiction, have an office in this jurisdiction, or are otherwise subject to the jurisdiction of this Court. Venue is proper based upon the residence, domicile or place of business of some or all of the Defendants.

## THE PLAINTIFFS

103.     172 Tribune Retiree Creditor Plaintiffs hold claims against Tribune in the aggregate amount of at least $104 Million based upon one or more of the Retiree Plans.

104.     17 Tribune Entity Retiree Creditor Plaintiffs hold claims against one or more Tribune Entities in the aggregate amount of at least $5 Million based upon one or more of the Retiree Plans.

105.     The Tribune Retiree Creditor Plaintiffs seek to avoid transfers made by Tribune to or for the benefit of the Defendants and to recover such funds on account of the their claims against Tribune pursuant to the UFTA as adopted in Illinois.

106.     The Tribune Entity Retiree Creditor Plaintiffs seek to avoid transfers made by Tribune Entities to or for the benefit of the Defendants and to recover such funds on account of the their claims against the Tribune Entities pursuant to the UFTA as adopted in Illinois.

107.     The Tribune Retiree Creditor Plaintiffs:

(a)     are retirees of Times Mirror and/or Tribune;

(b)     at the time of the Step One and Step Two Transfers had claims against Tribune based upon one or more of the following Retiree Plans:

- Times Mirror Excess Pension Plan (the "**Excess Plan**") which covered employees of Times Mirror whose benefits under Times Mirror's qualified pension plan were capped by IRS regulation;

- Times Mirror Supplemental Retirement Plan (the "**SERP**") which covered a limited number of senior executives of Times Mirror and provided benefits based upon salary plus bonus and a subsidized survivor annuity;

- Times Mirror Deferred Compensation Plans which permitted eligible employees or directors of Times Mirror to defer some of their annual compensation, some, or all, of their annual bonus. and in the case of directors, some or all of their annual retainer, and select a payment start date and payment period; the deferred amounts were to accrue interest at 9% per annum; and Tribune Supplemental 401(k) Plan (together with the Times Mirror Deferred Compensation Plans, the "**DC-Plans**") which permitted eligible employees of Tribune to

receive a supplemental company contribution related to their 401(k) benefits; and

- Special Letter Agreements, including severance, pension, salary continuation and/or supplemental payment agreements, ("**Letter Agreements**") which were entered into with certain executives to provide an additional severance, salary continuation, supplemental payments or pension package.

108.   The Tribune Entity Retiree Creditor Plaintiffs:

(a)   are retirees of one or more Tribune Entities; and

(b)   who at the time of the LBO Transaction had claims against one or more Tribune Entities based upon Special Letter Agreements, including severance, pension, salary continuation and/or supplemental payment agreements, ("**Subsidiary Letter Agreements**") which were entered into with certain executives to provide additional severance, salary continuation, supplemental payments or pension package.

109.   None of the Plaintiffs has released their SLCF Claims asserted herein by electing to grant a release as part of the DCL Plan election form, distributed in May 2011 (the "**DCL Plan Election Form**").

110.   None of the Plaintiffs has contributed their SLCF Claims asserted herein to a creditors' trust as part of the DCL Plan Election Form.

## **TRIBUNE RETIREE CREDITOR PLAINTIFFS**

111.   Each of the Tribune Retiree Creditor Plaintiffs identified herein are creditors of Tribune and were creditors of Tribune as of the Step One and Step Two Transfers and the commencement of the Bankruptcy Case:

(a)   **William A. Niese:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,894,702.51.

(b)　**James R. Simpson:**　(i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $3,924,877.86.

(c)　**W. Thomas Johnson, Jr.:**　(i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,091,151.24.

(d)　**Richard T. Schlosberg, III:**　(i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,760,068.72.

(e)　**Efrem Zimbalist, III:**　(i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,206,657.73.

(f)　**Fred A. Abatemarco:**　(i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $105,156.30.

(g)　**Gerald J. Alcantar:**　(i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $11,811.29.

(h)　**Richard S. Alfano:**　(i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $56,537.94.

(i)     **C. Michael Armstrong:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $195,890.45.

(j)     **Gary M. Arnold:**  (i) is a citizen and/or resident of the State of Illinois; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $103,730.01.

(k)     **John M. Arthur:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $78,075.76.

(l)     **William H. Barlow:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $30,213.16.

(m)     **David S. Barrett:**  (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $4,685.88.

(n)     **Bruce E. Barwick:**  (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $46,913.69.

(o)     **Todd A. Becker:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $130,317.53.

(p)   **George Bell:**  (i) is a citizen and/or resident of the State of Massachusetts; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $21,758.70.

(q)   **Susan P. Bell:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,290.37.

(r)   **Horst A. Bergmann:**  (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $5,868,608.14.

(s)   **Edward L. Blood:**  (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $85,974.55.

(t)   **Gregory L. Bowlin:**  (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $548.59.

(u)   **Robert F. Brandt:**  (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $51,409.08.

(v)   **Alan L. Brauer:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $27,545.56.

(w)     **Leo Brennan:**  (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $650,642.48.

(x)     **Kenneth H. Brief:**  (i) is a citizen and/or resident of the State of Maine; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $79,868.36.

(y)     **Robert N. Brisco:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $55,918.19.

(z)     **Patricia G. Campbell:**  (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $102,312.38.

(aa)    **Dian S. Carpenter:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $703,514.32.

(bb)    **John S. Carroll:**  (i) is a citizen and/or resident of the State of Kentucky; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,523,628.61.

(cc)    **Kathleen M. Casey:**  (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $111,836.75.

(dd)   **Rajender K. Chandhok:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,874.04.

(ee)   **Randolph R. Charles:**  (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $53,190.66.

(ff)   **Janet T. Clayton:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $122,035.39.

(gg)   **Patrick A. Clifford:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,161,516.02.

(hh)   **Andrew W. Clurman:**  (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $50,625.17.

(ii)   **C. Shelby Coffey, III:**  (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $239,849.60.

(jj)   **Stuart K. Coppens:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $22,713.20.

(kk)    **George J. Cotliar:**    (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $239,050.32.

(ll)    **William D. Crawford:**    (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $81,779.00.

(mm)   **Barbara R. DeYoung:**   (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $140,144.34.

(nn)    **John F. Dill:**   (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $109,100.04.

(oo)    **Ann E. Dilworth:**   (i) is a citizen and/or resident of the State of New Mexico; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $184,998.00.

(pp)    **Kathryn M. Downing:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,350,233.65.

(qq)    **Beverly Dreher:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $58,882.23.

(rr)   **Elizabeth V. Drewry:**  (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $159,351.22.

(ss)   **Michael S. Dubester:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $38,404.01.

(tt)   **John M. Dyer:**  (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $592,605.17.

(uu)   **Robert F. Erburu:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,976,796.34.

(vv)   **David A. Esgro:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $32,602.00.

(ww)   **Joanne K. Falk:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $133,983.00.

(xx)   **Peter J. Fernald:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than **$174,235.31.**

(yy)   **James E. Fitzgerald:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $133,437.04.

(zz)   **Michael J. Forgione:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $44,838.32.

(aaa)   **Donald H. Forst:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $115,977.12.

(bbb)   **Douglas Fox:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $154,934.21.

(ccc)   **Vance I. Furukawa:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $318,241.94.

(ddd)   **Debra A. Gastler:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $105,061.35.

(eee)   **Gary P. Goldstein:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $217,241.76.

(fff)   **Edward J. Gottsman:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $181,031.90.

(ggg)   **Marian Lewis (for the estate of Kenneth Graham):**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $14,288.91.

(hhh)   **Robert T. Grant:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $37,899.74.

(iii)   **Richard Guerrero:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $569,312.18.

(jjj)   **Lee J. Guittar:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $126,217.54.

(kkk)   **James F. Guthrie:**  (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $577,807.24.

(lll)   **Delynn T. Guttry:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $70,638.34.

(mmm)**Kenneth L. Halajian:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $279,880.66.

(nnn)   **Charlotte H. Hall:**   (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $532,387.27.

(ooo)   **Jean Halle:**  (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $45,477.17.

(ppp)   **Michael J. Haugh:**  (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $173,043.24.

(qqq)   **Janis Heaphy:**  (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $116,041.17.

(rrr)   **James D. Helin:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $34,404.38.

(sss)   **Curtis A. Hessler:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,022,521.60.

(ttt)   **James H. Higby:**   (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $57,086.86.

(uuu)   **Lawrence M. Higby:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $191,250.95.

(vvv)   **Raymond Holton:**   (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $86,402.16.

(www)   **Karen Laukka Horn:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $329,826.52.

(xxx)   **Leslie M. Howard:**   (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $145,496.90.

(yyy)   **Mark E. Howe:**   (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $187,208.77.

(zzz)   **Joseph M. Hughes:**   (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $188,913.12.

(aaaa) **Alberto Ibarguen:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $59,577.00.

(bbbb) **James Imbriaco:**  (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $63,028.95.

(cccc) **Steven L. Isenberg:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $577,618.26.

(dddd) **William R. Isinger:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $298,855.71.

(eeee) **Raymond A. Jansen, Jr.:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $6,439,394.24.

(ffff)  **Edward E. Johnson:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,183,611.96.

(gggg) **Robert M. Johnson:**  (i) is a citizen and/or resident of the State of Michigan; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $314,859.81.

(hhhh) **Mary E. Junck:** (i) is a citizen and/or resident of the State of Iowa; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $687,471.28.

(iiii) **Scott W. Kabak:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $135,856.56.

(jjjj) **Judith S. Kallet:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $86,874.62.

(kkkk) **William F. Keller:** (i) is a citizen and/or resident of the State of Illinois; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,819.77.

(llll) **Joan Kellermann (for the estate of Donald S. Kellermann):** (i) is a citizen and/or resident of Washington DC; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $202,942.77.

(mmmm) **Victoria King:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $74,235.11.

(nnnn) **Jason E. Klein:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $113,350.42.

(oooo) **Jeffrey S. Klein:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $214,771.81.

(pppp) **Susan K. Klutnick:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $381,723.02.

(qqqq) **James L. Kopper:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $353,362.22.

(rrrr)   **Sally Kuekes:**  (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,664.99.

(ssss)   **Mark H. Kurtich:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $90,448.02.

(tttt)   **Kimberly McCleary LaFrance:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $44,006.64.

(uuuu) **Jeffrey W. Lankey:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,600.23.

(vvvv) **David A. Laventhol:**   (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $3,598,937.76.

(wwww)      **R. Marilyn Lee Schneider:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $63,947.25.

(xxxx) **Martin P. Levin:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $103,195.50.**

(yyyy) **Jesse E. Levine:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,524.89.

(zzzz) **Nancy Lobdell:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $115,583.28.

(aaaaa) **Robert G. Magnuson:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $230,074.32.

(bbbbb)      **Anthony J. Marro:** (i) is a citizen and/or resident of the State of Vermont; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $324,038.35.

(ccccc) **Donald S Maxwell:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $375,385.65.

(ddddd)       **Kathleen G. McGuinness:**   (i) is a citizen and/or resident of the State of Iowa; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,800,192.32.

(eeeee) **John C. McKeon:**   (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $91,979.56.

(fffff)  **Jack E. Meadows:**   (i) is a citizen and/or resident of the State of Arkansas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $108,100.07.

(ggggg)       **Stephen C. Meier:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $232,480.68.

(hhhhh)       **Janie Molvar:**   (i) is a citizen and/or resident of the State of Oregon; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $843,787.40.

(iiiii)  **Roger H. Molvar:**   (i) is a citizen and/or resident of the State of Washington; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $560,764.12.

(jjjjj)   **Durham J. Monsma:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $107,492.11.

(kkkkk)   **John T. Nash:**   (i) is a citizen and/or resident of the State of Hawaii; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $373,594.11.

(lllll)   **Nicholas H. Niles:**   (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,691.01.

(mmmmm)   **James H. Norris:**   (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $244,398.59.

(nnnnn)   **James H. Nuckols:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $159,526.04.

(ooooo)   **Nancy W. O'Neill:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and **damages in the amount of not less than $473,600.44.**

(ppppp)   **Robert T. O'Sullivan:**   (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $317,971.62.

(qqqqq)        **Francis P. Pandolfi:**  (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $172,194.00.

(rrrrr) **Michael C. Parks:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,963,183.90.

(sssss) **Jeffrey N. Paro:**   (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $57,050.82.

(ttttt)    **John F. Patinella:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $150,001.24.

(uuuuu)        **Janette O. Payne:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $35,393.07.

(vvvvv)        **Carol Perruso:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $93,718.73.**

(wwwww)        **Victor A. Perry:  (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the** Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $32,377.21.

(xxxxx)    **Maureen G. Peterson:**  (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $594,751.05.

(yyyyy)    **Martha A. Petty:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $149,885.51.

(zzzzz)**Jack L. Plank:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $316,088.85.

(aaaaaa)    **Elizabeth F. Redmond:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $838,434.21.

(bbbbbb)    **S. Keating Rhoads:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $98,744.57.

(cccccc)    **Michael R. Riley:**  (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $123,950.91.

(dddddd)    **Michael G. Rose:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $352,557.60.

(eeeee)     **William J. Rowe:**  (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $308,021.09.

(fffff) **Jerome S. Rubin:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $151,876.68.

(ggggg)     **Alexander Sann:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,456,012.18.

(hhhhh)     **Geraldine Scally:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $28,433.38.

(iiiii)  **Herbert K. Schnall:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $601,401.39.

(jjjjj)  **Charles I. Schneider:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $300,413.12.

(kkkkk)     **Hilary A. Schneider:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $116,920.23.

(llllll)  **Howard S. Schneider:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $111,725.93.

(mmmmmm)  **Brian J. Sellstrom:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $59,424.51.

(nnnnnn)   **James D. Shaw:**  (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $188,663.28.

(oooooo)   **Dennis A. Shirley:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,374,704.51.

(pppppp)   **Gary K. Shorts:**  (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $169,089.46.

(qqqqqq)   **Louis Sito:**  (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $100,409.32.

(rrrrrr)  **Richard W. Stanton:**  (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $58,991.00.

(ssssss) **Judith L. Sweeney:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $37,827.72.

(tttttt) **Stender E. Sweeney:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $92,525.62.

(uuuuuu) **James S. Toedtman:**  (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $7,503.51.

(vvvvvv) **Sharon S. Tunstall:**  (i) is a citizen and/or resident of the State of Michigan; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,684.60.

(wwwwww) **Michael S. Udovic:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and **damages in the amount of not less than $6,875.50.**

(xxxxxx) **Michael J. Valenti:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,228,403.25.

(yyyyyy) **Karen J. Wada:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $277,091.87.

(zzzzzz)	**Claudia A. Wade:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $25,214.57.

(aaaaaaa)	**James W. Wallace:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $319,337.67.

(bbbbbbb)	**Michael E. Waller:**  (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,856,802.57.

(ccccccc)	**Larry W. Wangberg:**  (i) is a citizen and/or resident of the State of Idaho; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $403,201.80.

(ddddddd)	**Howard Weinstein:**  (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $346,023.78.

(eeeeeee)	**William D. Wiegand:**  (i) is a citizen and/or resident of the State of Washington; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $348,721.05.

(fffffff)**Mary A. Wild:**  (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $36,816.87.

(ggggggg)   **Mark H. Willes:** (i) is a citizen and/or resident of the State of Utah; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $19,534,351.47.

(hhhhhhh)   **Phillip L. Williams:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $572,842.71.

(iiiiiii) **Hazel E. Wilson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $26,114.05.**

(jjjjjjj) **Julia C. Wilson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $219,353.70.

(kkkkkkk)   **Harold F. Woldt, Jr.:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $35,533.16.

(lllllll) **Leo Wolinsky:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $606,750.39.

(mmmmmmm)   **Donald F. Wright:** (i) is a citizen and/or resident of the State of New Mexico; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,713,574.92.

(nnnnnnn)     **John W. Young:**   (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $73,452.93.

(ooooooo)     **John J. Zakarian:**   (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $295,629.56.

(ppppppp)     **Norene Zapanta (trustee for Dr. Edward Zapanta Trust):**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $11,482.47.

## TRIBUNE ENTITY RETIREE CREDITOR PLAINTIFFS

112.   Each of the Tribune Entity Retiree Creditor Plaintiffs identified herein are creditors of one or more Tribune Entities and were creditors of one or more Tribune Entities as of the Step One and Step Two Transfers and the commencement of the Bankruptcy Case:

(a)     **Sharon M. Bowen:**   (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $7,928.66.

(b)     **Janet T. Clayton:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $15,217.72.

(c)     **James Willard Colston:**   (i) is a citizen and/or resident of the State of Maine; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $341,112.31.

(d)     **Grace E. Crowder:**   (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $328,983.31.

(e)     **John Darnall:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $12,067.23.

(f)     **Kenneth G. Davis:**   (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $85,588.75.

(g)     **Mary M. Downes:**   (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $107,609.85.

(h)     **Paul H. Egan:**   (i) is a citizen and/or resident of the State of Oregon; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $23,494.71.

(i)     **Arnold J. Kleiner:**   (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,428,807.91.

(j)     **John C. McKeon:**   (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $4,949.00.

(k)     **John R. Murphy:**  (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,259,218.77.

(l)     **Barbara Sample (for the estate of Jack W. Neely):**  (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,957.24.

(m)     **Carolyn Selzer:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,834.93.

(n)     **William F. Thomas:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $395,688.06.

(o)     **Caroline Thorpe:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $60,000.00.

(p)     **Robert E. Trainor:**  (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $74,825.54.

(q)     **Herbert J. Vida:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $45,399.65.

**THE DEFENDANTS**

113.    Upon information and belief, **Defendant A. G. Edwards, Inc.** is a Delaware Corporation, and has designated both the (i) The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process, and (ii) the Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

114.    Upon information and belief, **Defendant A. G. EDWARDS & SONS, LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

115.    Upon information and belief, **Defendant A. G. EDWARDS Private Equity Partners III, L.P.** is a Delaware Limited Partnership, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

116.    Upon information and belief, either more or more of Defendants A. G. Edwards, Inc., A. G. EDWARDS & SONS, LLC, and/or A. G. EDWARDS Private Equity Partners III, L.P. (collectively, the "**A. G. Edward Entities**"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $33,507,374.00 as payment for the common stock interests in Tribune owned by either (i) one or more of the A. G. Edward Entities, and/or (ii) other unknown persons or entities for whose benefit one or more of the A. G. Edward Entities held, transferred or exchanged such stock interests.

117.    Upon information and belief, **Defendant Abbey National Securities Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of

Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

118.    Upon information and belief, Defendant Abbey National Securities Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $3,327,478.00 as payment for the common stock interests in Tribune owned by either (i) Abbey National Securities Inc., and/or (ii) other unknown persons or entities for whose benefit Abbey National Securities Inc. held, transferred or exchanged such stock interests.

119.    Upon information and belief, **Defendant Baird (Robert W.) & Co. Incorporated** is a Delaware Corporation, and has designated Inactive Agent Account, with an address of Secretary of State Townsend Bldg, Dover, Delaware 19901, as its agent for service or process.

120.    Upon information and belief, Defendant Baird (Robert W.) & Co. Incorporated, received Step One and/or Step Two Transfers from Tribune in the amount of at least $7,732,042.00 as payment for the common stock interests in Tribune owned by either (i) Baird (Robert W.) & Co. Incorporated, and/or (ii) other unknown persons or entities for whose benefit Baird (Robert W.) & Co. Incorporated held, transferred or exchanged such stock interests.

121.    Upon information and belief, **Defendant Banc of America Securities LLC** is a Delaware Limited Liability Company, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

122.    Upon information and belief, Defendant Banc of America Securities LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $43,108,668.00 as payment for the common stock interests in Tribune owned by either (i) Banc

of America Securities LLC, and/or (ii) other unknown persons or entities for whose benefit Banc of America Securities LLC held, transferred or exchanged such stock interests.

123.    Upon information and belief, **Defendant Bank of America Corporation** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

124.    Upon information and belief, Defendant Bank of America Corporation, received Step One and/or Step Two Transfers from Tribune in the amount of at least $45,430,358.00 as payment for the common stock interests in Tribune owned by either (i) Bank of America Corporation, and/or (ii) other unknown persons or entities for whose benefit Bank of America Corporation held, transferred or exchanged such stock interests.

125.    Upon information and belief, **Defendant Bank West Trust I** is a Delaware Statutory Trust, and has designated BNY Mellon Trust of Delaware, with an address of 100 White Clay Center, Suite 102, Newark, Delaware 19711, as its agent for service or process.

126.    Upon information and belief, **Defendant Bank West Trust II** is a Delaware Statutory Trust, and has designated Wilmington Trust Company, with an address of Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890, as its agent for service or process.

127.    Upon information and belief, either one or both of Defendants Bank West Trust I and/or Bank West Trust II (collectively, the "Bank West Trusts"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $176,052.00 as payment for the common stock interests in Tribune owned by either (i) one or both of the Bank West Trusts, and/or (ii)

other unknown persons or entities for whose benefit one or more of the Bank West Trusts held, transferred or exchanged such stock interests.

128.    Upon information and belief, **Defendant BMO Nesbitt Burns Employee Co-Investment Fund I (U.S.) L.P.** is a Delaware Limited Partnership, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

129.    Upon information and belief, **Defendant BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.) GP, L.P.** is a Delaware Limited Partnership, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

130.    Upon information and belief, **BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.), L.P.** is a Delaware Limited Partnership, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

131.    Upon information and belief, **BMO Nesbitt Burns U.S. Blocker Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

132.    Upon information and belief, one or more of Defendants BMO Nesbitt Burns Employee Co-Investment Fund I (U.S.) L.P.,  BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.) GP, L.P., BMO Nesbitt Burns Employee Co-Investment Intermediate (U.S.), L.P., and BMO Nesbitt Burns U.S. Blocker Inc. (collectively, the "BMO Nesbitt Entities") received Step One and/or Step Two Transfers from Tribune in the amount of at least

$1,958,298.00 as payment for the common stock interests in Tribune owned by either (i) one or more of the BMO Nesbitt Entities, and/or (ii) other unknown persons or entities for whose benefit one or more of the BMO Nesbitt Entities held, transferred or exchanged such stock interests.

133.    Upon information and belief, **Defendant Cheyne Capital Management, Inc.** is a Delaware Corporation, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

134.    Upon information and belief, **Defendant Cheyne Capital Management, LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

135.    Upon information and belief, either one or both of Defendants Cheyne Capital Management, LLC and/or Defendant Cheyne Capital Management, Inc. (collectively, the "Cheyne Entities"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $33,745,000.00 as payment for the common stock interests in Tribune owned by either (i) one or both of the Cheyne Entities, and/or (ii) other unknown persons or entities for whose benefit one or more of the Cheyne Entities held, transferred or exchanged such stock interests.

136.    Upon information and belief, **Defendant Citadel Investment Group, L.L.C.** is a Delaware Limited Liability Company, and has designated The Corporation Trust Company, with an address of Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

137.    Upon information and belief, Defendant Citadel Investment Group, L.L.C., received Step One and/or Step Two Transfers from Tribune in the amount of at least $53,625,616.00 as payment for the common stock interests in Tribune owned by either (i) Citadel Investment Group, L.L.C., and/or (ii) other unknown persons or entities for whose benefit Citadel Investment Group, L.L.C. held, transferred or exchanged such stock interests.

138.    Upon information and belief, **Defendant City National Bank of New Jersey Capital Trust I** is a Delaware Statutory Trust, and has designated Wilmington Trust Company, with an address of Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890, as its agent for service or process.

139.    Upon information and belief, Defendant City National Bank of New Jersey Capital Trust I, received Step One and/or Step Two Transfers from Tribune in the amount of at least $386,274.00 as payment for the common stock interests in Tribune owned by either (i) City National Bank of New Jersey Capital Trust I, and/or (ii) other unknown persons or entities for whose benefit City National Bank of New Jersey Capital Trust I held, transferred or exchanged such stock interests.

140.    Upon information and belief, **Defendant Davenport & Company LLC** is a Virginia Limited Liability Company, is authorized to do business in the State of Delaware, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

141.    Upon information and belief, Defendant Davenport & Company LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $2,063,698.00 as payment for the common stock interests in Tribune owned by either (i) Davenport & Company

LLC, and/or (ii) other unknown persons or entities for whose benefit Davenport & Company LLC held, transferred or exchanged such stock interests.

142.    Upon information and belief, **Defendant Deutsche Bank Securities Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

143.    Upon information and belief, Defendant Deutsche Bank Securities Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $388,649,104.00 as payment for the common stock interests in Tribune owned by either (i) Deutsche Bank Securities Inc., and/or (ii) other unknown persons or entities for whose benefit Deutsche Bank Securities Inc. held, transferred or exchanged such stock interests.

144.    Upon information and belief, **Defendant Dimensional Fund Advisors LP** is a Delaware Limited Partnership, and has designated Corporation Service Company, with an address of 2711 Centerville Road Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

145.    Upon information and belief, Defendant Dimensional Fund Advisors LP, received Step One and/or Step Two Transfers from Tribune in the amount of at least $36,871,130.00 as payment for the common stock interests in Tribune owned by either (i) Dimensional Fund Advisors LP, and/or (ii) other unknown persons or entities for whose benefit Dimensional Fund Advisors LP held, transferred or exchanged such stock interests.

146.    Upon information and belief, **Defendant E*Trade Clearing LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with an address

of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

147.     Upon information and belief, Defendant E*Trade Clearing LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $20,033,514.00 as payment for the common stock interests in Tribune owned by either (i) E*Trade Clearing LLC, and/or (ii) other unknown persons or entities for whose benefit E*Trade Clearing LLC held, transferred or exchanged such stock interests.

148.     Upon information and belief, **Defendant Federated Investors Corporation** is a Delaware Corporation, and has designated The Company Corporation, with an address of 2711 Centerville Road Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

149.     Upon information and belief, **Defendant Federated Investors** is a Delaware Statutory Trust, and has designated Mark D. Olson, with an address of 107 West Market Street, PO Box 272, Georgetown, Delaware 19947, as its agent for service of process.

150.     Upon information and belief, either one or both of Defendants Federated Investors Corporation and/or Federated Investors (collectively, the "Federated Entities"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $32,127,280.00 as payment for the common stock interests in Tribune owned by either (i) one or both of the Federated Entities, and/or (ii) other unknown persons or entities for whose benefit one or both of the Federated Entities held, transferred or exchanged such stock interests.

151.     Upon information and belief, **Defendant First Clearing, LLC** is a Delaware Limited Liability Company, and has designated c/o Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

152.   Upon information and belief, Defendant First Clearing, LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $114,590,812.00 as payment for the common stock interests in Tribune owned by either (i) First Clearing, LLC, and/or (ii) other unknown persons or entities for whose benefit First Clearing, LLC held, transferred or exchanged such stock interests.

153.   Upon information and belief, **Defendant Goldman Sachs International Holdings LLC** is a Delaware Limited Liability Company, and has designated Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

154.   Upon information and belief, Defendant Goldman Sachs International Holdings LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $2,007,496.00 as payment for the common stock interests in Tribune owned by either (i) Goldman Sachs International Holdings LLC, and/or (ii) other unknown persons or entities for whose benefit Goldman Sachs International Holdings LLC held, transferred or exchanged such stock interests.

155.   Upon information and belief, **Defendant HBK Investments L.P.** is a Delaware Limited Partnership, and has designated National Corporate Research, Ltd., with an address of 615 South Dupont Highway, Dover, Delaware 19901, as its agent for service of process.

156.   Upon information and belief, Defendant HBK Investments L.P., received Step One and/or Step Two Transfers from Tribune in the amount of at least $64,600,136.00 as payment for the common stock interests in Tribune owned by either (i) HBK Investments L.P., and/or (ii) other unknown persons or entities for whose benefit HBK Investments L.P. held, transferred or exchanged such stock interests.

157.    Upon information and belief, **Defendant J.J.B. Hilliard, W.L. Lyons, LLC** is a Kentucky Limited Liability Company, is authorized to do business in the State of Delaware, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

158.    Upon information and belief, Defendant J.J.B. Hilliard, W.L. Lyons, LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,104,660.00 as payment for the common stock interests in Tribune owned by either (i) J.J.B. Hilliard, W.L. Lyons, LLC, and/or (ii) other unknown persons or entities for whose benefit J.J.B. Hilliard, W.L. Lyons, LLC held, transferred or exchanged such stock interests.

159.    [Intentionally Omitted].

160.    [Intentionally Omitted].

161.    Upon information and belief, **Defendant LSV Asset Management** is a Delaware Corporation, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

162.    Upon information and belief, Defendant LSV Asset Management, received Step One and/or Step Two Transfers from Tribune in the amount of at least $62,733,214.00 as payment for the common stock interests in Tribune owned by either (i) LSV Asset Management, and/or (ii) other unknown persons or entities for whose benefit LSV Asset Management held, transferred or exchanged such stock interests.

163.    Upon information and belief, **Defendant M.L. Stern & Co., LLC** is a Delaware Limited Liability Company, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

164.    Upon information and belief, Defendant M.L. Stern & Co., LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $6,808,500.00 as payment for the common stock interests in Tribune owned by either (i) M.L. Stern & Co., LLC, and/or (ii) other unknown persons or entities for whose benefit M.L. Stern & Co., LLC held, transferred or exchanged such stock interests.

165.    Upon information and belief, **Defendant Northern Trust Global Advisors, Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

166.    Upon information and belief, Defendant Northern Trust Global Advisors, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $77,740,048.00 as payment for the common stock interests in Tribune owned by either (i) Northern Trust Global Advisors, Inc., and/or (ii) other unknown persons or entities for whose benefit Northern Trust Global Advisors, Inc. held, transferred or exchanged such stock interests.

167.    Upon information and belief, **Defendant Penson Financial Futures, Inc**. is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

168.    Upon information and belief, Defendant Penson Financial Futures, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $7,345,666.00 as payment for the common stock interests in Tribune owned by either (i) Penson Financial Futures, Inc., and/or (ii) other unknown persons or entities for whose benefit Penson Financial Futures, Inc. held, transferred or exchanged such stock interests.

169.    Upon information and belief, **Defendant PNC Bank, Delaware** is a Delaware Corporation, and has designated PNC Bank, Delaware, with an address of 222 Delaware Avenue, Wilmington, Delaware 19801, as its agent for service or process.

170.    Upon information and belief, Defendant PNC Bank, Delaware, received Step One and/or Step Two Transfers from Tribune in the amount of at least $123,871,350.00 as payment for the common stock interests in Tribune owned by either (i) PNC Bank, Delaware, and/or (ii) other unknown persons or entities for whose benefit PNC Bank, Delaware held, transferred or exchanged such stock interests.

171.    Upon information and belief, **Defendant RBC Capital Markets Arbitrage, LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

172.    Upon information and belief, **Defendant RBC Capital Markets Holdings (USA) Inc.** is a Delaware Corporation, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

173.    Upon information and belief, **Defendant RBC Capital Markets Corporation** is a Minnesota Corporation, which is authorized to do business in Delaware and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

174.    Upon information and belief, one or more of Defendants RBC Capital Markets Holdings (USA) Inc., RBC Capital Markets Corporation, and  RBC Capital Markets Arbitrage, LLC (collectively, the "RBC Capital Entities"), received Step One and/or Step Two Transfers

from Tribune in the amount of at least $44,142,574.00 as payment for the common stock interests in Tribune owned by either (i) one or more of the RBC Capital Entities, and/or (ii) other unknown persons or entities for whose benefit one or more of the RBC Capital Entities held, transferred or exchanged such stock interests.

175.    Upon information and belief, **Defendant RBC Dominion Securities L.L.C.** is a Delaware Limited Liability Company, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

176.    Upon information and belief, Defendant RBC Dominion Securities L.L.C., received Step One and/or Step Two Transfers from Tribune in the amount of at least $16,300,620.00 as payment for the common stock interests in Tribune owned by either (i) RBC Dominion Securities L.L.C., and/or (ii) other unknown persons or entities for whose benefit RBC Dominion Securities L.L.C. held, transferred or exchanged such stock interests.

177.    Upon information and belief, **Regions Financial Corporation** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

178.    Upon information and belief, Defendant Regions Financial Corporation, received Step One and/or Step Two Transfers from Tribune in the amount of at least $392,904.00 as payment for the common stock interests in Tribune owned by either (i) Regions Financial Corporation, and/or (ii) other unknown persons or entities for whose benefit Regions Financial Corporation held, transferred or exchanged such stock interests.

179.    Upon information and belief, **Defendant Renaissance Technologies Holdings Corporation** is a Delaware Corporation, and has designated National Registered Agents, Inc., with an address of 160 Greentree Drive Suite 101, Dover, Delaware 19904, as its agent for service of process.

180.    Upon information and belief, **Defendant Renaissance Technologies LLC** is a Delaware Limited Liability Company, and has designated National Registered Agents, Inc., with an address of 160 Greentree Drive, Suite 101, Dover, DE 19904, as its agent for service of process.

181.    Upon information and belief, **Defendant Renaissance Technology Group Inc.** is a Delaware Corporation, and has designated Business Filings International, Inc., with an address of 108 West 13th Street, Wilmington, Delaware 19801, as its agent for service of process.

182.    Upon information and belief, **Defendant Renaissance Tech. Inc.** is a Delaware Corporation, and has designated The Company Corporation, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

183.    Upon information and belief, one or more of Defendants Renaissance Technologies Holdings Corporation, Renaissance Technologies LLC, Renaissance Technology Group Inc., and Renaissance Tech. Inc. (collectively, the "Renaissance Tech. Entities") received Step One and/or Step Two Transfers from Tribune in the amount of at least $93,826,400.00 as payment for the common stock interests in Tribune owned by either (i) one or more of the Renaissance Tech. Entities, and/or (ii) other unknown persons or entities for whose benefit one or more of the Renaissance Tech. Entities held, transferred or exchanged such stock interests.

184.    Upon information and belief, **Defendant Romano Brothers Investors, LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with

an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

185.   Upon information and belief, Defendant Romano Brothers Investors, LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $438,872.00 as payment for the common stock interests in Tribune owned by either (i) Romano Brothers Investors, LLC, and/or (ii) other unknown persons or entities for whose benefit Romano Brothers Investors, LLC held, transferred or exchanged such stock interests.

186.   Upon information and belief, **Defendant Sanford C. Bernstein & Co., LLC** is a Delaware Limited Liability Company, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

187.   Upon information and belief, Defendant Sanford C. Bernstein & Co., LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,699,048.00 as payment for the common stock interests in Tribune owned by either (i) Sanford C. Bernstein & Co., LLC, and/or (ii) other unknown persons or entities for whose benefit Sanford C. Bernstein & Co., LLC held, transferred or exchanged such stock interests.

188.   Upon information and belief, **Defendant Southwest Securities, Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

189.   Upon information and belief, Defendant Southwest Securities, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $2,591,548.00   as payment for the common stock interests in Tribune owned by either (i) Southwest Securities,

Inc., and/or (ii) other unknown persons or entities for whose benefit Southwest Securities, Inc. held, transferred or exchanged such stock interests.

190.    Upon information and belief, **Defendant State Street Global Advisors, Inc.** is a Delaware Corporation, and has designated The Prentice-Hall Corporation System, Inc., with an address of 2711 Centerville Road Suite 400 as its agent for service in Wilmington, Delaware 19808 as its agent for service of process.

191.    Upon information and belief, Defendant State Street Global Advisors, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $73,625,402.00 as payment for the common stock interests in Tribune owned by either (i) State Street Global Advisors, Inc., and/or (ii) other unknown persons or entities for whose benefit State Street Global Advisors, Inc. held, transferred or exchanged such stock interests.

192.    Upon information and belief, **Defendant Stephens, Inc. (a.k.a. Stephens Inc.)**, is an Arkansas Corporation, is authorize to do business in the State of Delaware, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

193.    Upon information and belief, Defendant Stephens, Inc. (a.k.a. Stephens Inc.), received Step One and/or Step Two Transfers from Tribune in the amount of at least $452,914.00 as payment for the common stock interests in Tribune owned by either (i) Stephens, Inc. (a.k.a. Stephens Inc.), and/or (ii) other unknown persons or entities for whose benefit Stephens, Inc. (a.k.a. Stephens Inc.) held, transferred or exchanged such stock interests.

194.    Upon information and belief, **Defendant SunTrust Bank** is a Georgia Corporation, is authorized to do business in the State of Delaware, and has designated

Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

195.   Upon information and belief, Defendant SunTrust Bank, received Step One and/or Step Two Transfers from Tribune in the amount of at least $6,638,632.00 as payment for the common stock interests in Tribune owned by either (i) SunTrust Bank, and/or (ii) other unknown persons or entities for whose benefit SunTrust Bank held, transferred or exchanged such stock interests.

196.   Upon information and belief, **Defendant The DFA Investment Trust Company**, is a Delaware Statutory Trust, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

197.   Upon information and belief, Defendant The DFA Investment Trust Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $43,899,372.00 as payment for the common stock interests in Tribune owned by either (i) The DFA Investment Trust Company, and/or (ii) other unknown persons or entities for whose benefit The DFA Investment Trust Company held, transferred or exchanged such stock interests.

198.   Upon information and belief, **Defendant The Northern Trust Company** is a Delaware Corporation, and has designated The Northern Trust Company of Delaware, with an address of 1201 North Market Street, Wilmington, Delaware 19801, as its agent for service or process.

199.   Upon information and belief, Defendant The Northern Trust Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $926,332,414.00 as payment for the common stock interests in Tribune owned by either (i) The Northern Trust

Company, and/or (ii) other unknown persons or entities for whose benefit The Northern Trust Company held, transferred or exchanged such stock interests.

200.   Upon information and belief, **Defendant The Vanguard Group, Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

201.   Upon information and belief, Defendant The Vanguard Group, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $97,679,824.00 as payment for the common stock interests in Tribune owned by either (i) The Vanguard Group, Inc., and/or (ii) other unknown persons or entities for whose benefit The Vanguard Group, Inc. held, transferred or exchanged such stock interests.

202.   Upon information and belief, **Defendant U.S. Trust Company of Delaware** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

203.   Upon information and belief, **Defendant U.S. Trust Capital A** is a Delaware Statutory Trust, and has designated U.S. Bank Trust National Association, with an address of 300 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801, as its agent for service or process.

204.   Upon information and belief, either one or both of Defendants U.S. Trust Capital A and/or U.S. Trust Company of Delaware (collectively, the "U.S. Trust Entities"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $11,160,126.00 as payment for the common stock interests in Tribune owned by either (i) one or both of the U.S.

Trust Entities, and/or (ii) other unknown persons or entities for whose benefit either one or both of the U.S. Trust Entities held, transferred or exchanged such stock interests.

205.   Upon information and belief, **Defendant UBS Global Asset Management (US) Inc.** is a Delaware Corporation, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

206.   Upon information and belief, **Defendant UBS Global Asset Management (Americas) Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

207.   Upon information and belief, either one or both of Defendants UBS Global Asset Management (Americas) Inc. and/or UBS Global Asset Management (US) Inc. (collectively, the "UBS Global Asset Entities"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $72,844,014.00 as payment for the common stock interests in Tribune owned by either (i) one or both of the UBS Global Asset Entities, and/or (ii) other unknown persons or entities for whose benefit one or both of the UBS Global Asset Entities held, transferred or exchanged such stock interests.

208.   Upon information and belief, **Defendant UBS Securities LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

209.   Upon information and belief, Defendant UBS Securities LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $107,066,680.00 as payment

for the common stock interests in Tribune owned by either (i) UBS Securities LLC, and/or (ii) other unknown persons or entities for whose benefit UBS Securities LLC held, transferred or exchanged such stock interests.

210.   Upon information and belief, **Defendant US Bancorp Investments, Inc.** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

211.   Upon information and belief, Defendant US Bancorp Investments, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $4,214,300.00 as payment for the common stock interests in Tribune owned by either (i) US Bancorp Investments, Inc., and/or (ii) other unknown persons or entities for whose benefit US Bancorp Investments, Inc. held, transferred or exchanged such stock interests.

212.   Upon information and belief, **Defendant USAA Investment Management Company** is a Delaware Corporation, and has designated The Corporation Trust Company, with an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service or process.

213.   Upon information and belief, Defendant USAA Investment Management Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,201,934.00 as payment for the common stock interests in Tribune owned by either (i) Defendant USAA Investment Management Company, and/or (ii) other unknown persons or entities for whose benefit Defendant USAA Investment Management Company held, transferred or exchanged such stock interests.

214.    Upon information and belief, **Defendant Wells Fargo Investment, LLC** is a Delaware Limited Liability Company, and has designated Corporation Service Company, with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service or process.

215.    Upon information and belief, Defendant Wells Fargo Investment, LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $4,338,264.00 as payment for the common stock interests in Tribune owned by either (i) Wells Fargo Investment, LLC, and/or (ii) other unknown persons or entities for whose benefit Wells Fargo Investment, LLC held, transferred or exchanged such stock interests.

216.    Upon information and belief, **Defendant Wilmington Trust Company** is a Delaware Corporation, and has designated Wilmington Trust Company, with an address of Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890, as its agent for service or process.

217.    Upon information and belief, Defendant Wilmington Trust Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,714,518.00 as payment for the common stock interests in Tribune owned by either (i) Wilmington Trust Company, and/or (ii) other unknown persons or entities for whose benefit Wilmington Trust Company held, transferred or exchanged such stock interests.

## CONFIDENTIAL STOCK TRANSFEREE DEFENDANTS

218.    Pursuant to an order of the Bankruptcy Court, dated May 19, 2011 (the "**Protective Order**") (Exhibit B hereto), on or about May 25, 2011 Plaintiffs were provided with information concerning certain defendants pursuant to an order of confidentiality which, subject

to further order of an appropriate court, prevents the disclosure of information concerning the timing or amount of transfers to defendants.

219.    As such, Plaintiffs have identified on **Exhibit C** hereto, the names and addresses of named defendants as produced by the Creditors' Committee who, upon information and belief, received Step One and/or Step Two Transfers as Fraudulent Conveyances, but who are subject to the terms of the Protective Order and or whose transfer information was not made available to Plaintiffs (the "**Confidential Stock Transferee Defendants**").

220.    Plaintiffs seek to avoid and recover the Fraudulent Conveyances made to the Confidential Stock Transferee Defendants in amounts to be determined.

## JOHN DOE STOCK TRANSFEREE DEFENDANTS

221.    The basis for naming the John Doe defendants is that the Plaintiffs have not been afforded ample time or discovery to ascertain the exact identity of all transferees and, upon information and belief, the stock of Tribune may have been held by various clearing or other brokerage houses for ultimate beneficiaries.   Plaintiffs, upon information and belief, have identified the transferees of the Step One and Step Two Transfers; however, to the extent that such defendants claim to be initial or pass through transferees, upon ascertaining the identity of the John Doe Defendants, Plaintiffs will amend this Complaint.

## COUNT ONE
### Avoidance and Recovery of  Constructive Fraudulent Conveyances
### Against Defendant Stock Transferees By Tribune Retiree Creditor Plaintiffs

222.    Tribune Retiree Creditor Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-221 as though fully set forth herein.

223.    Each Defendant identified above as an Entity Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

224.    Each Defendant identified above as a Confidential Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune

225.    Each Defendant identified above as a John Doe Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

226.    Tribune received less than reasonably equivalent value in exchange for the foregoing Step One and/or Step Two Transfers.

227.    At the time of the Step One and/or Step Two Transfers to each  Entity Stock Transferee Defendant, Confidential Stock Transferee Defendant and John Doe Stock Transferee Defendant, Tribune (i) was insolvent or became insolvent as a result of the LBO Transaction and/or the Step One and Step Two Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which Tribune was left with unreasonably small assets or capital; and/or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as such debts became due.

228.    Accordingly, pursuant to the UFTA adopted in the State of Illinois (S.H.A. 740 ILCS 160 *et seq.*), the Step One and/or Step Two Transfers to or for the benefit of the each Entity Stock Transferee Defendant, Confidential Stock Transferee Defendant and John Doe Stock Transferee Defendant should be avoided and such avoided transfers should be turned over to the Tribune Retiree Creditor Plaintiffs in the amount received by each Defendant set forth above.

**COUNT TWO**
**Avoidance and Recovery of  Constructive Fraudulent Conveyances**
**Against Defendant Stock Transferees By Tribune Entity Retiree Creditor Plaintiffs**

229.    Tribune Entity Retiree Creditor Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-221 as though fully set forth herein.

230.    Each Defendant identified above as an Entity Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

231.    Each Defendant identified above as a Confidential Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

232.    Each Defendant identified above as a John Doe Stock Transferee Defendant, upon information and belief, received Step One and/or Step Two Transfers in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.

233.   Tribune received less than reasonably equivalent value in exchange for the foregoing Step One and/or Step Two Transfers.

234.   At the time of the Step One and/or Step Two Transfers to each  Entity Stock Transferee Defendant, Confidential Stock Transferee Defendant and John Doe Stock Transferee Defendant, Tribune (i) was insolvent or became insolvent as a result of the LBO Transaction and/or the Step One and Step Two Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which Tribune was left with unreasonably small assets or capital; and/or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as such debts became due.

235.   Accordingly, pursuant to the UFTA adopted in the State of Illinois (S.H.A. 740 ILCS 160 *et seq*.), the Step One and/or Step Two Transfers to or for the benefit of the each Entity Stock Transferee Defendant, Confidential Stock Transferee Defendant and John Doe Stock Transferee Defendant should be avoided and such avoided transfers should be turned over to the Tribune Entity Retiree Creditor Plaintiffs in the amount received by each Defendant set forth above.

## **RESERVATION OF RIGHTS**

236.   Plaintiffs reserve the right, to the extent permitted under applicable law or by agreement, to assert any claims relating to the subject matter of this action or otherwise relating to Tribune and/or one or more Tribune Entities against any third party.

237.   Plaintiffs reserve the right, to the extent permitted under applicable law or by agreement to supplement or amend the list of Confidential Defendants and to further specify the amounts and timing of the transfers alleged.

238.   Plaintiffs reserve the right, to the extent permitted under applicable law or by agreement, to assert any claims relating to the subject matter of this action or otherwise relating to Tribune and one or more Tribune Entities against any person who may be substituted for a John Doe Defendant.

**WHEREFORE**, by reason of the foregoing, Plaintiffs respectfully request that this Court enter judgment against the as follows:

(a)   avoiding the transfers to the Entity Stock Transferee Defendants for the benefit of the Tribune Retiree Creditor Plaintiffs;

(b)   avoiding the transfers to the Entity Stock Transferee Defendants for the benefit of the Tribune Entity Retiree Creditor Plaintiffs;

(c)   avoiding the transfers to the Confidential Stock Transferee Defendants for the benefit of the Tribune Retiree Creditor Plaintiffs;

(d)   avoiding the transfers to the Confidential Stock Transferee Defendants for the benefit of the Tribune Entity Retiree Creditor Plaintiffs;

(e)   avoiding the transfers to the John Doe Stock Transferee Defendants for the benefit of the Tribune Retiree Creditor Plaintiffs;

(f)   avoiding the transfers to the John Doe Stock Transferee Defendants for the benefit of the Tribune Entity Retiree Creditor Plaintiffs;

(g)   awarding the Tribune Retiree Creditor Plaintiffs damages in the amount of the avoided transfers and directing the Defendants to turn over to such funds to the Tribune Retiree Creditor Plaintiffs;

(h)   awarding the Tribune Entity Retiree Creditor Plaintiffs damages in the amount of the avoided transfers and directing the Defendants to turn over to such funds to the Tribune Entity Creditor Retiree Plaintiffs;

(i)   imposing a constructive trust on assets of the Defendants to the extent of avoid transfers in favor of the Tribune Retiree Creditor Plaintiffs in the amount of the avoided transfers;

(j)   imposing a constructive trust on assets of the Defendants to the extent of avoid transfers in favor of the Tribune Entity Retiree Creditor Plaintiffs in the amount of the avoided transfers;

(k)   awarding pre-and post-judgment interest at the legal rate on all avoided transfers; and

(l)      awarding such other and further relief as the Court deems just and proper.

Dated: December 19, 2011          Respectfully submitted,
       Wilmington, Delaware

                             HILLER & ARBAN, LLC

                             **/s/ Adam Hiller**
                             Adam Hiller (DE No. 4105)
                             Brian Arban (DE No. 4511)
                             1500 North French Street, 2nd Floor
                             Wilmington, Delaware 19801
                             (302) 442-7676 telephone
                             ahiller@hillerarban.com

                             - and -

                             Jay Teitelbaum, Esq.
                             Teitelbaum & Baskin, LLP
                             1 Barker Avenue, 3rd Floor
                             White Plains, New York 10601
                             Telephone:  (914) 437-7670
                             Facsimile:  (914) 437-7672
                             jteitelbaum@tblawllp.com
                             (To Be Admitted Pro Hac Vice)

                             *Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

The plaintiffs herein demand a trial by jury of 12.

## CERTIFICATION OF VALUE

I, Adam Hiller, Esquire, attorney for plaintiffs, hereby certify in good faith at this time in my opinion that the sum of damages of all plaintiffs is in excess of $100,000.00, exclusive of costs and interest.

                             **/s/ Adam Hiller**
                             Adam Hiller (DE No. 4105)